IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Juan Ramon Torres, *et al.*, | Complaint – Class Action |
| Plaintiffs, | |
| vs. | Civil Action No. 4:09-cv-2056 |
| SGE Management, LLC, *et al.*, | |
| Defendants. | Jury Demanded |

**JOINT STIPULATION TO EXTEND CASE SCHEDULE DATES**

The parties stipulate and agree, and respectfully ask the Court to order, that the remaining case schedule dates should be extended as set out below for the following reasons:

1. On July 27, 2012, the Court granted the parties' first stipulated request to extend case schedule dates (Dkt. No. 76), setting the discovery cutoff for December 21, 2012, with plaintiffs' expert reports due one month later, on January 21, 2013, and defendants' expert reports due by February 22, 2013. *Id.* The Class Certification Hearing was set for April 9, 2013, and trial for June 3, 2013. *Id.*

2. As discussed in this memorandum, the parties have been diligent in pursuing discovery and in making efforts to informally resolve their differences and to streamline discovery without involving the Court. The defendants are in the process of supplementing their earlier discovery responses by producing more than 100,000 new documents, and the parties acknowledge defendants will need additional time to complete this production, followed by plaintiffs needing time to analyze them before remaining depositions, expert reports, any dispositive motion practice, and possible settlement discussions will be practicable.

3.  This is a unique and complicated case. There are 61 defendants in this matter, some of whom are business entities and some who are individual persons. In an attempt to tailor and streamline discovery, before propounding any written requests, plaintiffs, in mid-February 2012, first deposed (1) Lisa Holliday, the Chief Risk Officer (and member of the Board of Directors) of the primary corporate defendant, Stream Gas & Electric, Ltd. ("Stream"); and (2) Donny Anderson, an individual defendant and a high-ranking "Independent Associate" working in Stream's multi-level marketing subsidiary, Ignite Holdings, Ltd. ("Ignite).

4.  Based on information learned at these depositions, plaintiffs then began to propound multiple sets of written discovery tailored for various defendants and groups of those defendants.

5.  In mid-April 2012, plaintiffs propounded first sets of interrogatories and requests for admission to most defendants, which defendants answered, after a 30-day extension, in mid-June 2012.

6.  On June 12, 2012, plaintiffs propounded multiple first sets of requests for production of documents -- with approximately 104 requests per set to various corporate defendants and sets of approximately 31 requests to most of the individual defendants.

7.  In addition to written answers and objections to plaintiffs' interrogatories, defendants also produced approximately 485 documents (comprising many more pages), in lieu of and/or supplementing their narrative interrogatory responses on or about June 18, 2012. Plaintiffs thereafter propounded additional, smaller sets of interrogatories and requests for production to various other defendants, in part based on information contained in defendants' first document production, on June 28, 2012, and July 9, 2012, respectively.

8.  Defendants have requested various extensions of time to respond to plaintiffs' discovery requests, including producing additional documents responsive to plaintiffs'

earlier discovery requests. Defendants produced objections and responses to plaintiffs' various sets of discovery to various of the 50+ defendants on or about June 18, 2012; July 12, 2012; and August 13, 2012. Defendants eventually produced an additional 2,000-plus responsive documents (comprising many thousands of pages), including voluminous spreadsheets and financial documents, in response to plaintiffs' earlier discovery requests on September 21, 2012.

9. Plaintiffs began analyzing the 2,000-plus documents defendants produced on or about September 21, 2012, which took some time, and the parties thereafter have conferred on more than one occasion over the next 30-plus days on a number of discovery matters including various questions plaintiffs had about the produced documents, the parties' disagreements over defendants' objections to various discovery requests, and plaintiffs' questions as to when defendants would produce the balance of the responsive documents defendants had indicated would be forthcoming. The parties thus far have made efforts amicably to compromise and resolve their discovery disputes where possible and have strived to avoid calling on the Court through motion practice.

10. Defendants report 12 or more attorneys have been working to collect, review, and produce voluminous documents responsive to plaintiffs' discovery requests, not all of which yet have been produced in light of defendants' logistical circumstances and the combined scope of the discovery requests. Defendants advise that many of their responsive documents are stored in proprietary databases and do not lend themselves to quick and easy review and export for production.

11. Most recently, defendants report they diligently have been collecting, reviewing, and soon will produce, approximately 100,000 additional documents (expected to comprise many more pages), followed by at least one, additional, similarly substantial document production, in response to plaintiffs' earlier discovery requests. Defendants do

not expect these productions to be complete for another few weeks.

12. The parties have conferred and discussed defendants' logistical circumstances and plaintiffs' need for time to analyze these voluminous, additional, responsive documents (1) before scheduling and taking depositions and (2) to facilitate meaningful expert reports.

13. Both sides agree that, as it now stands, defendants' forthcoming production -- and plaintiffs' subsequent review – of defendants' remaining 100,000-plus documents, followed by the scheduling and taking of Rule 30(b)(6) and other depositions based on plaintiffs' review of those documents, will not be practicable before the current December 21, 2012, discovery cutoff.  The present discovery circumstances will make scheduling and completing depositions of the key defendants and Rule 30(b)(6) designees especially difficult during the holiday season before the current December 21, 2012, discovery cutoff.

14. The parties also have discussed and acknowledge that, for the same reasons, the parties' January 21, 2012 (plaintiffs), and February 22, 2012 (defendants), deadlines for exchanging expert reports and the class certification hearing (currently scheduled for April 5, 2013) – linked to the discovery cutoff – are similarly impractical as it now stands, given the parties' manifest inability to complete discovery (upon which the expert reports must be based) by the current deadline.

15. This is a complicated case that necessarily entails the gathering and analysis of a large volume of documents and data.  The parties have been working together to limit the need for further written discovery and have tried resolve their disagreements where possible to avoid calling on the Court's time and resources through motion practice. Plaintiffs therefore have granted defendants' requested discovery extensions, defendants have endeavored to informally answer plaintiffs' questions about some of the complex data that is in the process of being produced, and the parties otherwise have worked hard to

communicate to try to narrow the scope of certain requests and to streamline discovery as much as possible going forward.

16.   Discovery soon will be complete, but given the complexity of the case and the volume of information still being produced, the parties agree a short extension is necessary place this case on a footing for possible settlement, or if not, so the Court and jury can resolve the matter on the merits.  Specifically, the parties agree to, and ask the Court to order, the following, slightly revised case schedule:

| Event | Current Deadline (Dkt. No. 76) | Parties' Proposed, New Deadline |
|---|---|---|
| Discovery Completion | Friday, December 21, 2012 | Friday, April 19, 2013 |
| Plaintiffs' Expert Designation and Expert Reports | Monday, January 21, 2013 | Monday, May 20, 2013 |
| Defendants' Expert Designation and Expert Reports | Friday, February 22, 2013 | Friday, June 21, 2013 |
| Class Certification Hearing | Friday, April 5, 2013 | Tuesday, August 13, 2013 |
| Docket Call at _____ a.m. on: | Monday, June 10, 2013 | Monday, October 07, 2013 |

17.   The parties reiterate and reaffirm to the Court they are not seeking this extension as a result of any lack of diligence in discovery, to unduly delay the proceedings, or for any other improper purpose.  On the contrary, the parties have been working hard both to complete discovery and to cooperate and informally resolve their differences to the extent possible without delaying the proceedings or bothering the Court with unnecessary motion practice.  The parties, rather, ask the Court to order this short, additional extension out of manifest necessity and in the best interests of both the parties and the Court given the complexities and unique circumstances of this case.

18. The parties have been working hard to cooperate in discovery and believe this short extension will allow them to complete the process so this case can be resolved as expeditiously as possible.

The parties therefore ask the Court to grant this stipulated motion by signing the attached proposed order slightly extending the existing case schedule so the parties can bring the case to a close.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

*Joint Stipulation to Extend Case Schedule Dates, Page 6.*

Respectfully submitted this 20th day of November 2012.

| CLEARMAN \| PREBEG LLP | GRUBER HURST JOHANSEN HAIL SHANK LLP |
|---|---|
| By: /s/ Scott M. Clearman | /s/ by email permission on November 20, 2012. |
| **SCOTT M. CLEARMAN,** ATTORNEY-IN-CHARGE<br>State Bar No. 04350090<br>Southern District No. 11041<br>**MATTHEW J.M. PREBEG**<br>State Bar No. 00791465<br>Southern District No. 603742<br>**BRENT T. CALDWELL**<br>State Bar No. 24056971<br>Southern District No. 827326<br><br>The Esperson Buildings<br>815 Walker, Suite 1040<br>Houston, Texas 77002<br>Telephone (713) 223-7070<br>Facsimile (713) 223-7071<br><br>And:<br><br>**JEFFREY W. BURNETT PLLC**<br>**Jeffrey West Burnett**<br>State Bar No. 24025274<br>12226 Walraven<br>Huffman, Texas 77336<br>Telephone:   (281) 324-1400<br>Facsimile:   (713) 583-1221<br><br>**ATTORNEYS FOR PLAINTIFFS** | **MICHAEL K. HURST,** ATTORNEY-IN-CHARGE<br>State Bar No. 10316310<br>Southern District No. 567951<br>**JOHN FRANKLIN GUILD**<br>State Bar No. 24041022<br>Southern District No. 574775<br><br>1445 Ross Avenue, Suite 2500<br>Dallas, Texas 75202<br>Telephone (214) 855-6800<br>Facsimile (214) 855-6808<br><br>And:<br><br>**VANESSA RUSH,** GENERAL COUNSEL<br>State Bar No. 24013434<br><br>Stream Gas & Electric, Ltd.<br>Southern District No. 684839<br>1950 Stemmons Fwy., Suite 3000<br>Dallas, Texas 75207<br>Telephone (214) 800-4464<br>Facsimile (214) 560-1354<br><br>**ATTORNEYS FOR DEFENDANTS** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties through their counsel of record, via the Court's electronic filing system on this 20th day of November, 2012.

                                                                         /s/ Brent T. Caldwell
                                                                           Brent T. Caldwell