IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Juan Ramon Torres, *et al.*, | Complaint – Class Action |
| Plaintiffs, | |
| vs. | Civil Action No. 4:09-cv-2056 |
| SGE Management, LLC, *et al.*, | |
| Defendants. | Jury Demanded |

**JOINT PRE-CLASS CERTIFICATION HEARING ORDER**

**1. APPEARANCE OF COUNSEL. [LIST EACH PARTY, ITS COUNSEL, AND COUNSEL'S ADDRESS AND TELEPHONE NUMBER IN SEPARATE PARAGRAPHS.]**

    **1.1 The Plaintiffs**

Juan Ramon Torres and Eugene Robison, and the putative class.

CLEARMAN|PREBEG LLP

Scott M. Clearman
Texas State Bar No. 04350090
Email: sclearman@clearmanprebeg.com
Matthew J.M. Prebeg
Texas State Bar No. 00791465
Email: mprebeg@clearmanprebeg.com
Brent T. Caldwell
Texas State Bar No.: 24056971
Email: bcaldwell@clearmanprebeg.com

The Esperson Buildings
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713) 223-7070
Facsimile: (713) 223-7071

JEFFREY W. BURNETT PLLC

Jeffrey West Burnett
jburnett@burnetthoustonlaw.com

12226 Walraven
Huffman, Texas 77336
Telephone: 281-324-1400

SOMMERS SCHWARTZ, P.C.

Andrew Kochanowski
Andrew Kochanowski
akochanowski@s ommerspc.com
Lisa Rycus Mikalonis
lmikalonis@sommerspc.com
Krista M. Hosmer
khosmer@sommerspc.com
Tiffany R. Ellis
tellis@sommerspc.com

One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300

### 1.2 The Defendants

Plaintiff Robison has sued at least 60 Defendants in this case, including those listed below:

Donny Anderson
Trey Dyer
Steve Fisher
Randy Hedge
Logan Stout
Presley Swagerty
Mark Dean
La Dohn Dean
A.E. "Trey" Dyer, III
Sally Kay Dyer
Diane Fisher
Susan Fisher
Mark Florez
Robert L. Ledbetter
Greg McCord
Heather McCord
Timothy W. Rose

Shannon Rose
Haley Stout
Jeannie E. Swagerty
Terry Yancey
Chris Domhoff
Rob Snyder
Pierre Koshakji
Douglas Witt
Steve Flores
Michael Tacker
Darryl Smith
Dyer Energy, Inc.
Kingdom Brokerage, Inc.
Fisher Energy, LLC
The Randy Hedge Companies Inc.,
Rose Energy Group, Inc.
LHS, Inc.
Property Line Management, LLC
Property Line LP
Swagerty Energy, Ltd.
Swagerty Enterprises, LP
Swagerty Enterprises, Inc.
Swagerty, Inc.
Swagerty Power, Ltd.
Sachse, Inc.
SGE Management, LLC
Stream Gas & Electric, Ltd.
Stream SPE GP, LLC
Stream SPE, Ltd.
Ignite Holdings, Ltd.
SGE Energy Management, Ltd.
SGE IP Holdco, LLC
SGE Georgia Holdco, LLC
SGE Serviceco, LLC
SGE Consultants, LLC
Stream Georgia Gas SPE, LLC
Stream Texas Serviceco, LLC
SGE Ignite GP Holdco, LLC
SGE Texas Holdco, LLC
SGE North America Serviceco, LLC
PointHigh Partners, LP
PointHigh Management Company, LLC

GRUBER HURST JOHANSEN HAIL SHANK LLP
Michael K. Hurst
Attorney-in-charge
mhurst@ghjhlaw.com
State Bar No. 10316310

jguild@ghjhlaw.com
Southern District No. 567951
John Franklin Guild
State Bar No. 24041022
Southern District No. 574775
Stefani S. Eisenstat
seisenstat@ghjhlaw.com
State Bar No. 00788417
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Telephone (214) 855-6800
Facsimile (214) 855-6808

ATTORNEYS FOR DEFENDANTS

Vanessa Rush
Vanessa.rush@streamenergy.net
State Bar No. 24013434
Southern District No. 684839
Stream Gas & Electric, Ltd.
1950 Stemmons Fwy., Suite 3000
Dallas, Texas 75207
Telephone (214) 800-4464
Facsimile (214) 560-1354

ATTORNEY FOR THE DEFENDANTS COLLECTIVELY KNOWN AS STREAM ENERGY

2. **JURISDICTION. [BRIEFLY SPECIFY THE JURISDICTION OF THE SUBJECT MATTER AND THE PARTIES. IF THERE IS AN UNRESOLVED JURISDICTIONAL QUESTION, STATE IT.]**

   2.1 **Personal Jurisdiction and Venue**

   The defendants are subject to the jurisdiction of this Court, and venue is proper in this Court pursuant to 18 U.S.C. § 1965(a), (b) and (c), and 28 U.S.C. §1391(b), and other applicable law.

   No party to this action has contested personal jurisdiction.

   2.2 **Subject Matter Jurisdiction**

   The Court also has jurisdiction over this action under 28 U.S.C. § 1331, as it presents one or more federal questions, and under 28 U.S.C.A. § 1337, because it concerns the regulation of commerce.

   No party to this action has contested the Court's jurisdiction over the subject matter of this controversy.

No party to this action has contested personal jurisdiction.

**3. THE PARTIES' CONTENTIONS. [CONCISELY STATE IN SEPARATE PARAGRAPHS THE CONTENTIONS THAT ARE NECESSARY TO THE CERTIFICATION SOUGHT IN THE CASE. ONLY THOSE CONTENTIONS THAT ARE AN ESSENTIAL BASIS FOR RESOLVING CERTIFICATION IN THIS CASE ARE NECESSARY.]**

**3.1. Robison's Contentions**

**3.1.1 Robison has demonstrated that:**

i. The defendants, jointly and/or severally, violated the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") in one or more of the following ways.

   a. The defendants have, and currently are, engaged in a "pattern of racketeering activity" by knowingly participating in a "scheme and artifice" to defraud in violation of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 & 1343.

   b. The defendants have run and continue to run, and have promoted and continue to promote using the mail and wire (as defined by the statutes and case law), a fraudulent pyramid scheme that is a *per se* violation of RICO.

   c. The defendants also have violated and continue to violate RICO by making numerous, fraudulent misrepresentations in promoting "the Ignite Opportunity" using the mail and wire (as defined by the statutes and case law).

   d. The defendants have conspired in running, and in fraudulently promoting using mail and wire (as defined), the illegal pyramid scheme, violating the RICO Act (including but not limited to 18 U.S.C. §§ 1961(5) and 1962(d)).

ii. These acts injured Robison, like the rest of the proposed class, in his business or property because he, like other class members, reasonably could not and did not recover the money they were induced to pay Ignite.

iii. By reason of the defendants' violation of the RICO Act, Robison and the class is entitled to recover threefold the damages they sustained and the cost of this suit, including a reasonable attorney's fee, pursuant to 18 U.S.C. § 1964 and/or other authority.

iv. Robison and the putative class have met their burden of satisfying all Fed.R.Civ.P. 23 class certification elements.

v. Robison and the putative class of over 200,000 individuals have suffered the same kind of injury to business or property as Robison a result of defendants' actions.

vi. Joinder of all putative class members as individual plaintiffs into a single action would be impracticable, if not impossible.

vii. Robinson's claims are typical of the claims of the putative class, as they arise from the same practices and course of conduct that gives rise to the claims of the other class members, and are based on the same legal theory.

viii. The class claims depend on a common issue of law or fact which resolution will resolve issues that are central to the validity of each one of the class members.

ix. Robison will fairly and adequately represent the interests of the class, his claims are typical of the class, and his interests are fully aligned with those of the class.

x. Robison has retained attorneys that are experienced and skilled in complex class action litigation.

### 3.2 The Defendants' Contentions

i. Robison may not maintain a class action in this case because:

  a. Robison expressly agreed he would not act as a class representative and the putative class members agreed not to be represented in a class.

  b. Plaintiff's Motion for Class Certification fails because the proposed class includes individuals who are subject to binding arbitration.

  c. Plaintiff's Motion for Class Certification fails under Rule 23(a) because Plaintiff Robison's claims are not representative of those of the 236,544 proposed class members, meaning there are not common questions of law or fact, his claim is not typical of the claims of the proposed class members, and he is not an adequate representative of the proposed class. While the vast majority of

Ignite's associates have pursued Ignite's Residential Compensation Plan, Robison testified that he signed up with Ignite to pursue income opportunity under the Commercial Compensation Plan, which provides vastly different economic incentives to Independent Associates. Plaintiffs' counsel nonetheless argues that pyramid scheme liability is based on the relative economic incentives found within a compensation plan, meaning Robison's claim does not present a common question with the vast majority of potential class members who have only elected to prosecute their Ignite business under the Residential Compensation Plan.

    d. Plaintiff's Motion for Class Certification fails under Rule 23(b)(3) because individual questions of causation of any alleged RICO injury and reliance will predominate the claims of 236,544 proposed class members. There is no method by which Plaintiffs can show what injuries were caused by the alleged misrepresentations of any Defendant without individualized proof of reliance. Defendants will be entitled to argue that individual plaintiffs were aware of the nature of the opportunity and the difficulty of earning income and to inquire as to whether specific plaintiffs reviewed the many disclosures made by Stream Energy indicating both that no income was guaranteed to Independent Associates and that the Ignite opportunity required hard work.

    e. Plaintiff's Motion for Class Certification fails under Rule 23(b)(2) because damages clearly predominate and Robison is not entitled to injunctive relief because he cannot demonstrate any risk of future injury to himself.

ii. This Court need only consider the merits to the extent necessary to evaluate each Rule 23 requirement. Nonetheless, Plaintiffs have not and cannot offer evidence supporting the elements of their claims under RICO because:

    a. Defendant Stream Energy operates a legitimate energy business with more than $5 billion of total revenue from energy sales through the end of 2012. Less than 3% of its revenue is derived from fees from Independent Associates.

    b. Plaintiffs cannot identify any fraudulent statement made to them and have no evidence that any alleged fraud caused them any injury;

    c. Plaintiffs have no evidence that Defendants operate an illegal pyramid scheme because Ignite offers no compensation for recruitment unrelated to sales;

    d. Plaintiffs cannot establish the existence of an "enterprise" distinct from the Defendants;

e. Plaintiff Juan Roman Torres lacks standing because he has suffered no injury to his business or property;

f. Most of the Defendants do not participate in the operation or management of any alleged enterprise; and

g. There is no evidence of any alleged agreement relating to an alleged violation of the RICO statute.

**4. EXHIBITS. [LIST ALL EXHIBITS EXPECTED TO BE OFFERED AT THE CERTIFICATION HEARING, EXCEPT FOR REBUTTAL EXHIBITS, AND IDENTIFY THE EXHIBIT BY BATES NUMBER PRODUCED IN THIS CASE, OR BY DEPOSITION EXHIBIT NUMBER. ALL EXHIBITS MUST BE MADE AVAILABLE FOR EXAMINATION BY OPPOSING COUNSEL.]**

**4.1 The Plaintiffs' Exhibit List.**

*See* Plaintiff's Class Certification Exhibit List here at **Attachment "A."** Plaintiff also reserves the right to use any exhibits the defendants may introduce.

**4.2 The Defendants' Exhibit List**

Defendants object to Plaintiff's proposed list of exhibits because it obscures what evidence Robison actually intends to offer during the hearing by identifying more than 400 separate documents, some of which are lengthy video or audio files, for a single hearing. Defendants contend that Plaintiff's list of exhibits defeats the purpose of Court's Order [Dkt. No. 116] and deprives the Defendants of any meaningful opportunity to prepare for the hearing. Because Plaintiffs refuse to identify what evidence they actually intend to offer at the hearing, it is impossible to predict what evidence Defendants may need to offer in response.

Defendants contend that exhibits should be limited to those offered in support or response to Plaintiff's Motion for Class Certification because the Court ordered that such evidence be filed according to a briefing schedule. [Dkt. No. 116] Defendants further contend that evidence should be limited to materials specifically referenced and discussed in Plaintiff's Motion for Class Certification rather than allowing Plaintiff to surprise Defendants with undisclosed, heavily edited excerpts from the tens of thousands of pages of documents and hours of audio and video files filed with the Court without any specific reference to the contents of those documents in Plaintiff's Motion for Class Certification.

Defendants designate the Exhibits to their Response to Class Certification [Dkt. No. 129], which include the following:

    1    Snyder Affidavit

a) Audited Financial Statements 2006 and 2005
						b) Audited Financial Statements 2007 and 2006
						c) Audited Financial Statements 2008
						d) Audited Financial Statements 2009 and 2008
						e) Audited Financial Statements 2010 and 2009
						f) Audited Financial Statements 2011 and 2010
						g) Audited Financial Statements 2012 and 2011
				2. Coughlan Report
				3. Domhoff Affidavit
				4. Smith Affidavit
						a) Commercial Compensation Plan
						b) Residential Compensation Plan
						c) List of Promotions
						d) Policies and Procedures
						e) Independent Associate Application and Agreement
						f) Click Agreement
						g) Income Disclosures
				5. Torres Records
				6. Torres Deposition
				7. Robison Deposition
				8. Carmona Report
				9. Supplemental Smith Affidavit
						a) Policies and Procedures
				10. Carmona Deposition
				11. Taylor Deposition
				12. Rebuttal Expert Report of Anne T. Coughlan
		b. Defendants also reserve the right to use any exhibits designated or used by Plaintiff.

**5. WITNESSES. [LIST ALL WITNESSES WHO MAY BE CALLED, SEPARATELY IDENTIFYING THOSE WITNESSES WHOM THE PARTY EXPECTS TO PRESENT AND THOSE WHOM THE PARTY MAY CALL IF THE NEED ARISES.]**

   **5.1 The Plaintiff's List of Witnesses Expected to be called**

   a. Robert Snyder
   b. Doug Witt
   c. Presley Swagerty
   d. Paul H. Taylor

   Plaintiffs also reserve the right to cross-examine any witnesses called by Defendants.

   If time permits these witnesses to testify, Plaintiff intends to call them live. If Defendants refuse to bring the three Defendant witnesses Mr. Snyder, Mr. Witt,

and Mr. Swagerty to the hearing for live examination, then Plaintiff will be forced to present their testimony by video, if at all.

### 5.2 The Plaintiff's List of Additional Witnesses that May be Called

a. Juan Ramon Torres
b. Logan Stout
c. Anne Coughlan
d. Joseph Mariano
e. Miles McKellar
f. Desiree McKellar
g. Brian Lucia
h. Donny Anderson
i. Darryl Smith
j. Steve Flores
k. Lisa Holliday
l. Eugene Robison
m. Christopher Domhoff
n. Michael Tacker
o. Steve Fisher
p. Paul Carmona
q. Randy Hedge
r. Defendants' Rule 30(b)(6) designees (Pfannenstiel, Hornbaker, and Darryl Smith)

### 5.3 The Defendants' List of Additional Witnesses Expected to be Called

Defendants contend that listed witness should be limited to those who will testify live at the hearing and that any deposition testimony offered as evidence in support of or response to the Motion for Class Certification was required to have been filed according to the Court's briefing schedule. [Dkt. No. 116] Defendants contend that such deposition evidence should further be limited to that specifically cited by the parties in their briefs filed with the Court according to the Court's briefing schedule because of the Plaintiffs tactical decision to file complete deposition transcripts without citing or referring to the vast majority of the thousands of pages of testimony filed with the Court. Plaintiffs have not indicated which of their listed witnesses will testify live or identified which of the thousands of pages of deposition testimony they intend to offer as evidence during the hearing, which Defendants contend defeats the purpose of Court's Order [Dkt. No. 116] and deprives the Defendants of any meaningful opportunity to prepare for the hearing.

Defendants contend that because Plaintiffs refuse to identify what evidence they intend to offer at the hearing, it is impossible to predict what testimony Defendants may need to offer in response. If the Court decides to use the hearing to receive deposition

evidence, Defendants anticipate it will be necessary to offer evidence from same depositions offered by Plaintiffs.

At this time, Defendants intend to call the following witnesses to testify at the hearing:

    a. Anne T. Coughlan, Ph.D.
    b. Paul H. Taylor
    c. Paul Carmona

### 5.4 The Defendants' List of Witnesses that May be Called

    a. Darryl Smith

## 6. CERTIFICATION HEARING. [STATE PROBABLE LENGTH OF THE CERTIFICATION HEARING AND LOGISTICAL PROBLEMS, INCLUDING AVAILABILITY OF WITNESSES, OUT-OF-STATE PEOPLE, BULKY EXHIBITS, AND DEMONSTRATIONS.]

### 6.1 The Plaintiffs' Statement

Plaintiffs anticipated the certification hearing would require 8 hours for their presentation. However, Plaintiffs will adapt their presentation to the time allotted by the Court. If time allows, Plaintiffs will offer the live testimony of from one to four witnesses. If Defendants will not bring the Defendant witnesses to the hearing for live testimony, then Plaintiffs will require audio-video equipment for that purpose, and for the purpose of making their argument to the Court. Plaintiffs do not otherwise anticipate logistical problems.

### 6.2 The Defendants' Statement

Defendants anticipate the certification hearing will require 2 to 4 hours. Defendants do not see the benefit to the Court of receiving hours deposition evidence during the hearing when such evidence, if relied on in support or opposition to the Motion, was required to be filed and cited according to the Court's briefing schedule. [Dkt. No. 116] The Court can evaluate deposition evidence without consuming its own time to allow Plaintiff to also present it live. Defendants will use a power point presentation requiring video equipment for that purpose. Defendants do not otherwise anticipate logistical problems.

///

///

///

DATED this ___ Day of October, 2013.

_____
THE HONORABLE KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

APPROVED:

| | |
|---|---|
| Dated: October 23, 2013 | Dated: October 23, 2013 |
| /s/ Scott M. Clearman | /s/ Michael K. Hurst |
| Scott M. Clearman | Michael K. Hurst |
| Texas State Bar No. 04350090 | Texas State Bar No. 10316310 |
| Email: sclearman@clearmanprebeg.com | Email: mhurst@ghjhlaw.com |
| | |
| CLEARMAN\|PREBEG LLP | GRUBER HURST JOHANSEN & HAIL LLP |
| The Esperson Buildings | 2500 Fountain Place |
| 815 Walker, Suite 1040 | 1445 Ross Avenue |
| Houston, Texas 77002 | Dallas, Texas 75202 |
| Telephone: (713) 223-7070 | Telephone: (214) 855-6800 |
| Facsimile: (713) 223-7071 | Facsimile: (214) 855-6808 |
| ***Attorney-in-Charge for Plaintiff*** | ***Attorney-in-Charge for Defendants*** |