IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Juan Ramon Torres and Eugene Robison,   Civil Action No. 4:09-cv-2056

  Plaintiffs,        Jury Demanded

vs.

SGE Management, LLC; Stream Gas &
Electric, Ltd.; Stream SPE GP, et al,

  Defendants.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS'**
**<u>ARBITRATION AFFIRMATIVE DEFENSE</u>**

Through the meet and confer process, defendants finally revealed to plaintiffs that their late-asserted affirmative defense of arbitration was not confined to the narrow group of putative class members defendants defined for the Court in their request for leave to late-file the defense, or that same narrow group defined by the Court in its January 13, 2014, class certification order [Dkt. No. 169].   Instead, defendants admitted their true intention was to assert the defense against *all* putative class member once they identified an "intervening change in the law" concerning the applicability of arbitration clauses.   To date, defendants have not identified this "intervening change in the law" to either the Court or to plaintiffs.

Although the Court implicitly ruled on the plaintiffs' motion to strike the defendants' overly broad arbitration affirmative defense in the Court's class certification order (by narrowing the scope of that defense as the plaintiffs alternatively had requested) the defendants nevertheless persist in opposing the plaintiffs' motion, mischaracterizing both the motion as well as the parties' "meet and confer" discussions before plaintiffs were forced to file it.   The plaintiffs therefore feel compelled to file this Reply to correct the defendants' misstatements on this issue.

Plaintiffs' motion pointed out an obvious and glaring discrepancy between the narrow arbitration affirmative defense the defendants claimed, in their motion for leave, they planned to file, and the broad, potentially class-dispositive, scope of the arbitration affirmative defense they actually filed once the Court granted them leave.   The plaintiffs' motion thus plainly was not "really just a collateral attack of the Court's prior order" granting the defendants' motion for leave to file an arbitration affirmative defense, as defendants claim,[1] but was unfortunately necessary to alert the Court to the defendants' intentions and correct the defendants' misrepresentations to the plaintiffs and the Court.

Defendants unfortunately have not been "clear both to the Court and to counsel for the

---

[1] *See* Defendants' Response [Dkt. No. 170] at 1, last paragraph.

Plaintiffs that the reach of their arbitration defense…reaches only those IAs who joined Ignite after April 2, 2011," as they claim.[2]  While they told the Court this would be the case in their motion for leave to add their grossly late arbitration affirmative defense, once the Court granted leave, the arbitration affirmative defense the defendants actually filed was not limited as they promised, but instead clearly reads to allow the defense to apply as to the entire class the plaintiffs sought to certify.  There is no mention, in the arbitration defense the defendants actually filed, of any qualification for "subsequent changes in law," to which the defendants obliquely refer in their Response, but to which they insisted the plaintiffs agree, in the parties' meet and confer discussions on the motion to strike, before the defendants would agree to voluntarily revise their arbitration affirmative defense to the narrower definition indicated in their motion for leave to amend.[3]

As the evidence shows, it is solely the defendants, not the plaintiffs, who "test the bounds of their duty of candor to the Court," as they now outrageously claim of the plaintiffs.[4]  The defendants claim, in their Response, that they graciously "offered in writing to file a binding stipulation expressly addressing the Plaintiffs' purported concerns,"[5] when the plaintiffs contacted them as part of the "meet and confer" obligation before filing the motion.

The defendants fail to make clear, however, that when plaintiffs' counsel asked them to remove any ambiguity by simply revising their arbitration defense to cover only the post-April 2, 2011, IAs (as the defendants had represented to the Court, in their motion for leave to amend, they would do), the defendants refused.[6]  Rather than simply correct the manifestly vague and

---

[2] *Id.* [Dkt. No. 170] at 2, first paragraph.
[3] *See* the defendants' submitted arbitration affirmative defense in Defendants' December 13, 2013, First Amended Answer and Affirmative Defenses [Dkt. No. 165] at 65.
[4] *See* the defendants' Response [Dkt. No. 170] at 5, first full paragraph.
[5] *Id.* [Dkt. No. 170] at 5, last sentence of the first full paragraph.
[6] *See* the Declaration of Matthew J.M. Prebeg in support of this Reply at 1-2, Exs. 1-3.

overreaching arbitration affirmative defense they filed, in direct contravention of what they represented to the Court in their motion for leave to amend, defendants insisted the plaintiffs instead enter into broader, joint stipulation.[7]

In exchange for correcting their overly broad arbitration affirmative defense, defendants asked the plaintiffs to stipulate that, among other things, the defendants' later amendment of their IA agreement containing an arbitration clause would "bar[] litigation in this forum of unnamed putative class members identified in the Plaintiffs' proposed class definition, as has already been briefed by the parties."[8]

To the defendants' insistence on such stipulation, plaintiffs' counsel replied by email suggesting the following:

> John,
>
> This is Defendants' affirmative defense so the Plaintiffs don't need to stipulate to it. The cleanest and least ambiguous solution is for the Defendants to amend their answer or file a stipulation indicating:
>
> "Defendants' affirmative defense of arbitration applies only to those Independent Associates that first enrolled with Ignite after its March 3, 2011 amendment to its agreement with Independent Associates became effective."
>
> Defendants briefing to the Court indicated only a small portion of putative class members would be affected by the arbitration defense. As worded below, Plaintiffs do not know if Defendants intend to take a position that IAs that enrolled before March of 2011 somehow re-enrolled after March of 2011, and thereby are subject to the arbitration defense. That would be inconsistent with Defendants' representations to the Court so we believe it is best to be unambiguous. Since the deadline to file our motion to strike today, please let us know if the Defendants will file this today.

---

[7] *Id.* at 1-2, Exs. 1-3.
[8] *Id.*, Ex. 1 at 1 (last sentence on that page); *see also* the Declaration of John Guild in Support of the Defendants' Response [Dkt. No. 170-1] at 2, ¶ 3.

Matt[9]

The defendants' counsel, however, again refused, still insisting on a broader stipulation preserving the arbitration clause's ability to apply to a broader class, potentially including the class defined by the Court, should there be "an intervening change in the law (i.e., affecting the Fifth Circuit's earlier finding that the defendants' arbitration clause was illusory under Texas law).  Defense counsel stated in his email reply to the above request that the defendants simply revise their arbitration clause to what they represented to the court they would file:

Matt,

Our concern is entering a stipulation that suggests we agree that the arbitration agreement that was originally considered by the trial court and the court of appeals was not enforceable. Obviously the Defendants disagree with the Court of Appeals decision and the Defendants have already taken the necessary steps to reserve that issue by litigating it up to the Fifth Circuit. The Defendants should be able to reargue their original arguments if there is an intervening change in the law.

The following stipulation by the Defendants should address both sides' concerns:

"Defendants previously asserted that the named Plaintiffs' claims were subject to an arbitration agreement in Defendants' Motion to Dismiss for Improper Venue, For Failure to State a Claim and for Failure to Plead Fraud with Particularity. [Doc. No. 24] The District Court granted the Motion to Dismiss, finding that the named Plaintiffs' claims were subject to binding arbitration in its Memorandum Opinion and Order. [Doc. No. 36] The Court of Appeals reversed the District Court, holding that the named Plaintiffs' claims were not subject to binding arbitration because the agreement to arbitrate was illusory. *Torres v. S.G.E. Mgmt. L.L.C.*, 397 Fed. Appx. 63 (5th Cir. 2010).

Although Defendants do not agree with the Court of Appeals' holding, the Defendants stipulate that the Court of Appeals' decision is the law of this case.  Defendants further stipulate that under the holding of the Court of Appeals, absent an intervening change in the law, Defendants' affirmative defense of arbitration applies only to those Independent

---

[9] Prebeg Decl., Ex. 2 at 1.

> Associates that first enrolled with Ignite after its March 3, 2011 amendment to its agreement with Independent Associates became effective."[10]

The plaintiffs could not agree to these concessions the defendants demanded (before they would revise their arbitration affirmative defense to conform with what they represented to the Court, in their motion for leave, they planned to file). Plaintiffs' counsel pointed out, in an emailed response, that the defendants' above-proposed stipulation still did not recognize the limited class application the defendants earlier had represented to the Court in case of any intervening change in law (which defendants never previously had disclosed or even argued). Plaintiffs' counsel also noted that, even if one were to consider "intervening changes in law" (which plaintiffs believe to be speculative and inappropriate here), the defendants' above-proposed stipulation would nullify the plaintiffs' objection that the defendants waived any arbitration affirmative defense by failing to timely raise it in their answer and affirmative defenses:

> John,
>
> The Plaintiffs objected to Defendants' adding the arbitration defense on the grounds that it was not timely raised. Defendants asked the Court for permission to add this defense, representing that it could only affect a small portion of the putative class. Defendants' proposed stipulation does not respect this limitation in the event of some change in the law, which has not been disclosed to us by Defendants. Plaintiffs cannot agree to this.
>
> Matt[11]

Because the defendants insisted the plaintiffs waive various arguments and bind themselves to the defendants' legal positions in the stipulations the defendants demanded, and because the defendants would not agree to simply revise the wording of their arbitration

---

[10] Prebeg Decl., Ex. 3 (highlighting added).
[11] *Id.*, Ex. 4.

affirmative defense to the post-April 2, 2011, IAs to which they initially claimed the defense would be limited, the plaintiffs' "meet and confer" attempts failed, forcing the plaintiffs to file their motion to strike.

The Court, however, subsequently resolved the issue implicitly as part of its January 13, 2014, class certification order by limiting the class definition to include only those IAs who joined Stream/Ignite before April 2, 2011.[12]  The defendants nevertheless, two weeks later, filed a Response to the plaintiffs' motion to strike, misrepresenting the nature of their unreasonable position during the plaintiffs' attempts to avoid the motion to strike during their "meet and confer" overtures to the defendants.

As it presently stands, though, despite the Court having limited the plaintiff class to pre-April 2, 2011, IAs in its January 13, 2014, class certification order, the arbitration affirmative defense the defendants have filed arguably remains unlimited and unlinked to the class as defined in the Court's certification order.  The plaintiffs ask the Court to grant their motion, if only to order the defendants to revise their answer and affirmative defenses to make clear the arbitration affirmative defense relates solely to the narrower class definition the Court certified.

///

///

///

///

///

///

///

---

[12] [Dkt. No. 169.]

Respectfully submitted,

By: /s/ Brent Caldwell _____

CLEARMAN|PREBEG LLP

Matthew J.M. Prebeg (Attorney-in-Charge)
Texas State Bar No. 00791465
Southern District Bar No. 603742
Email: mprebeg@clearmanprebeg.com
Scott M. Clearman
Texas State Bar No. 04350090
Southern District Bar No. 11041
Email: sclearman@clearmanprebeg.com
Brent T. Caldwell
Texas State Bar No.: 24056971
Southern District Bar No. 827326
Email: bcaldwell@clearmanprebeg.com

The Esperson Buildings
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713) 223-7070
Facsimile: (713) 223-7071

-AND-

SOMMERS SCHWARTZ, P.C.

Andrew Kochanowski
akochanowski@sommerspc.com
Lisa Rycus Mikalonis
lmikalonis@sommerspc.com
Krista M. Hosmer
khosmer@sommerspc.com
Tiffany R. Ellis
tellis@sommerspc.com
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (248) 936-2140

-AND-

JEFFREY W. BURNETT PLLC

Jeffrey West Burnett
jburnett@burnetthoustonlaw.com

12226 Walraven
Huffman, TX 77336
Telephone: (281) 324-1400
Facsimile: (713) 583-1221

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014 the foregoing document was served upon all

counsel of record through the Court's CM/ECF system, including to the following:

Michael K. Hurst
John Guild
Gruber Hurst Johansen & Hail LLP
2500 Fountain Place
1445 Ross Avenue
Dallas, TX 75205
mhurst@ghjhlaw.com
jguild@ghjhlaw.com

James Ho
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 110
Dallas, TX 75201-6912
jho@gibsondunn.com

Vanessa Jean Rush
Stream Gas and Electric, Ltd.
1950 N. Stemmons Fwy, Ste. 3000
Dallas, TX 75207
vanessa.rush@streamenergy.net

/s/ Brent Caldwell
Brent Caldwell