# EXHIBIT 1

Case 4:09-cv-02056 Document 226-1 Filed in TXSD on 10/18/17 Page 2 of 5

Beale v. EdgeMark Financial Corp., Not Reported in F.Supp. (1995)
1995 WL 631840

1995 WL 631840
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

Joseph S. BEALE, on behalf of himself and all others who sold, relinquished rights in or were deprived of ownership of shares of EdgeMark Financial Corporation common stock on or after April 1, 1993 and on or before November 1, 1993, Plaintiff,
v.
EDGEMARK FINANCIAL CORPORATION, Roger A. Anderson, and Charles A. Bruning, Defendants.

No. 94 C 1890.
|
Oct. 23, 1995.

**Attorneys and Law Firms**

Reuben L. Hedlund, Edward F. McCormack, Edwin L. Durham, Charles A. Tausche, Hedlund, Hanley & John, Chicago, IL, for Plaintiff.

Paul E. Freehling, Victoria Perette Pappas, D'Ancona & Pflaum, Chicago, IL, Daniel R. Gravelyn, Warner, Norgross & Tudd, Grand Rapids, MI, for Defendants.

*MEMORANDUM OPINION AND ORDER*

ASHMAN, United States Magistrate Judge.

*1 Two motions are currently before this Court: Defendants', EdgeMark Financial Corporation, Roger A. Anderson and Charles A. Bruning ("Defendants"), Motion to Dismiss First Amended Class Action Complaint, and Defendants' Motion to Defer Sending Notice to the Class.

I. *Background*

On July 15, 1994, Beale filed a two-count first amended class action complaint against EdgeMark Financial Corporation, Roger A. Anderson and Charles A. Bruning ("Defendants") on behalf of himself and a class defined as "all persons who sold, relinquished rights in or were deprived of ownership of shares of EdgeMark common stock on or after April 1, 1993 and on or before November 1, 1993." In Count I, Beale alleges that Defendants violated the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) ("the Act") when they schemed to withhold material information related to the sale of Edgemark stock. In Count II, Beale alleges the same facts under a theory of equitable fraud.

Beale subsequently moved for class certification, Defendants objected and filed the instant Motion to Dismiss on August 5, 1994. Judge Wayne Andersen postponed briefing and ruling on the Motion to Dismiss pending a decision on the class certification issue. On August 1, 1995, Judge Andersen adopted this Court's Report and Recommendation and granted Beale's motion for class certification under FED. R. CIV. P. 23(b)(3). Briefing on the Motion to Dismiss and Motion to Defer Sending Notice was completed on September 19, 1995, and oral argument was held on October 5, 1995.

II. *Discussion*

The Court will address the issue of notification first. Defendants urge the Court to defer sending notice to the class pending resolution of the motion to dismiss. Beale counters that since a class has been certified it must be notified prior to a ruling on this potentially dispositive motion to dismiss.

FED. R. CIV. P. 23(c)(2) provides:

(c) * * *

(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

The Supreme Court has held that "the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class members who are

Case 4:09-cv-02056 Document 226-1 Filed in TXSD on 10/18/17 Page 3 of 5

Beale v. EdgeMark Financial Corp., Not Reported in F.Supp. (1995)
1995 WL 631840

identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173, 94 S. Ct. 2140, 2150 (1974). Indeed, members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out before a court can exercise jurisdiction over those class members. *Smith v. Shawnee Library System,* 60 F.3d 317, 321 (7th Cir. 1995), citing *Eisen,* 417 U.S. at 173, 94 S. Ct. at 2150, and *Gert v. Elgin Nat. Industries, Inc.,* 773 F.2d 154, 159 (7th Cir. 1985). However, while Rule 23(c)(2) mandates that notice be sent, it fails to specify when such notice must issue, thus leaving the question to the sound discretion of the Court. *R & D Business Systems v. Xerox Corp.,* 150 F.R.D. 87, 91 (E.D. Tex. 1993). In making this determination courts have considered the following factors.

**\*2** First, the main consideration on the timing of notice is whether any delay would prejudice the absentee class members. *R & D Business,* 150 F.R.D. at 91, citing 7B WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE 2d, § 1788 at p. 224. In this regard, notice clearly must be sent long before the merits of the case are adjudicated (*Gert,* 773 F.2d at 159), and generally should be sent as soon as possible after certification of the class. *See* FRANKEL, SOME PRELIMINARY OBSERVATIONS CONCERNING CIVIL RULE 23, 43 F.R.D. 39, 40-41 (1967) ("it seems obvious that if notice is to be effective - if class members are to have a meaningful opportunity to request exclusion, appear in the action or object to the representation, etc. - the invitation must go out as promptly as the circumstances will permit."); 7B WRIGHT, MILLER & KANE, § 1788 at p. 223. The underlying concern is that absentee class members have a full and meaningful opportunity to intervene to protect their rights or to opt out. 7B WRIGHT, MILLER & KANE, § 1786 at p. 197.

The Court must also consider whether any party will suffer harm from the issuance of notice. 7B WRIGHT, MILLER & KANE, § 1786 at p. 198. When early notice may adversely affect one party and delay would not prejudice the other, courts generally choose to delay notice. *R & D Business,* 150 F.R.D. at 91; *Wooten v. County of Hamilton,* 94 F.R.D. 176, 177 (S.D. Ohio 1982). Furthermore, where notice to the class

> "may carry with it an almost inescapable connotation of wrongdoing ... it becomes readily apparent that to require that notice to the class always precede consideration of the merits would be to unfairly weight the mechanism of Rule 23 to the advantage of plaintiffs by increasing the settlement value of any suit filed as a class action, no matter how meritless the action may eventually be found to be."

*Haas v. Pittsburg Nat. Bank,* 281 F. Supp. 801, 806 (W.D. Pa. 1984) (wherein class members were customers of defendant bank); *see also Katz v. Carte Blanche Corp.,* 496 F.2d 747, 757 (3d Cir. 1974) (class members held accounts with defendant credit card company which foresaw the possibility that those with account debts would withhold payment and endanger the stability of the company upon notice of the action).

Defendants present two arguments in favor of their motion to delay notice. First, Defendants propose to waive any *res judicata* effect of a favorable ruling on their pending motion to dismiss as to any absent class members. Second, they argue that notice should be delayed because, while a delay will not prejudice the class, Defendants allege that they will suffer harm if notice issues prior to a ruling on the motion to dismiss. The Court will consider each argument in turn.

A. Waiver

Defendants suggest that, by waiving the *res judicata* effect of a favorable ruling on their motion to dismiss, they eliminate the need to notify class members. Thus, they argue, the class members can only win - if the Complaint is sustained - and cannot lose if the Complaint is stricken. The Court finds Defendants' argument unpersuasive for the following reasons.

**\*3** First, Defendants' waiver argument mischaracterizes the full intent of Rule 23(c)(2). This Court finds that Defendants' position regarding the right to waive Rule 23(c)(2) notice necessarily implies that Defendants must be the only intended beneficiaries of the notice requirement in the first place. A complete reading of Rule 23 reveals that Defendants' position is untenable.

In 1966, the Supreme Court rewrote Rule 23 with the express purpose of ending the so-called "one-way intervention" prevalent under the old rule. Rule 23 was

Beale v. EdgeMark Financial Corp., Not Reported in F.Supp. (1995)
1995 WL 631840

Case 4:09-cv-02056 Document 226-1 Filed in TXSD on 10/18/17 Page 4 of 5

amended with the assumption that only parties to a lawsuit could take advantage of a favorable judgment. To that end, Rule 23(c)(1) and Rule 23(c)(2) were designed to operate in tandem to force class members to choose the binding effect of the judgment in advance of a decision on the merits. Complementing these rules, Rule 23(c)(3) requires the judgment in a Rule 23(b)(3) class action to define all members of the class. Therefore, under Rule 23, members of a certified class "were to be treated as full-fledged parties to the case, with full advantage of the favorable judgment and the full detriments of an unfavorable judgment." *Premier Elec. Const. Co. v. N.E.C.A., Inc.,* 814 F.2d 358, 362 (7th Cir. 1987).

Rule 23(c)(2) ensures that class members are "full-fledged parties" through its mandatory notice and disclosure requirements which serve to "advise all class members of their rights and privileges under the close supervision of the courts." *Sanders v. Nuveen,* 463 F.2d 1075, 1085 (7th Cir. 1972). In other words, the notice mandated by Rule 23(c)(2) fulfills fundamental and essential due process concerns. *Besinga v. U.S.,* 923 F.2d 133, 136 (9th Cir. 1991). Recently, the Seventh Circuit reaffirmed the importance of Rule 23(c)(2) when it held that Rule 23(b)(3) class members must receive reasonable notice and the opportunity to opt out as an "absolute requirement for a court to exercise jurisdiction over the class members." *Smith,* 60 F.3d at 321.

Clearly, Rule 23(c)(2) provides class members with certain benefits, among them are: Notice of the existence of the suit, disclosure of the right to opt out, disclosure of the right to participate in the action, and disclosure of the right to challenge the sufficiency of the plaintiff class representation. The right to file an appearance, granted by the rule, is meaningless unless it also includes a right of participation to some extent. These due process concerns insure a fairly litigated action which preserves the validity of any subsequent judgment. These due process concerns and benefits directly inure to the advantage of class action plaintiffs and cannot be waived by a class action defendant.

Second, Defendants' waiver argument is misplaced because it relies on distinguishable caselaw. The cases relied upon by Defendants involved circumstances where either the certification issue was entirely deferred until after resolution of summary judgment motions on liability, [1] or where certification had been determined but neither party sought to notify the class prior to resolution of the liability issue on summary judgment. [2] By contrast, in this case a class has been certified and Plaintiff seeks to complete the certification process by notifying the class members prior to resolution of Defendants' motion to dismiss.

*\*4* Third, Defendants' waiver argument fails to address the issue of notice under Rule 23(c)(2). Absent proper notice under Rule 23(c)(2), no Rule 23(b)(3) class member can be bound to any judgment against the class representative because the Court simply lacks jurisdiction over the unnotified class members. *Gert,* 773 F.2d at 159-169; *In re Bally Mfg. Securities Litigation,* 144 F.R.D. 78, 82 (N.D. Ill. 1992); *see also Smith,* 60 F.3d at 321. Defendants' offer to waive *res judicata* effect of a favorable ruling on its motion to dismiss and to permit the enforcement of an unfavorable ruling against them by the class ignores the simple fact that without notice the Court has no jurisdiction over the class and without jurisdiction, the Court may not be able to enforce Defendants' waiver. *Res judicata* bars relitigation of the same cause of action between the same parties. However, without notice the class is not a party to the litigation and to allow Defendants to permit an unfavorable ruling on their motion to dismiss to be enforced as *res judicata* by the class would effectively grant Defendants the right to determine jurisdiction. Rule 23(c)(2) has been interpreted universally to convey jurisdiction over the class only upon notice, the timing of which remains in the discretion of the court -- not the class action defendant.

B. Discretion of the Court

The issue of the timing of notice entails consideration of two major intertwined factors: Whether delay will prejudice absentee class members and whether issuance of notice will cause defendant any harm. 7B WRIGHT, MILLER & KANE, §§ 1786, 1788; *see also R & D Business,* 150 F.R.D. at 91. Defendants argue that the circumstances of this case favor deferral of notice because they allege that Plaintiffs will suffer no prejudice and that they, in fact, will suffer harm if notice is issued prior to a ruling on the pending motion to dismiss.

Having found that Rule 23(c)(2) provides benefits that inure to the class (*i.e.,* disclosure of the right to opt out or to enter an appearance) the Court now finds that the failure to notify class members would unduly prejudice

**Beale v. EdgeMark Financial Corp., Not Reported in F.Supp. (1995)**
Case 4:09-cv-02056   Document 226-1   Filed in TXSD on 10/18/17   Page 5 of 5
1995 WL 631840

this class which is comprised mainly of small "mom and pop" investors. In light of Defendants' assertion that, if successful on the motion to dismiss, it will move to decertify the class, it would be possible that these class members might never know of the existence of this suit.

This potential prejudice to absentee class members must be weighed against Defendants' alleged harm. The Court finds no compelling testimony or argument which would support a conclusion that Defendants will suffer harm by early notice. Initially Defendants present a cost issue -- that sending notice before and after the motion to dismiss would be twice as expensive. However, Defendants provide no evidence that notice would be financially overwhelming especially in view of the fact, undisputed, that the market in Defendants' shares was thin. Furthermore, in light of *Eisen,* wherein the Supreme Court held that the expense of notifying class members rests with the plaintiff, and considering Plaintiff's counsel's indication that his client was able and willing to absorb the costs, this concern over cost is untenable.

**\*5** Defendants argue that judicial efficiency will be undermined by early notice. The Court finds that the interests of fairness and judicial efficiency do not support a deferral of notice to the already certified class. It is ironic that after exhaustively arguing against class certification, Defendants now assert that notice to that class protects Defendants and can be waived by them. Having lost its battle against class certification, Defendants seek, by delaying notice, to cancel the effect of the class certification. They should not be allowed to do so under these circumstances.

Just as class action defendants may have an interest in avoiding multiple suits, so too, the Court has a powerful interest in judicial economy. Since the Court has already spent several months deciding the issue of certification, it would be a waste of judicial resources to have certified the class only to then exercise jurisdiction simply over one class member, absent compelling cost issues or dramatic harm to either party. In other words, once we throw a party, all the guests should be invited.

Finally, Defendants' counsel contended at oral argument that the potential for harassment following notice is sufficient harm to support deferral. Once again, Defendants provide no real evidence or argument as to the extent of their alleged harassment. Even if Defendants were to receive some contact from irate former shareholders, there is nothing to support a finding that such "harassment" would rise to the level of disruption as evidenced in *Katz* wherein the defendant feared the "possibly catastrophic effect" of account debtor/class members withholding payment upon notice of the class action suit. *Katz,* 496 F.2d at 759.

### III. *Conclusion*

For the foregoing reasons, this Court orders Plaintiff provide notice to the certified class prior to a ruling on the Motion to Dismiss. The parties shall confer as to the most efficient manner of providing notice.

**All Citations**

Not Reported in F.Supp., 1995 WL 631840

### Footnotes

1   See *Wright v. Schock,* 742 F.2d 541 (9th Cir. 1984) ("under the proper circumstances - where it is more practicable to do so and where the parties will not suffer significant harm - the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."); *Ahne v. Allis-Chalmers Corp.,* 102 F.R.D. 147 (E.D. Wis. 1984) ("the resolution of the class certification issue should await the parties cross-motions for summary judgment.").

2   See *Eovaldi v. First Nat'l Bank of Chicago,* 71 F.R.D. 334 (N.D. Ill. 1976), *rev'd on other grounds,* 596 F.2d 188 (7th Cir. 1979) (both parties sought resolution of liability issue after certification but prior to notification of the class); *Postow v. OBA Fed. Sav. & Loan Ass'n,* 627 F.2d 1370 (D.C. Cir. 1980) (considering the complicated sequence of events, trial court did not abuse its discretion regarding the timing of class certification where both parties sought summary judgment on liability).