# EXHIBIT 3

Case 4:09-cv-02056 Document 226-3 Filed in TXSD on 10/18/17 Page 2 of 5
Brown v. Wal-Mart Stores, Inc., Not Reported in F.Supp.2d (2012)
2012 WL 5818300

2012 WL 5818300
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

Nisha BROWN and Kathy Williamson,
individually and on behalf of all
others similarly situated, Plaintiffs,
v.
WAL–MART STORES, INC., and
Does 1–50, inclusive, Defendant.

No. 5:09–CV–03339–EJD.
|
Nov. 15, 2012.

**Attorneys and Law Firms**

Charles Aubrey Jones, Kevin J. McInerney, McInerney & Jones, Reno, NV, James F. Clapp, Zachariah Paul Dostart, Dostart Clapp & Coveney, LLP, San Diego, CA, Matthew Righetti, Righetti Glugoski, P.C., San Francisco, CA, for Plaintiffs.

Catherine A. Conway, Jesse A. Cripps, Jr., Theodore J. Boutrous, Jr., Gibson, Dunn & Crutcher LLP, Los Angeles, CA, Rachel S. Brass, Gibson Dunn & Crutcher LLP, San Francisco, CA, Amber Jene Sayle, Brian Lee Duffy, Naomi Beer, Greenberg Traurig LLP, Denver, CO, James Milton Nelson, Greenberg Traurig LLP, Sacramento, CA, for Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S MOTION TO FACILITATE CLASS NOTICE AS MOOT**

EDWARD J. DAVILA, District Judge.

*1 Plaintiffs Nisha Brown and Kathy Williamson bring this case on behalf of themselves and all others similarly situated against Defendant Wal–Mart Stores, Inc. ("Defendant") and Does 1–50, under the California Private Attorney General Act of 2004 ("PAGA") (Cal. Labor Code § 2689, et seq.) alleging violations of California's suitable seating laws. The complaint alleges that Defendant has failed to provide stools at its cash registers in violation of Wage Order 7–2001, § 14 and California Labor Code § 1198. Presently before the court are Defendant's Motion to Stay the case pending resolution of its Rule 23(f) petition and, if granted, its appeal to the Ninth Circuit, and Plaintiff's Motion to Facilitate Class Notice. For the reasons set forth below, the court GRANTS Defendant's motion, and DENIES Plaintiff's motion as moot.

**I. BACKGROUND**

On August 24, 2012, this court certified a class of current and former Wal–Mart cashiers to pursue a claim for violation of Wage Order 7–2001 Section 14 against Defendant, and appointed Kathy Williamson ("Plaintiff") as the class representative. Order Granting Class Certification, Dkt. No. 110. In certifying the class, this court rejected Defendant's argument that the discretion afforded the court by Section 14 in awarding damages should defeat class certification because it was clear that Defendant's liability could be determined by facts common to all members of the class. *Id.* at 12:12–21. To address Defendant's concern, this court noted that "the issue of damages can be resolved after the common issue of liability is resolved." *Id.* at 12:21–22. In so ruling, this court cited to, *inter alia,* two cases which approved the use of statistical sampling to determine damages: *Hilao v. Estate of Marcos,* 103 F.3d 767, 782 (9th Cir.1996) and *Garvey v. Kmart Corp.,* No. 11–CV–02575, 2012 WL 2945473, at *4 (N.D.Cal. July 18, 2012).

Defendant has filed a Rule 23(f) petition with the Ninth Circuit seeking permission to appeal this court's class certification. Particularly, Defendant asks the Ninth Circuit to consider whether this court

> erred in certifying a class of Wal–Mart employees seeking penalties under the California Private Attorney General Act, notwithstanding the statutory requirement that such penalties be assessed on an employee-by-employee basis, by relying on a statistical sampling approach to replace the requisite individualized inquiries with a class-wide penalty determination.

Defendant then filed the instant motion to stay proceedings in this court until resolution of its Rule 23(f) petition.

## II. LEGAL STANDARDS

A petition for permission to appeal a class certification "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed.R.Civ.P. 23(f). To prevail on its motion to stay, Defendant must show that (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Plaintiff; and (4) the stay is in the public interest. Leiva–Perez v. Holder, 640 F.3d 962, 964–70 (9th Cir.2011); Gray v. Golden Gate Nat'l Recreational Area, No. 08–CV–00722, 2011 WL 6934433 at *2 (N.D.Cal. Dec. 29, 2011) (applying this four-factor test to a motion to stay pending the resolution of a Rule 23(f) petition).

 *2  The Ninth Circuit has held that these four factors should be examined on a flexible "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for preliminary injunctions. Leiva–Perez, 640 F.3d at 964–66. Under this approach, "the elements ... are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. at 964.

## III. DISCUSSION

### a. LIKELIHOOD OF SUCCESS ON THE MERITS

The first prong of the stay analysis requires the court to determine whether Defendant has demonstrated a likelihood of success on the merits. See Leiva–Perez, 640 F.3d at 966. On a motion to stay pending the resolution of a Rule 23(f) petition, the movant need not demonstrate that it is more likely than not that it will win on the merits. Id. Instead "serious legal questions" raised in the petition can satisfy this first prong. Id. at 967–68. When relying on "serious legal questions," the movant must not only show that a serious legal question exists, but also that the hardship balance tips sharply towards the movant. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir.2011); see Leiva–Perez, 640 F.3d at 966 (applying the "serious questions" approach to a stay).

Defendant first argues that the fact that appellate courts have not considered California's suitable seating law or the propriety of certifying suitable seating classes under Rule 23 is in and of itself sufficient to raise a "serious legal question." A Rule 23(f) petition that presents an unsettled question of law constitutes a "serious legal question" sufficient to satisfy this first prong of the stay analysis. Gray, 2011 WL 6934433 at *2. Plaintiff does not dispute that Defendant's Rule 23(f) petition presents a case of first impression to the Ninth Circuit. This fact alone could support a finding that the first factor weighs in favor of a stay.

Defendant also contends that the effect of the Supreme Court's ruling in Wal–Mart Stores v. Dukes, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), constitutes a "serious legal question" because the district courts have split as to the use of statistical sampling. The Court in Dukes held that in order to gain class certification, class members' claims "must depend upon a common contention ... that is capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 2551. The Court also found that statistical sampling à la Hilao could not be used as a substitute for determining back-pay owed to individual employees under Title VII, and that consequently, class certification under Federal Rule of Civil Procedure 23(b)(2) was not possible in that case. Id. at 2561. Under Dukes, Defendant argues, a class cannot be certified when a statutory scheme provides for individualized consideration of damages or penalties.

 *3  In the year and a half following the Dukes decision, the district courts of the Ninth Circuit have split on the issue of utilizing statistical sampling. In Cruz v. Dollar Tree Stores, Inc., a court in this district decertified a class based in part on the Supreme Court's ruling in Dukes regarding statistical sampling. Nos. 07–CV–2050 and 07–CV–4012, 2011 WL 2682967, at *6 (N .D. Cal. July 8, 2011). Additionally courts in both the Central District and the Southern District of California have rejected statistical sampling. See Pryor v. Aerotek Scientific, LLC, 278 F.R.D. 516, 536 (C.D.Cal.2011) (finding that even if statistical sampling were permitted, it would not be useful in determining liability); Stone v. Advance Am., 278 F.R.D. 562, 566 n. 1 (S.D.Cal.2011) (acknowledging in dicta that "the Supreme Court's disapproval of the Hilao method largely eliminates a 'trial by formula' approach to use statistics to extrapolate average damages for an entire class, at least when the statute contains an individualized defense"). During the same period, both this court in this action and another court in this district have certified

**Brown v. Wal-Mart Stores, Inc., Not Reported in F.Supp.2d (2012)**
2012 WL 5818300
Case 4:09-cv-02056 Document 226-3 Filed in TXSD on 10/18/17 Page 4 of 5

classes where liability can be proven by facts common to all class members, and in doing so suggested that statistical sampling may potentially be used to address damages. *See Garvey,* 2012 WL 2945473 at *5 (citing, *inter alia, Hilao* to support its certification of a suitable-seating class because while individualized damages may need to be proven, the defendant's liability could be resolved by facts common to all class members).

Plaintiff disputes Defendant's contention that a split in district court authority exists. Because several of the cases cited above fail to address whether statistical sampling can be used to address the issue of penalties in a case brought under PAGA § 2699 based on an alleged violation of Wage Order § 14(a), Plaintiff argues, the district courts have not truly split. While the cases mentioned above have not precisely addressed the use of statistical sampling in the context of PAGA or California's suitable seating law, they certainly suggest a disagreement as to the appropriateness of statistical sampling in class actions post-*Dukes.* The question Defendant raises in its Rule 23(f) petition is therefore not "clear cut," and guidance from the Ninth Circuit would "materially advance the ultimate termination of this litigation." *Antonelli v. Finish Line, Inc.,* No. 5:11–CV–03874, 2012 WL 2499930, at *2 (N.D.Cal. June 27, 2012); *see Richards v. Ernst & Young LLP,* No. 08–CV–04988, 2012 WL 92738, at *2 (N.D.Cal. Jan. 11, 2012).

Because the Ninth Circuit has not considered the propriety of certifying a class under California's suitable seating laws, and because the district courts have varied in their application of *Dukes,* the court finds that Defendant has presented a "serious legal question" in its Rule 23(f) petition and the first factor thus weighs in favor of a stay.

### b. BALANCE OF HARDSHIPS

***4** The second and third prongs of the stay analysis require the court to consider, respectively, the likelihood of irreparable harm to the Defendant if the court denies a stay, and injury to other parties should the court grant a stay. In cases such as this where the movant relies on a "serious legal question" to satisfy the first prong of the stay analysis, the movant must show that the balance of harm tips sharply in its favor. *Alliance for the Wild Rockies,* 632 F.3d at 1132 (9th Cir.2011). Therefore the court will consider the second and third prongs together.

Defendant argues that if this court denies a stay, it will be irreparably harmed by a premature dissemination of class notice and by considerable litigation costs and fees. The class notice issue will be discussed below. Courts evaluate whether litigation expenses constitute irreparable harm based on the specific circumstances of each case. *See Richards,* 2012 WL 92738 at *3. The certified class in this case is estimated to encompass over 22,000 individuals. The sheer size of the class makes it likely that Defendant will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending. Moreover, the Ninth Circuit may alter or overturn this court's class certification, which would render some or all of the discovery previously conducted irrelevant. Forcing Defendant to incur potentially substantial fees and engage in discovery that may ultimately be unnecessary constitutes at least some harm to Defendant.

Plaintiff contends that she would be injured by a stay because Defendant may continue to violate the suitable seating law during the stay period and because it would delay her from recovering penalties. That Defendant may perpetrate a continuing violation during the stay period does not constitute prejudice to Plaintiff in this case. Plaintiff's complaint seeks penalties and fees, but does not seek an injunction requiring Defendant to provide seats or otherwise comply with the suitable seating law. As such, this suit is not so much aimed at preventing continuing or future violations as it is at collecting damages for past harms. The potential delay in Plaintiff's ability to recover penalties also does not constitute a substantial injury. Plaintiff has not demonstrated that time is of the essence in collecting these penalties. Any penalties owed to Plaintiff and the class members will continue to accrue during the stay. Should Plaintiff ultimately prevail, she and the class members will be able to recover any penalties due to them under the statute. Therefore, Plaintiff and the putative class members do not stand to suffer substantial injury should this court issue a stay.

Though the putative class members do not stand to be substantially injured by a stay, they do face a likelihood of harm should a stay not issue. First, the parties risk generating confusion among class members. Plaintiff seeks to disseminate class notice in the near future. Should the Ninth Circuit take Defendant's appeal, there is a likelihood that the court will have to modify or decertify the class after class notice has issued. Such a result

would require the issuance of a second curative notice to the class, perhaps many months or more after the initial class notice was disseminated. Considering the class in this case is estimated to exceed 22,000 individuals, a curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether. Second, class members' privacy interests are implicated. Plaintiff has already requested that Defendant produce contact information and social security numbers for all putative class members. Pl. Mot. to Facilitate Class Notice at 7, Dkt. 115. Disclosing this sensitive personal information before resolution of Defendant's Rule 23(f) petition and possible appeal unnecessarily risks the intrusion of individuals' privacy who may not ultimately belong to the class, if any class remains.

**\*5** Having considered the hardship to the Defendant, the lack of substantial injury to the Plaintiff, and the potential harm to class members, the court finds that the balance of hardships tips sharply toward a stay in this action.

### c. PUBLIC INTEREST

Plaintiff argues that "the public interest lies in the robust enforcement of the requirements of California's Wage Orders." While the public certainly has an interest in enforcing California's health and safety regulations, it also has an interest in the efficient use of judicial resources. A stay in this case will not prevent the "robust enforcement" of the suitable seating law. Rather, it will help to ensure the "proper resolution of the important issues raised in this case" by preventing potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question raised by Defendant's Rule 23(f) petition. *See Gray,* 2011 WL 6934433 at \*3. The court finds that the public interest weighs in favor of a stay.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for a stay of this case.

This action is STAYED in its entirety pending resolution of Defendant's Rule 23(f) petition, and if the petition is granted, Defendant's Ninth Circuit appeal.

The parties shall provide notice to the court within one week of any disposition of Defendant's Rule 23(f) petition.

If the petition is granted, the parties shall also provide notice to the court within one week of any disposition of Defendant's Ninth Circuit appeal.

Plaintiff's Motion to Facilitate Class Notice is DENIED as moot.

The Clerk shall ADMINISTRATIVELY CLOSE this matter.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5818300

---

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.