# EXHIBIT 4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Brooke Cardoza et al.,

    Plaintiffs

v.

Bloomin' Brands, Inc., et al.,

    Defendants

Case No. 2:13-cv-01820-JAD-NJK

**Order Temporarily Staying Class Notice Process**

On October 24, 2014, the court granted conditional class certification of this multi-state class action by Outback Steakhouse Restaurant employees who allege their employer refused to pay wages for required off-the-clock work, overtime, and minimum required wages to many thousands of minimum-wage employees, violating the Fair Labor Standards Act (FLSA) and various state employment laws.[1] In the conditional certification order, the court also approved the form of the notice and consent-to-join form and gave defendants 60 days to provide plaintiffs' counsel with all names and addresses of the putative class members.[2]

On December 12, 2014, defendants advised the court of the Ninth Circuit's November 12, 2014, opinion in *Landers v. Quality Communications, Inc.*, which addressed "an issue of first impression in this circuit": "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" post-*Twombly* and *Iqbal*.[3] Defendants now move the court to dismiss the claims, decertify the class, and stay the notice process in the meantime while the parties complete their briefing on impact of the *Landers* decision—if any—on this case.[4]

---

[1] Doc. 151.

[2] *Id*.

[3] *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014).

[4] Docs. 167-169.

Page 1 of 2

APPX.0013

1  Plaintiffs' response to the pending motions is not due until December 29, 2014, and defendants'
2  obligation to turn over the class members' names and addresses ripens on December 26, 2014.
3        The court has broad discretion in managing its docket.[5] In exercising that discretion, the
4  court is guided by the goals of securing the just, speedy and inexpensive resolution of actions. *See*
5  Fed. R. Civ. P. 1. Having undertaken a preliminary review of the *Landers* decision, the court finds
6  that it is in the best interests of all parties and judicial economy to resolve the pending 12(c) and
7  decertification motions before the notice process begins and the parties incur the tremendous related
8  expense. And, although the court is mindful that the timing of these requests otherwise suggests a
9  motive of delay, the reality is that the Ninth Circuit issued its *Landers* decision after conditional
10 certification was granted.
11       Accordingly, good cause appearing, IT IS HEREBY ORDERED that the motion to stay the
12 notice process **[Doc. 168] is GRANTED. Defendants' obligation to turn over the class-member-**
13 **contact information and plaintiff counsel's obligations to prepare and serve the notice as**
14 **identified in Order #151 are hereby stayed until further notice.** However, defendants are
15 strongly cautioned that they should continue preparing the class-member-contact information, which
16 they should have nearly ready now. If and/or when the court lifts this stay, the defendants will have
17 just one week to provide plaintiffs' counsel with the contact information.
18       **The parties shall appear for oral argument on the motion for judgment on the**
19 **pleadings and motion for decertification [Docs. 167, 169] at 10:30 a.m. on Monday, February 9,**
20 **2015.**
21       DATED December 19, 2014.

                                                           _____
                                                           Jennifer A. Dorsey
                                                           United States District Judge

---

[5] *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

APPX.0014