# EXHIBIT 7

# Manual for Complex Litigation, Fourth

Federal Judicial Center 2004

APPX.0024

expenses that would ordinarily be deducted from the award to the class before fees are calculated. Many courts use the lodestar method as a cross-check on the reasonableness of the fee awarded under a percentage-of-fund approach. See section 14.122.

If no applicant would provide adequate representation, the judge may refuse to certify the class. If the class appears otherwise certifiable, however, refusal to certify solely on a finding of inadequate representation is very problematic. One alternative is to allow a reasonable time period for other attorneys to seek appointment.

### 21.273 Procedures for Appointment

If only one lawyer seeks appointment as class counsel, or if the parties agree who should be class counsel or lead class counsel, the application is generally submitted as part of the certification motion. If competing applications are likely, a reasonable period after commencement of the action should be allowed for attorneys to file class counsel applications. Competing applications are likely where more than one class action has been filed or other attorneys have filed individual actions on behalf of members of the proposed class. To facilitate comparison among applications, consider ordering applicants to follow a common format designed to elicit information about the court's appointment criterion. Any order of appointment should include a statement of the reasons for the appointment. Section 10.2 considers appointment of liaison counsel and committees of counsel in complex class action cases or cases resulting from the consolidation of different classes or subclasses.

### 21.28 Interlocutory Appeals of Certification Decisions

Rule 23(f) provides that a court of appeals may permit parties to appeal a district court order granting or denying class certification if application to the court of appeals is made within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or court of appeals so orders. Whether to grant an interlocutory appeal lies within the discretion of the court of appeals. The reported opinions produce a rough consensus[865] that interlocutory review should not be granted unless one or

---

865. *See* Prado-Steiman *ex rel.* Prado v. Bush, 221 F.3d 1266 (11th Cir. 2000); Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288 (1st Cir. 2000); Blair v. Equifax Check Servs., Inc., 181 F.3d 832 (7th Cir. 1999); *but cf.* Isaacs v. Sprint Corp., 261 F.3d 679 (7th Cir. 2001). Other courts, however, have indicated a more expansive standard for granting interlocutory appeals. *See, e.g.*, *Isaacs*, 261 F.3d at 681 (expressing doubt that creating an exhaustive list of factors to

*Class Actions* § 21.28

more of the following factors are evident: (1) the certification order represents the death knell of the litigation for either the plaintiffs (who may not be able to proceed without certification) or defendant (who may be compelled to settle after certification); (2) the certification decision shows a substantial weakness, amounting to an abuse of discretion; or (3) an interlocutory appeal will resolve an unsettled legal issue that is central to the case and intrinsically important to other cases but is otherwise likely to escape review.[866]

Rule 23(f) differs from other interlocutory review provisions in that it does not call for the district judge to recommend whether the appellate court accept the interlocutory appeal. Rule 23(f) also does not automatically impose a stay, either during the pendency of the petition or during any appeal that the court of appeals permits.[867] A party seeking a stay should file an application in the trial court in the first instance.[868] Interlocutory appeals can disrupt and delay the litigation without necessarily changing the outcome of what are often familiar and almost routine issues.[869] Granting a stay depends, in the language of one early decision applying the amended rule, on "a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the cost of waiting."[870] In deciding whether to enter a stay, the effect of the certification decision on the statute of limitations is a consideration.[871] A stay of an order denying certifica-

---

consider in deciding whether to allow an interlocutory appeal would be desirable); Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 165 (3d Cir. 2001) (an "erroneous ruling" by the trial court or "'any consideration that the court of appeals finds persuasive'" justifies granting an interlocutory appeal (quoting Fed. R. Civ. P. 23(f) committee note (1998 amendment))).

866. *Prado-Steiman*, 221 F.3d at 1274–75. The court also indicated that the pretrial posture of the case, the state of the record, and future events, such as an impending settlement or bankruptcy, could have a substantial impact on the decision of whether to allow an interlocutory appeal. *Id.* at 1276.

867. Fed. R. Civ. P. 23(f) committee note ("Permission to appeal does not stay trial court proceedings.").

868. *Newton*, 259 F.3d at 165.

869. Fed. R. Civ. P. 23(f) committee note (referring to FJC Empirical Study of Class Actions, *supra* note 769); *see also In re* Sumitomo Copper Litig., 262 F.3d 134, 140 (2d Cir. 2001) (noting that "parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court"); *Newton*, 259 F.3d at 165; *Prado-Steiman*, 221 F.3d at 1272 (citing Fed. R. Civ. P. 23(f) committee note).

870. *Blair*, 181 F.3d at 835 (noting that "Rule 23(f) is drafted to avoid delay"); *see also In re Sumitomo*, 262 F.3d at 140 (holding that "a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay").

871. *See* Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., No. 98 CV 1492, 2000 U.S. Dist. LEXIS 13910 (E.D.N.Y. Sept. 26, 2000); *see also In re* Silicone Gel Breast Implant Prods. Liab. Litig., MDL No. 926, 1994 WL 114580, at *4, *7 (N.D. Ala. Apr. 1, 1994) (extending

APPX.0026

tion may continue to toll the statute of limitations and thereby discourage the filing of individual cases that might otherwise follow denial of class certification, particularly where the stakes for an individual are large enough to support litigation.[872] In general, a court considering whether to grant a stay pending interlocutory appeal should consider possible prejudice to the parties that may arise from delaying the proceedings. If the appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination.[873] The ten-day rule for filing appeals is applied strictly.[874]

## 21.3 Postcertification Communications with Class Members

.31 Notices from the Court to the Class 285
   .311 Certification Notice  287
   .312 Settlement Notice  293
   .313 Other Court Notices  296
.32 Communications from Class Members  298
   .321 Class Members' Right to Elect Exclusion  298
   .322 Communications Relating to Damage or Benefit Claims  299
   .323 Other Communications from Class Members  299
.33 Communications Among Parties, Counsel, and Class Members  300

Communication by the court and counsel with the class is a major concern in the management of class actions. It is important to develop appropriate means for providing information to, and obtaining information from, class

---

indefinitely the time for opting out of a provisionally certified class action and stating that the pendency of that action would toll the statute of limitations for members of that class). Ordinarily, the tolling effect of a proposed class action ceases when a court denies class certification. Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1378 (11th Cir. 1998).

872. *Nat'l Asbestos Workers*, 2000 U.S. Dist. LEXIS 13910, at *8. *See also Armstrong*, 138 F.3d at 1380, 1389–90 (a pre-Rule 23(f) decision in which appellants did not seek to certify an interlocutory appeal under 28 U.S.C. § 1292(b); stating test for tolling as whether it is reasonable for members of the proposed class to rely on the possibility of reconsideration, or reversal through an interlocutory appeal, and holding that it was not reasonable in that case).

873. *See* Ramirez v. DeCoster, 203 F.R.D. 30, 40 (D. Me. 2001) (ordering a fairness hearing if no Rule 23(f) appeal filed, staying proceedings if appeal filed).

874. *See, e.g.*, Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958–59 (7th Cir. 2000) (denying inexcusably late Rule 23(f) petition to appeal and rebuffing attempt to treat such a petition as an interlocutory appeal under 28 U.S.C. § 1292(b)); Gary v. Sheahan, 188 F.3d 891, 893 (7th Cir. 1999) (ruling that to extend the ten-day rule, a motion for reconsideration must be filed within ten days of the certification decision).

**APPX.0027**