# EXHIBIT 8

Case 4:09-cv-02056 Document 226-8 Filed in TXSD on 10/18/17 Page 2 of 4
Gray v. Golden Gate Nat. Recreational Area, Not Reported in F.Supp.2d (2011)
2011 WL 6934433

2011 WL 6934433
Only the Westlaw citation is currently available.
United States District Court,
N.D. California.

Lori GRAY, et al., Plaintiffs,
v.
GOLDEN GATE NATIONAL
RECREATIONAL AREA, et al., Defendants.

No. C 08–00722 EDL.
|
Dec. 29, 2011.

**Attorneys and Law Firms**

Laurence Wayne Paradis, Elizabeth Rauh Leonard, Ronald Lee Elsberry, Sidney M. Wolinsky, Stuart John Seaborn, Disability Rights Advocates, Berkeley, CA, for Plaintiffs.

Bonnie Prober, Heather Renee Phillips, Jennifer Beth Kaplan, Jonathan Gordon Cooper, Joshua Wilkenfeld, Nicholas Patrick Cartier, U.S. Department of Justice, Brian G. Kennedy, Washington, DC, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR STAY PENDING APPEAL

ELIZABETH D. LAPORTE, United States Magistrate Judge.

**1* By order dated August 30, 2011, the Court granted Plaintiffs' motion for class certification. After granting Defendants' request for leave to file a motion for reconsideration, the Court denied the motion for reconsideration by order dated November 15, 2011. On November 29, 2011, Defendants filed a petition to the Ninth Circuit seeking interlocutory appeal of the Class Certification Order pursuant to FRCP 23(f). Defendants also filed the instant motion to stay proceedings in this matter pending the Ninth Circuit's decision on Defendants' petition and, if the petition is granted, pending the outcome of that appeal. The parties appeared through counsel at the hearing on Defendants' motion on December 16, 2011, and the matter is fully briefed. For the reasons set forth below and stated at the hearing, the motion to stay is GRANTED.

Pursuant to Federal Rule of Appellate Procedure 8, this Court retains jurisdiction to stay its own order pending appeal. In order to prevail on the motion to stay, Defendants must show that (1) they are likely to succeed on the merits of the appeal; (2) they will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Plaintiffs; and (4) where the public interest lies. *See Leiva–Perez v. Holder,* 640 F.3d 962, 964–70 (9th Cir.2011) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). The parties agree that this four-factor balancing test applies to a motion to stay pending appeal. Mot. at 5–6; Opp. at 3.

1. Likelihood of Success

To satisfy the likelihood of success factor, Defendants need not demonstrate that it is more likely than not that they will succeed on the merits. *Leiva–Perez,* 640 F.3d at 966. "In order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Id.* at 967. The Ninth Circuit has recognized that this showing is satisfied by a showing of "reasonable probability" or "fair prospect;" "a substantial case on the merits;" or that "serious legal questions are raised." *Id.* at 967–68.

Looking to the likelihood of success on the merits, the Court must consider both the likelihood that the Ninth Circuit will grant Defendants' Rule 23(f) petition, and the likelihood that the Ninth Circuit will agree with Defendants on the substantive merits. *See Johnson v. Geico Cas. Co.,* 269 F.R.D. 406, 412 (D.Del.2010); *In re Lorazepam & Clorazepate Antitrust Litigation,* 208 F.R.D. 1 (D.D.C.2002) (granting motion to stay pending appeal of order certifying class where defendants raised unresolved issue of standing). Defendants' petition for interlocutory appeal presents an unsettled question of law as to application of *Wal–Mart Stores v. Dukes,* ––– U.S. ––––, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), to non-Title VII actions, particularly disability access class actions, increasing the likelihood that the Court of Appeals will grant discretionary appellate review pursuant to Defendants' FRCP 23(f) petition. *See Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir.2001) ("By granting review now, we can consider whether these cases correctly understood the applicable principles"). With respect to the likelihood that the Ninth Circuit will agree with Defendants on the substantive issues raised on interlocutory appeal, the Court recognizes that the

appellate court could reverse this Court's rulings on novel issues raised by the motion for class certification.

**\*2** Plaintiffs respond to Defendants' argument by citing the manifest error standard of review to argue that Defendants have a substantial burden to prevail on appeal, making success unlikely. Plaintiffs do not, however, address Defendants' argument that issues presenting unsettled questions of law present serious legal questions so as to demonstrate sufficient likelihood of success on a motion to stay. Plaintiffs do not appear to dispute that the issues raised in Defendants' Rule 23(f) petition are matters of first impression in this circuit. Following other courts in this district that have held that a showing that "serious legal questions" have been raised on appeal will satisfy the requirement of likelihood of success on the merits, the Court determines that Defendants have made a sufficient showing of the likelihood of success. See *Hunt v. Check Recovery Systems, Inc.,* 2008 WL 2468473 (N.D.Cal. June 17, 2008); *Pokorny v. Quixtar Inc.,* 2008 WL 1787111 (N.D.Cal. April 17, 2008). Cf. *Johnson,* 269 F.R.D. at 412 (staying class discovery but denying motion to stay all proceedings pending appeal of order certifying class where issues on appeal "do not so much represent novel legal questions as they do disagreements with the determinations the Court made").

2. Irreparable Harm

Defendants argue that a favorable ruling by the Ninth Circuit on their appeal from the class certification order would substantially reduce the scope of challenges to barriers at issue in this litigation. Although Defendants concede that Plaintiffs would have standing to sue GGNRA for the alleged barriers they have encountered or are likely to encounter under *Chapman v. Pier 1 Imports,* 631 F.3d 939 (9th Cir.2011) (en banc), Defendants argue that under *Chapman,* each plaintiff would only have standing to challenge unencountered barriers that are in the same facility as barriers that have already been encountered. *Id.* at 953 ("The threat of repeated injury in the future is 'real and immediate' so long as the encountered barriers either deter him from returning or continue to exist at a place of public accommodation to which he intends to return.") (citing *Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1047 (9th Cir.2008)). Thus, if the class were decertified, the barriers at issue in this litigation would be limited to those barriers related to the individual plaintiffs' disabilities at the GGNRA facilities that the named Plaintiffs have visited, which would exclude about a dozen GGNRA sites that are subject to the class claims. Reply at 5.

Plaintiffs respond that if the class were decertified, they would seek leave to amend the complaint further to add all the identified class members as additional Plaintiffs. At the hearing on the motion to stay, Plaintiffs cited a district court opinion from another circuit, *Bacon v. City of Richmond,* 386 F.Supp.2d 700 (E.D.Va.2005), to support their contention that they would have standing to pursue individual claims challenging barriers that they have not previously encountered, so that the underlying merits of the claims would not be impacted by any adverse ruling on class certification on appeal. In *Bacon,* the district court held that the plaintiffs had standing to obtain city-wide relief with respect to all facilities within the school district because "[e]ach Plaintiff has expressed a well-founded interest in attending events at facilities other than the four schools mentioned in the Complaint ." 386 F.Supp.2d at 705–06. Plaintiffs do not cite any Ninth Circuit authority to support their argument that the scope of claims would not be impacted by decertification. First, *Bacon* is not constrained by Ninth Circuit law and is factually distinct in that the *Bacon* court found that students prospectively attending school district-wide functions, such as athletic competitions, at different schools than their own had sufficiently established a "well-founded interest" in attending events at other schools. At this juncture, Plaintiffs have not demonstrated a similar interest. Second, as Defendants point out, Plaintiffs argued in support of class certification that the comprehensive relief sought by the class could not be obtained without certification unless " 'thousands of disabled park visitors filed individual actions.' " Doc. no. 127 at 2 (quoting Pls' Reply ISO Mot. Class Cert. at 15). It is apparent that the scope of relief would be affected if the class were to be decertified or otherwise limited in scope on appeal. At this juncture, the possibility of additional plaintiffs filing and relating numerous individual claims does not outweigh the substantial harm to Defendants that would be caused by continuing to litigate challenges to alleged barriers that may not remain actionable here.

**\*3** Defendants have shown that they would suffer substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification, resulting in substantial time and resources being spent on the litigation, particularly expert discovery, dispositive motions and trial preparation

on class claims. Although monetary losses incurred in litigation are generally not considered irreparable harm, "[i]f defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless." *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette,* 716 F.Supp. 307, 310 (W.D.Tenn.1989).

3. Injury to Plaintiffs

Plaintiffs contend that they will be substantially injured by further delay in these proceedings, because the stay will cause even further delay in being heard on the merits. Plaintiffs argue that even if the Ninth Circuit's ruling results in decertifying the class, Plaintiffs would proceed with their individual claims. As Defendants point out, however, the scope of the claims would be reduced if this litigation were not permitted to proceed as a class action.

Defendants contend that Rule 23(f) appeals are expected to be resolved quickly, so that any delay in these proceedings would be relatively brief. Doc. no. 115 at 14. Defendants further note that Plaintiffs stipulated to a stay of litigation for nearly two years to facilitate settlement efforts (stipulation filed 8/11/2008; stay lifted 8/6/2010) and a stay of expert discovery deadlines pending the *Wal–Mart* decision and the Court's ruling on their motion for class certification. Also, fact discovery has already concluded, so only expert discovery would be delayed pending appeal. Cf. *Johnson,* 269 F.R.D. at 413 ("the best course is to stay discovery on class membership only, but to permit the case to proceed in all other respects, including merits discovery"). Even if the class certification issue is decided adversely to Plaintiffs on appeal, Plaintiffs would be able to proceed directly to the merits of their individual claims.

4. Public Interest

The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal. *Hunt,* 2008 WL 2468473, *5 (citing *C.B.S.,* 716 F.Supp. at 310 (a court should not waste its resources on matters which did not belong before it in the first place)).

CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to stay all proceedings pending interlocutory appeal.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 6934433

End of Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.