# EXHIBIT 11

2006 WL 3021126
Only the Westlaw citation is currently available.
United States District Court,
D. Kansas.

In re URETHANE ANTITRUST LITIGATION.
This Order Relates to the Polyester Polyol Cases.

No. 04–MD–1616–JWL.
|
Oct. 23, 2006.

**Attorneys and Law Firms**

George A. Hanson, Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO, Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS, Roy Morrow Bell, Jason S. Hartley, Timothy P. Irving, Ross, Dixon & Bell, LLP, San Diego, CA, Steven A. Kanner, Douglas A. Millen, William H. London, Much Shelist Freed Denenberg Ament & Rubenstein PC, Gary Specks, Kaplan Fox, Mary Jane Edelstein Fait, Wolf Haldenstein Adler Freeman & Herz LLP, Chicago, IL, Susan G. Kupfer, Glancy Binkow & Goldberg LLP, Eric B. Fastiff, Joseph R. Saveri, Michele Chickerell Jackson, Lieff, Cabraser, Heimann & Berstein, LLP, Cadio Zirpoli, Geoffrey C. Rushing, Guido Saveri, Richard Alexander Saveri, Saveri & Saveri, Inc., Craig C. Corbitt, Francis O. Scarpulla, Judith A. Shimm, Zelle, Hofmann, Voelbel, Mason & Gette, LLP, Joseph M. Patane, Law Office of Joseph M. Patane, Mario Nunzio Alioto, Trump Alioto Trump & Prescott LLP, Ronald D. Foreman, Foreman & Brasso, Diana K. Kim, Joseph M. Barton, Steven O. Sidener, Paul F. Bennett, Gold, Bennett, Cera & Sidener, LLP, Michael P. Lehmann, Thomas Patrick Dove, Alex C. Turan, Frederick P. Furth, Julio Ramos, The Furth Firm LLP, San Francisco, CA, W. Joseph Bruckner, Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Daniel E. Gustafson, Jason S. Kilene, Gustafson Gluek PLLC, Minneapolis, MN, Joshua H. Grabar, Anthony J. Bolognese, Bolognese & Associates, LLC, Steven J. Greenfogel, Meredith, Cohen Greenfogel & Skirnick, P.C., David H. Weinstein, Steven A. Asher, Weinstein Kitchenoff & Asher LLC, Howard J. Sedran, Levin, Fishbein, Sedran & Berman, Andrew B. Sacks, John K. Weston, Sacks & Weston, LLC, Ira Neil Richards, Trujillo Rodriguez & Richards LLC, Allen D. Black, Gerard A. Dever, Roberta D. Liebenberg, Fine, Kaplan and Black, RPC, Stewart L. Cohen, William D. Marvin, Cohen, Placitella & Roth PC, Philadelphia, PA, Marc H. Edelson, Hoffman & Edelson, Doylestown, PA, Myroslaw Smorodsky, Law Offices of Myroslaw Smorodsky, Rutherford, NY, Daniel R. Karon, Weinstein Kitchenoff Scarlato Karon Goldman, Cleveland, OH, Jason A. Zweig, Richard J. Kilsheimer, Robert N. Kaplan, Kaplan Fox & Kilsheimer, LLP, Fred Taylor Isquith, Wolf Haldensteinadler Freeman & Herz LLP, New York, NY, William J. Pinilis, Pinilis Halpern, LLP, Morristown, NJ, Angela K. Drake, Lowther Johnson, Attorneys at Law, LLC, Springfield, MO, Peter D. St. Phillip, Jr., Lowey, Dannenberg, Bemporad & Selinger, PC, White Plains, NY, James Belford Brown, Herum Crabtree Brown, Stockton, CA, James V. Demera, III, Mullen Sullivan & Newton, LLP, Lodi, CA, Clinton P. Walker, Roger M. Schrimp, Damrell, Nelson, Schrimp, Pallios, Pache, Modesto, CA, Lionel Z. Glancy, Michael M. Goldberg, Peter A. Binkow, Glancy Binkow & Goldberg LLP, Los Angeles, CA, Anne White, White & Goldstein, LLC, Ann D. White, Ann D. White Law Offices, PC, Jenkintown, PA, Dianne M. Nast, Michael G. Nast, Rodanast, P.C., Lancaster, PA, Krishna Narine, Schiffrin & Barroway LLC, Radnor, PA, Donna Siegel Moffa, Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, John J. McGrath, McKissock & Hoffman, PC, Haddonfield, NJ, Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, St. Paul, MN, Allyn Z. Lite, Bruce D. Greenberg, Joseph J. Depalma, Michael E. Patunas, Lite, Depalma, Greenberg & Rivas LLC, Newark, NJ, Arthur N. Bailey, Arthur N. Bailey & Associates, Jamestown, NY, Christopher J. Cormier, Justine J. Kaiser, Michael D. Hausfeld, Stewart M. Weltman, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ, Isaac L. Diel, Law Offices of Isaac L. Diel, Bonner Springs, KS, Henry J. Handzel, Jr., Jonathon P. Axelrod, Dewitt Ross & Stevens S.C., Madison, WI, Joseph Goldberg, Freedman, Boyd, Daniels, Hollander & Goldberg, PA, Albuquerque, NM, Robert W. Coykendall, Tim J. Moore, Robert W. Coykendall, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, Roger N. Walter, Morris, Laing, Evans, Brock & Kennedy, Chtd., Topeka, KS, for Plaintiffs.

Andrew Stanley Marovitz, Terri A. Mazur, Mayer, Brown, Rowe & Maw LLP, Joan M. Meyers, Mark V. Chester, Johnson & Colmar, Chicago, IL, Floyd R. Finch, Jr., Shelley A. Runion, Blackwell Sanders Peper Martin LLP, James R. Eiszner, Joseph G. Matye, Shook,

Case 4:09-cv-02056 Document 226-11 Filed in TXSD on 10/18/17 Page 3 of 4
In re Urethane Antitrust Litigation, Not Reported in F.Supp.2d (2006)
2006 WL 3021126

Hardy & Bacon L.L.P., W. Joseph Hatley, Spencer Fane Britt & Browne, Brian R. Markley, Stinson Morrison Hecker LLP, Charles W. German, Matthew P. Hamner, Phillip G. Greenfield, Rouse Hendricks German May PC, Kansas City, MO, Caroline N. Mitchell, Jones Day, Michael F. Tubach, O'Melveny & Myers, LLP, San Francisco, CA, J. Andrew Read, Jones Day, Benjamin G. Bradshaw, Ian Simmons, O'Melveny & Myers, LLP, G. Hamilton Loeb, Jeremy P. Evans, Paul, Hastings, Janofsky & Walker, LLP, Erica Mueller, Jennifer Quinn–Barabanov, Robert Fleishman, Steptoe & Johnson LLP, Jeffrey N. Luthi, Clerk of the MDL Panel, Washington, DC, James S. Jardine, John W. Mackey, Justin T. Togh, Ray, Quinney & Nebeker, Salt Lake City, UT, William C. Cagney, Windels, Marx, Lane & Mittendorf, LLP, New Brunswick, NJ, for Defendants.

David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP, Kansas City, MO.

Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP, Chicago, IL.

## MEMORANDUM AND ORDER

JOHN W. LUNGSTRUM, District Judge.

*1 In this multidistrict litigation proceeding plaintiffs allege that defendants engaged in a price-fixing conspiracy with respect to polyester polyols and related polyurethane systems in violation of federal antitrust laws. On August 16, 2006, the court entered an order certifying a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and directing the parties to begin the process of giving class notice pursuant to Rule 23(c). On August 31, 2006, the Chemtura defendants filed a petition with the Tenth Circuit Court of Appeals seeking permission to appeal the court's class certification order pursuant to 28 U.S.C. § 1292(b) and Rule 23(f). This matter is presently before the court on the Chemtura Defendants' Motion to Stay Pending Resolution of 23(f) Appeal (doc. # 435). By way of this motion, the Chemtura defendants ask the court to stay the publication of class notice in this action pending the Tenth Circuit's determination of Chemtura's petition for leave to appeal and, if that petition is granted, pending determination of the appeal. For the reasons explained below, Chemtura's motion to stay is granted in part and denied in part. Specifically, the parties are directed to proceed with preparing the class notice for publication and mailing, but the court will not order the actual dissemination of class notice until the Tenth Circuit resolves Chemtura's motion for leave to appeal. If the Circuit denies Chemtura's request, then notice can be issued promptly. If the Circuit takes the appeal, the court will entertain a renewed motion to stay at that time.

Rule 23(f) of the Federal Rules of Civil Procedure permits interlocutory appeals of district court orders granting or denying class certification. *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir.2006). A petition for such an appeal does not automatically stay proceedings in the district court. Rather, it stays proceedings in the district court only if "the district judge or the court of appeals so orders." Fed.R.Civ.P. 23(f). In determining whether such a stay is warranted, district courts generally employ an analysis similar to that used in motions for preliminary injunctions or stays pending appeals of final judgments. See *Beattie v. CenturyTel, Inc.,* Case No. 02–10277–BC, 2006 WL 1722207, at *2 (E.D. Mich. June 20, 2006) (collecting case law); *In re Lorazepam & Clorazepate Antitrust Litig.,* 208 F.R.D. 1, 3 (D.D.C.2002) (reasoning it is "a discretionary matter to be informed by a flexible application of the well-established, four-factor balancing test employed to consider preliminary injunctive relief and other stays pending appeal"). In the Tenth Circuit, such relief is warranted if the moving party establishes (1) a substantial likelihood of success on the merits, (2) that it will suffer irreparable harm without the relief sought, (3) threatened injury that outweighs any harm the relief would cause the opposing party, and (4) that the relief would not be contrary to the public interest. *Wyandotte Nation v. Sebelius,* 443 F.3d 1247, 1254–55 (10th Cir.2006).

*2 At this time, the court does not believe Chemtura's appeal has a substantial likelihood of success on the merits. The Tenth Circuit has discretion whether to grant the appeal, and generally such an appeal will not be granted in the absence of " 'appeal-worthy certification issues.' " *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir.2006) (quoting the advisory committee notes to the 1998 amendments to Rule 23). Thus, interlocutory review of a class certification order typically will not be granted unless one or more of the following factors are evident: (1) the certification order represents the death knell of the litigation for one of the parties (e.g., for the defendant, who may be compelled to settle); (2) the certification decision shows a substantial

weakness, amounting to an abuse of discretion; or (3) an interlocutory appeal will resolve an unsettled legal issue. Manual for Complex Litigation § 21.28, at 283 (4th ed.2004). Here, the court's order certifying a class in the Polyester Polyol Cases did not seem to involve any such compelling concerns. The court carefully considered Chemtura's arguments in opposition to plaintiffs' motion for class certification and, ultimately, the court concluded that this case was not at all atypical of many other similar antitrust class action lawsuits. Thus, the court doubts that this case involves the type of concerns for which the Tenth Circuit would be likely to grant Chemtura's petition for an interlocutory appeal.

Turning to considerations of irreparable harm, Chemtura contends that, in the absence of a stay, it will have to expend time and resources associated with resolving the issues related to notice, that significant confusion will likely result if the Tenth Circuit vacates or modifies the class certification order after notice has already been disseminated to class members, and that dissemination of class notice will disrupt its business relations with its customers. By comparison, the threatened injury to plaintiffs that might outweigh that harm is the fact that granting the stay would delay the process of disseminating notice to a class which the court has already certified, thus unduly protracting this litigation. The court does not believe the burden to be placed on Chemtura to deal with notice related issues is undue and it also believes that any such burden does not outweigh the hardship of delaying resolution of the litigation. But, the court is persuaded that the potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order after notice has already been disseminated to class members counsels against proceeding to issue notice at least until the Circuit has resolved the request to take the appeal. In cases involving a Rule 23(f) appeal the court should ordinarily stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification. Manual for Complex Litigation § 21.28, at 284.

 **\*3** Lastly, the court believes that the public interest is best served by moving forward in anticipation that the Tenth Circuit will reject Chemtura's petition for an interlocutory appeal, and thus delay would be avoided, but also by withholding dissemination of notice until the petition is resolved, and thus avoiding confusion. Interlocutory appeals are generally disfavored because they disrupt and delay the proceedings below. *Carpenter,* 456 F.3d at 1189. The public interest would not be served by any undue delay.

On balance, then, these factors weigh in favor of denying Chemtura's motion to stay, with the exception of the actual publication and mailing of class notice. That way, the parties should be prepared to proceed with disseminating class notice immediately if the Tenth Circuit denies Chemtura's petition to appeal. Accordingly, the parties are directed to proceed with preparing to disseminate class notice. To that end, on or before **November 9, 2006,** Chemtura shall provide to plaintiffs the names, addresses, and telephone numbers of all customers who are potential members of the class. The parties shall meet and confer in an attempt to reach agreement on a proposed order approving the form of class notice and, to the extent they reach agreement on the proposed order, they shall submit that proposed order to the court on or before **November 9, 2006.** On or before that same date, they shall file submissions outlining their disputes, if any, to the extent they are unable to reach agreement as to particular issues relating to class notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Chemtura Defendants' Motion to Stay Pending Resolution of 23(f) Appeal (doc. # 434) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED** this 23rd day of October, 2006.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 3021126

---

**End of Document**   © 2017 Thomson Reuters. No claim to original U.S. Government Works.