# EXHIBIT 13

2017 WL 2999428
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas, San Antonio Division.

Tyler LINDSEY, individually and On Behalf
of Others Similarly Situated, Plaintiff,

v.

SCLUMBERGER TECHNOLOGY
CORPORATION, Defendant.

CAUSE NO. SA-16-CV-458-FB
|
Signed 03/03/2017

**Attorneys and Law Firms**

Josh Sanford, Sanford Law Firm PLLC, Little Rock, AR,
for Plaintiff.

Hugh E. Tanner, Morgan Lewis & Bockius, LLP,
Houston, TX, Martin Joseph Regimbal, The Kullman
Firm, Columbus, MS, Robert Peter Lombardi, Samuel
Zurik, III, The Kullman Firm, P.L.C., New Orleans, LA,
for Defendant.

**ORDER ON PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION**

ELIZABETH S. ("BETSY") CHESTNEY, U.S.
MAGISTRATE JUDGE

 *1 Before the Court in the above-styled cause of action
are Plaintiff's Motion for Conditional Certification [#28]
and Plaintiff's Motion for Approval and Distribution
of Notice and for Disclosure of Contact Information
[#29]. Also before the Court are Defendant Schlumberger
Technology Corporation's Opposition to Plaintiff's
Motion for Conditional Certification [#32], Defendant
Schlumberger Technology Corporation's Opposition to
Plaintiff's Motion for Approval and Distribution of
Notice and for Disclosure of Contact Information [#33],
Plaintiff's Reply in Support of Plaintiff's Motion for
Conditional Certification [#37], and Plaintiff's Reply
in Support of Plaintiff's Motion for Approval and
Distribution of Notice and for Disclosure of Contact
Information [#36].

This action was referred to the undersigned for pretrial
proceedings pursuant to Federal Rule of Civil Procedure
72 and Rules CV-72 and 1(c) of Appendix C of the Local
Rules of the United States District Court for the Western
District of Texas [#4]. [1] The undersigned has authority
to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).
For the reasons set forth herein, the Court will **DENY** the
motions.

**I. Background**

Plaintiff Tyler Lindsey brings this action on behalf of
himself and all others similarly situated against Defendant
Schlumberger Technology Corporation. Plaintiff seeks to
recover unpaid overtime compensation from Defendant
pursuant to the Fair Labor Standards Act ("FLSA"), 29
U.S.C. § 201, *et seq.*

Defendant operates oil and gas fields throughout Texas.
(Lindsey Decl. [#28-1] ¶ 15.) According to Plaintiff's
Complaint, he was employed as a Supervisor or Field
Supervisor in Defendant's Coil Tubing Services Division
from May 2012 to May 2015. (Compl. [#1] ¶ 22.) In
this position, Plaintiff claims his "primary job duty
was manual labor" and that he had the responsibility
of "operat[ing] equipment at various oil sites," then
"transport[ing] the equipment back to the shop [to]
ensur[e] that it was ready for the next job." (Compl.
[#1] ¶ 26.) Plaintiff asserts that he was a non-exempt
employee who routinely worked in excess of forty hours
per week. (Compl. [#1] ¶¶ 23, 25, 37.) Plaintiff alleges
that Defendant paid him a salary plus non-discretionary
bonuses and never paid him or other similarly situated
employees the overtime premiums they were due under the
FLSA. (Compl. [#1] ¶¶ 37.)

Plaintiff now moves to conditionally certify his FLSA
claims as a collective action pursuant to Section 216(b) of
the FLSA. The Court has subject-matter jurisdiction over
this case based on federal-question jurisdiction, because
Plaintiff's claims arise from federal law. *See* 28 U.S.C. §
1331.

**II. Certification Standard**

The FLSA requires covered employers to pay non-
exempt employees for hours worked in excess of defined

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.

maximum hours, 29 U.S.C. § 207(a), and allows employees to sue their employers for violation of its wage and hour provisions, *see* 29 U.S.C. §§ 215–16. An employee may sue his employer under the FLSA on "behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike Rule 23 class actions, collective actions proceed on an "opt-in" rather than an "opt-out" basis. *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought."). District courts have discretion to decide whether and how to issue notice for putative plaintiffs to opt-in to a FLSA collective action and to modify the proposed class if it is overly broad. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005).

**\*2**  In this circuit, there are two approaches used to guide a court's decision to certify a collective action: the *Lusardi* approach and the *Shushan* approach. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *see also Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The *Shushan* approach embraces the Rule 23 procedure for certifying class actions, whereas the *Lusardi* approach uses a two-step process to determine whether employees are similarly situated under the FLSA. *See Mooney*, 54 F.3d at 1213–14. Most courts in this Circuit apply the *Lusardi* approach, and the Court will do so here. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino*, 716 F. Supp. 2d at 646 (collecting cases).

The *Lusardi* analysis involves two stages: (1) the notice stage and (2) the decertification stage. *See Sandoz*, 553 F.3d at 915 n.2. At the notice stage, the court reviews the pleadings and any affidavits that have been submitted to determine whether to conditionally certify the class and to give notice to potential class members. *Hernandez v. Robert Dering Constr., LLC*, 191 F. Supp. 3d 675, 680 (S.D. Tex. 2016). A court is not to consider the ultimate merits of a given cause of action in making a decision on certification. *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

Although the plaintiff's burden at the notice stage is "not onerous, neither is it invisible." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008). A plaintiff still must put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 & n.8 (citations omitted). In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted). After conditional certification the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

With regards to the similarly situated inquiry, Plaintiffs must demonstrate that they are similarly situated "in relevant respects given the claims and defenses asserted." *Tolentino*, 716 F. Supp. 2d at 647. In wage and hour cases, this means the proposed class must be "similarly situated in terms of job requirement and similarly situated in terms of payment provisions." *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at \*2 (W.D. Tex. Aug. 29, 2016) (citing *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009)). Thus, the relevant inquiry for the court is whether the proposed class members "performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices." *Id.* (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011)). Employees need not be "similarly situated in each and every aspect of their employment," but rather there must be simply "some identifiable facts or legal nexus" binding together the claims "so that hearing the cases together promotes judicial efficiency." *Id.* (internal quotations omitted).

**\*3**  After the opt-in period has concluded and discovery is largely complete, the defendant may file a motion to decertify the collective action. *Hernandez*, 191 F. Supp. 3d at 680. At this stage, the court makes a final factual determination on the similarly situated question, and the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Mooney*, 54 F.3d at 1214.

### III. Analysis

Plaintiff seeks to certify a class of "all persons employed as Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant at any time since May 19, 2013." (Pl.'s Mot. Cond. Cert. [#28] at 3.) The only evidence offered by Plaintiff in support of his motion is his own declaration. (Lindsey Decl. [#28-1].) Plaintiff argues that this declaration demonstrates that there is a reasonable basis to believe other aggrieved individuals exist that are interested in joining this lawsuit and the proposed class is similarly situated as to pay and job duties so as to justify certifying this case as a collective action. (Pl.'s Mot. Cond. Cert. [#28] at 6–9.)

Defendant responds that certification is inappropriate here, where Plaintiff asks the Court to certify a nationwide class of workers, yet has no experience of Defendant's pay practices outside of Texas; fails to provide the Court with any details about his job duties; and provides the Court only with a generalized declaration that is virtually identical to ones submitted by Plaintiff's attorney in other actions by other plaintiffs seeking conditional certification. (Def.'s Resp. [#32] at 1.) The Court agrees with Defendant. Having reviewed the pleadings and Plaintiff's declaration, as well as the declarations submitted by Defendant, [2] the Court finds that Plaintiff has failed to come forth with the "substantial allegations" required to warrant certification, even under the lenient standard set forth by *Lusardi. See Mooney*, 54 F.3d at 1214.

In determining whether potential plaintiffs are similarly situated, the primary issue is whether they performed the same basic tasks and were subject to the same pay decisions, policies, or practices. *Mathis*, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016) (citing *Tice*, 826 F. Supp. 2d at 996). Plaintiffs' allegations must be substantial, and they must be bolstered by some factual support based on the personal knowledge and experience of the representative plaintiff. *See Mooney*, 54 F.3d at 1214 & n.8 (citations omitted); *Songer*, 569 F. Supp. 2d at 707. Without such evidence, a Court cannot find a class-wide policy or practice such that would authorize class certification and notice. *See Songer*, 569 F. Supp. 2d at 707–08.

Here, Plaintiff's allegations are far from substantial, and the factual support provided to the Court is minimal. The only evidence Plaintiff submitted to aid the Court in determining whether the proposed class is similarly situated is the three-page declaration of Plaintiff. (Lindsey Decl. [#28-1] ). According to the declaration, "[t]he job of a Field Supervisor in the Coil Tubing Services Division is very physical and demanding and is worked outdoors." (Lindsey Decl. [#28-1] ¶ 4.) Plaintiff describes his "primary job duties" as "manual labor." (Lindsey Decl. [#28-1] ¶ 4.) Plaintiff states he "maintained and operated the equipment used at the oilfield well sites." (Lindsey Decl. [#28-1] ¶ 4.) No other description of Plaintiff's duties or employment is provided. These vague and generalized statements fail to satisfy even the modest factual showing required of Plaintiff at this initial stage in the litigation.

**\*4** Again, Plaintiff bears the burden to demonstrate he is similarly situated to the proposed class of plaintiffs in this case. *See Songer*, 569 F. Supp. 2d at 706. Plaintiff has designated as the proposed class a group of all Supervisors or Field Supervisors in the Coil Tubing Services Division of Defendant at all oilfield sites operated by Defendant nationwide. Yet Plaintiff makes no attempt to explain to the Court any of the specific responsibilities of a Field Supervisor, from the basic tasks the job entails, to the kind of equipment Field Supervisors typically maintain and operate, to the specific job functions of Plaintiff and the other individuals he seeks to represent. [3] Nor does Plaintiff's declaration give the Court any indication that he has any experience or knowledge of Defendant's oilfield sites outside of the State of Texas. He merely makes the conclusory assertion that "[t]he Supervisor and Field Supervisor in the Coil Tubing Services Division position was essentially the same at all locations." (Lindsey Decl. [#28-1] ¶ 10.) Where a plaintiff seeks nationwide certification, as here, there must be some basis for a plaintiff's claimed knowledge of locations outside of his working area for the Court to credit Plaintiff's assertions. *See McCloud v. McClinton Energy Group, LLC*, No. 7:14-cv-120, 2015 WL 737024, at *5 (W.D. Tex. Feb. 20, 2015) ("Because [plaintiff] does not provide any reason for his knowledge regarding ... other employees[,] ... his testimony has insufficient factual basis to support the allegation[s].").

The same can be said for Plaintiff's statements regarding the pay practices of Defendant. According to Plaintiff's

declaration, he was "always classified as a salaried employee"; "was paid a bi-weekly salary without any overtime premium for hours that [he] worked in excess of forty per week"; and he "received regular bonuses as part of [his] regular compensation as a part of a company-wide policy for salaried employees like "himself." (Lindsey Decl. [#28-1] ¶¶ 6–8.) Plaintiff makes the conclusory assertion that "[t]he compensation plan was always the same at each location," without providing the Court with any explanation as to how he has personal knowledge and experience with the nationwide pay practices of Defendant, considering his work has been limited to Texas. Although the Court has no reason to discredit Plaintiff's testimony as to his own salary and pay structure, the governing standard requires "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 & n.8 (citations omitted). Plaintiff's allegations fall short of convincing the Court that there is a nationwide class of victims subject to the same pay practice or plan.

Moreover, it has been brought to the Court's attention that the declaration filed in support of Plaintiff's motion is virtually identical to declarations filed by Plaintiff's counsel in other cases seeking conditional certification under the FLSA. (Def.'s Resp. [#32] at 5–7.) At least two courts have rejected these same declarations as too generalized and conclusory to support certification. *See Mathis*, 2016 WL 4533271; *McLendon v. Schlumberger Tech. Corp.*, No. 4:15CV00752 JLH, 2016 WL 3911897 (E.D. Ark. July 15, 2016). Defendant has provided the Court with a chart tracking the language contained in Plaintiff's declaration and comparing it to the language used in a declaration filed by the plaintiffs in *Mathis* and *McLendon.* (Def.'s Resp. [#32] at 7.) The language is more or less verbatim.

**\*5** After reviewing the plaintiff's declaration in *Mathis*, the court concluded that plaintiff's "description of the job duties—'maintain[ing] and operat[ing] the equipment used at the oilfield well sites'—[was] so broad that it could include nearly any worker performing some manual labor at a well site, even if that worker had vastly different job duties than those of the Plaintiff." *Mathis*, 2016 WL 4533271, at \*2. Similarly, in *McLendon* the court found that "[c]onclusory affidavits from the sole named plaintiff who had limited experience outside of his

locale will not suffice to make a modest factual showing that other employees in a multi-state region are similarly situated for FLSA purposes...." *McLendon*, 2016 WL 3911897, at \*6. This Court makes the same findings here. Plaintiff's declaration is so general that it could essentially include any employee with a supervisory role within the Coil Tubing Services Division that required visits to an oilfield site and the use of any piece of equipment found there. The Court is unable to make any meaningful determination as to whether Plaintiff is similarly situated to the proposed nationwide class so as to conditionally certify this case as a collective action on the sole basis of Plaintiff's declaration. "Without more identifiable facts about the job requirements and duties of the members of Plaintiff's proposed class, the Court cannot conclude class members are similarly situated, such that hearing the cases together would promote judicial efficiency." *Mathis*, 2016 WL 4533271, at \*3 (internal quotation and citation omitted). The Court will therefore deny Plaintiff's motion for conditional certification for failure to put forth substantial allegations and factual support as to a similarly situated class of aggrieved individuals. *Mooney*, 54 F.3d at 1213–14. However, this denial will be without prejudice to refile an amended motion for conditional certification in the event that Plaintiff is later able to submit more persuasive information showing that there is a class of similarly situated aggrieved individuals who are likely to join this lawsuit. [4]

### IV. Conclusion

Having considered Plaintiff's complaint, Defendant's answer, Plaintiff's motions, the parties' responses and replies, as well as the exhibits and declarations attached thereto,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Certification [#28] and Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information [#29] are **DENIED WITHOUT PREJUDICE.**

#### All Citations

Slip Copy, 2017 WL 2999428

## Footnotes

1    This case was initially referred to Magistrate Judge Pamela Mathy on May 20, 2016 [#4], but was administratively reassigned to the undersigned's docket on January 18, 2017, upon Judge Mathy's retirement.

2    *See* Haner Decl. [# 32-1]; Williamson Decl. [#32-2].

3    Further confusing the matter is the Declaration of Mitch Williamson, the North America Compensation Manager for Defendant. (Williamson Decl. [#32-2].) Williamson testifies in his declaration that there is no job code for "Supervisor" or "Field Supervisor" within the Coil Tubing Department. (Williamson Decl. [#32-2] ¶ 3.) According to Williamson, these labels are sometimes used to refer to the "Field Specialist" job code. (Williamson Decl. [#32-2] ¶ 3.) Williamson claims that Field Specialists in Coil Tubing manage and supervise a team of equipment operators tasked with performing coil tubing work and that this position is comprised of four levels based on earned salary. (Williamson Decl. [#32-2] ¶¶ 4–5.) The Court is unable to determine whether there is even a group of workers entitled "Field Supervisors" based on this declarations before the Court, let alone if they are similarly situated to Plaintiff.

4    Because the Court finds that Plaintiff failed to demonstrate there is a class of similarly situated aggrieved individuals, the Court need not address the parties' dispute over whether this Court should or should not consider whether there are others individuals who want to opt-in to this litigation as part of the notice-stage inquiry for conditional certification. *See Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. CIV.A. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)) ("such a requirement is at odds with the Supreme Court's command that the FLSA be liberally construed to effect its purposes"). However, the Court notes that Plaintiff filed this action in May 2016, almost ten months ago, and to date not a single additional Plaintiff has opted-in to this suit.

---

**End of Document**                                          © 2017 Thomson Reuters. No claim to original U.S. Government Works.