IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Juan Ramon Torres and Eugene Robison,<br><br>    Plaintiffs,<br><br>   v.<br><br>SGE Management, LLC; Stream Gas & Electric, Ltd.; Stream SPE GP, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 4:09-CV-2056 |

### DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM THE NEW NAMED PLAINTIFFS LUCAS THOMAS AND CHRISTOPHER ROBISON

When this Court granted plaintiffs' motion to substitute and add Lucas Thomas and Christopher Robison (the "Robison Executor") as new named plaintiffs, it authorized defendants to serve them with "appropriate requests for documents and things" and take their depositions. Dkt 236.  The Court did not—in any way—limit the scope of defendants' discovery requests or the topics on which Thomas and the Robison Executor may be deposed.  But plaintiffs have produced *no* documents for Thomas and just twelve pages for the Robison Executor, and they insist that they will "not allow questioning" on merits issues during the depositions. (Exh A, Dec. 28, 2017 Email from Prebeg.)  Plaintiffs attempted to justify their position by claiming that the "Court has not re-opened discovery, except for the limited purpose of any objections to the qualities of the class representatives." (Exh. B, Jan. 4 Email from Prebeg.).

Defendants are entitled to normal discovery from the two new plaintiffs.  By allowing the Robison Executor to appear in the case under Rule 25(a) and Thomas to appear under Rule 15, this Court surely did not intend for plaintiffs to blindside defendants with two *new* claimants and trial witnesses who refuse to respond to defendants' reasonable and focused written discovery requests, refuse to conduct a reasonable search for and produce documents responsive to

defendants' requests, and refuse to sit for a normal deposition and be examined about their claims. For these reasons, defendants must ask this Court to intervene and compel plaintiffs to comply with these basic discovery obligations.

Discovery is necessary to defend against Thomas's and the Robison Executor's claims and ensure that they can appropriately represent the class. By this motion, defendants seek to compel the new named plaintiffs to do no more and no less than every party in federal litigation is required to do under the discovery rules: Conduct a reasonable search for documents (including searches of email and computer files), produce responsive documents that are not privileged, and appear for a deposition on the scope of subjects permitted by the Rules.

## NATURE AND STAGE OF PROCEEDING

On November 8, 2017, the Court granted the plaintiffs' motion to substitute the Robison Executor under Rule 25(a) and add Thomas under Rule 15. Dkt. 236. As the parties had stipulated, the Court preserved defendants' "full right to oppose [the] proposed plaintiffs as class representatives." *Id.* The Court further ordered that defendants "will send appropriate requests for documents and things" and that "the proposed class representative(s) will be offered for a deposition to occur as soon as reasonable." *Id.* Thereafter, defendants sent requests for production ("RFPs") and interrogatories to both new plaintiffs, as well as requests for admission to the Robison Executor. (*See* Exhs. C, D, E, F, & G.)

After defendants twice agreed to extend the time for plaintiffs to respond, plaintiffs responded to defendants' requests on December 23, 2017. Plaintiffs generally objected on the ground that "[a]ny discovery directed to any issues other than the identity and status of the representative of the Estate of Eugene Robison and the adequacy of the new class representative is not authorized by the Court." (Exh. C at 12; Exh. E at 12.) Plaintiffs produced *zero* documents

for Thomas and just *twelve pages* for the Robison Executor, consisting only of the will and probate papers for Eugene Robison's estate.

Thomas produced nothing. Plaintiffs implausibly say that Thomas does not have responsive documents for nearly all of defendants' requests, including RFP Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, and 19. (*See* Exh. C.) For several other requests (RFP Nos. 1, 4, 15, 16, and 17), plaintiffs say that Thomas only has documents that were created as part of this litigation, such as the pleadings and motion briefing. (*Id.*) And for the remainder (RFP Nos. 14 and 20), plaintiffs say Thomas is withholding whatever responsive documents he has. (*Id.*)

By all appearances, Thomas has not conducted a reasonable search for responsive materials. Although plaintiffs' counsel asserted that Thomas "did a reasonable search" for responsive documents, he refused to say what steps had been taken to conduct this search. (Exh. B at 4.) And while characterizing discovery into the merits as "irrelevant" and "closed," counsel declared that Thomas is "not required to conduct a search for entirely irrelevant documents." (*Id.* at 2.) Indeed, some of Thomas's responses reflect total disregard for his duty to make a reasonable search effort. (*See, e.g.*, Exh. C at 19–20, Thomas's Response to RFP No. 19 stating that he "does not know and does not know any way of determining" the number of contacts he has on various social-media platforms.)

What's more, plaintiffs have blatantly refused to produce responsive documents that they admittedly do have. In particular, plaintiffs withheld, first, Thomas's retention agreement with counsel (RFP No. 14); and second, his financial records from the period when he participated in the Ignite program (RFP No. 20). The former documents are relevant to Thomas's adequacy as a class representative, and the latter are relevant to the merits of Thomas's claims. Notably, Thomas

admitted that he charged all expenses for the Ignite program to his credit card (Exh. D at 14), but plaintiffs still withheld those records.

Plaintiffs have also unequivocally stated their intent not to cooperate in Court-ordered depositions. Plaintiffs' counsel advised that neither Thomas nor the Robison Executor will answer any questions on the merits of their claims, purporting to impose a rule that depositions "will be limited to whether these plaintiffs are appropriate class representatives." (Exh. A at 1.) But plaintiffs will "not allow questioning of Mr. Thomas" on issues such as "reliance and causation," even though those issues are relevant to the named plaintiffs' appropriateness as class representatives. (*Id.*) Similarly, plaintiffs set a rule that "questioning of [the Robison Executor] will be limited to verifying his status as the representative of [the Robison] estate." (*Id.*)

According to plaintiffs, notwithstanding the Court's recent order, substantive discovery from the new named plaintiffs is improper because the extant scheduling "order gives a discovery deadline of May 20, 2013." (Exh. B at 1.) And according to plaintiffs, the Court's "limited opening for discovery, Dkt. 236, is so very limited it does not allow [defendants] to generally reopen the case" by taking discovery from the new named plaintiffs on issues other than those delineated by Plaintiffs. (*Id.* at 2.) In light of the parties' disagreement on the appropriate scope of discovery from the new named plaintiffs and their inability to resolve these issues without the Court's guidance, defendants filed this motion to compel.

## ISSUE STATEMENT

The Court authorized discovery from the new named plaintiffs and ordered that they be deposed. The new named plaintiffs failed to conduct a reasonable search for and produce responsive documents and stated that they will not answer questions during depositions. The issue presented is whether the Court should compel the new named plaintiffs to search for and produce

responsive documents and appear for a deposition on all topics permitted by the Rules, as every other party in civil litigation is required to do.

In particular, defendants seek an order compelling plaintiffs to cooperate with defendants' discovery requests, in accordance with Rule 26, on the following issues:

**A. RFP Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18 & 19 to Thomas**—Plaintiffs said that Thomas does not have documents that are responsive to these requests and asserted that Thomas did a reasonable search for them. However, plaintiffs refused to state what steps were taken to search for responsive documents and proclaimed their view that Thomas is "not required to conduct a search" for these documents. (Exh. B at 2.) Regarding RFP No. 19, which seeks documents showing the number of Thomas's contacts on social media, plaintiffs stated that Thomas "does not remember and does not have any way of determining" that information. (Exh. C at 20.)

**B. RFP Nos. 14 & 20 to Thomas**—Plaintiffs refused to produce responsive documents for these requests. Regarding Thomas's fee arrangement with counsel (RFP No. 14), plaintiffs asserted incorrectly that these documents are irrelevant and privileged. (Exh. C at 17.) Regarding Thomas's financial records (RFP No. 20), Plaintiffs asserted incorrectly that this information is irrelevant, invasive of privacy, and can be found among defendants' own files. (*Id.* at 20.)

**C. Interrogatory Nos. 16, 17, & 18 to Thomas**—Plaintiffs objected that these interrogatories "seek[] a legal or other expert conclusion" and directed defendants to litigation filings, such as the pleadings and expert reports. Plaintiffs refused to provide Thomas's "individual opinions" regarding these interrogatories and asserted that Thomas is "not required" to answer these interrogatories. (Exh. D at 21–22; Exh. B at 4.)

**D. Depositions**—Plaintiffs declared that they will "not allow questioning" on issues other than Thomas's adequacy as class representative (excluding relevant merits issues) and that "questioning of [the Robison Executor] will be limited to verifying his status as the representative of [the Robison] estate." (Exh. A at 1.) Thomas and the Robison Executor refuse to testify on issues that are relevant to both the merits and their suitability to serve as class representatives, such as "reliance and causation." *Id.* There is utterly no basis for these limitations.

## ARGUMENT

The Court should compel the new named plaintiffs' full cooperation in discovery because (1) defendants are entitled to take discovery on the merits from named plaintiffs; and (2) merits issues are relevant to whether the named plaintiffs may serve as class representatives. In particular, the Court should order the new named plaintiffs to conduct a reasonable search for responsive documents in their files; produce any responsive, non-privileged documents identified in such search; and testify in deposition regarding any discoverable subject.

**I.  Defendants Are Entitled To Full Discovery from the Named Plaintiffs**

Named plaintiffs are parties. *See* Fed. R. Civ. P. 23(a). As the Supreme Court has explained, "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." *Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 332 (1980). Unlike absentees, named plaintiffs are subject to ordinary discovery rules. *See Dysythe v. Basic Research, LLC*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (finding "discovery standards governing putative class members" inapplicable to "a *named* plaintiff") (emphasis in original); *see also Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) ("Defendants must have leave of court to take depositions of members of a putative class, *other than the named class members*") (emphasis added).

It is well established that class representatives have a fiduciary obligation to the absentee class members "to comply with proper discovery inquiry." *Kline v. Wolf*, 88 F.R.D. 696, 700 (S.D.N.Y. 1981); *Longden v. Sunderman*, 123 F.R.D. 547, 558 (N.D. Tex. 1988) ("failure to comply with discovery requests is a basis to find a class representative inadequate"); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 367 (E.D. La. 1997) ("Failure to cooperate in discovery may support a finding that class representatives are inadequate."). Complying with discovery is a critical part of the named plaintiff's duties as class representative.

Plaintiffs cannot avoid subjecting the named plaintiffs to discovery by adding them after the discovery period. Because adding new plaintiffs "require[s] reopening class discovery," it often causes "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999). The addition of new named plaintiffs can "unduly prejudice Defendants, who have been preparing their defense based on the identity of the class representative … identified in the original complaint as well as the amended complaint." *Osakan v. Apple Amer. Grp.*, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010). Thus, courts may refuse to allow joinder of new named plaintiffs on the ground that it "would require the Defendants to conduct new and/or additional discovery." *Id.*

Here, defendants prepared their defense based on the identity of the previous named plaintiffs. Nevertheless, they agreed to allow the new named plaintiffs on the understanding that adequate discovery would be provided. For obvious reasons, defendants would never have agreed to allow new named plaintiffs without adequate discovery rights. The parties' counsels never discussed limiting the subject-matter scope of discovery from the new named plaintiffs. Instead, the parties stipulated that defendants would "not oppose" plaintiff's motion, that defendants would "send appropriate requests for documents and things within ten days," and that "the proposed class

representative(s) will be offered for a deposition to occur as soon as reasonable." Dkt. 232. Neither that stipulation nor the order implementing it provides any hint that the authorized discovery would be more limited than the usual scope required by Rule 26.

Nor could it be, for a very simple reason: Defendants cannot defend against (and this Court cannot assess) the merits of the new named plaintiffs' claims without complete discovery. Federal court litigation pits plaintiffs against defendants; it is not a Star Chamber. Robust discovery "provid[es] the parties with information essential to the proper litigation of all relevant facts, eliminat[es] surprise, and promot[es] settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Defendants are entitled to merits discovery from the named plaintiffs, the adverse party in this lawsuit. They cannot fairly litigate against a shadow.

## II. Full Discovery Is Needed to Test Whether the Named Plaintiffs Are Appropriate Class Representatives Under Rule 23(a)

Even if discovery related only to the named plaintiffs' suitability as class representatives, its scope would not be "so very limited" as Plaintiffs contend. (*See* Exh. __.) "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). As such, the Court must evaluate the class representative's claims and potential defenses against them. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996); *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 220 (5th Cir. 2003). These requirements cannot be presumed on the simple say-so of "self-interested" plaintiffs, nor can the burden be shifted to the Defendants to show inadequacy. *See Berger v. Compaq Comp. Corp.*, 257 F.3d 475, 481–82 (5th Cir. 2011).

The plaintiffs improperly conflate the predominance requirement under Rule 23(b)(3) with the requirements of Rule 23(a) and the merits of the claims. *See* Exh. A at 1 (Prebeg: "The issue

8

of reliance and causation was resolved by the district court and the 5th Circuit."). But the upshot of the Fifth Circuit and this Court's certification opinions is simply that—in the absence of contrary evidence[1]—the fact-finder "may or may not" infer causation of class-wide injury. *See Torres v. S.G.E. Mgmt., LLC*, 838 F.3d 629, 645 (5th Cir. 2016) (en banc). Discovery brings out the evidence on which the parties will litigate whether such inference ***should*** be drawn. And evidence specific to these new named plaintiffs is critical to determining whether these individuals can prevail on their claims and appropriately represent the class.

Discovery might reveal "conflicts of interest between [the] named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 (1997); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625–26 (5th Cir. 1999). For instance, depending on the named plaintiffs' particular circumstances, their interests in any judgment or settlement might conflict with class members who did or did not elect to use the so-called Home Site; who are or are not still involved in the Ignite program; or who are or are not current customers of Stream Energy. The Court must evaluate these considerations before deciding whether to bind the class to the named plaintiffs, and robust discovery on such matters—which necessarily intersect with the merits—is critical to drawing out the facts necessary for that determination.

Discovery might also demonstrate that Thomas's and the Robison Executor's particular claims are subject to unique defenses. *Zachery v. Texaco Expl. & Prod., Inc.*, 185 F.R.D. 230, 240 (W.D. Tex. 1999) ("Where unique defenses against a named plaintiff exist, the Court must consider the potential danger that the attention to this individual defense might harm the class.").

---

[1] The Fifth Circuit expressly contemplated that the "district court may revisit its [certification] decision and choose to decertify the class should the Defendants eventually produce individualized rebuttal evidence causing their individualized defense to predominate." *Torres*, 838 F.3d at 645. Defendants intend to present that evidence, along with evidence regarding the adequacy of the new named plaintiffs, in a forthcoming motion to decertify.

Rule 23(a) requires the Court to assess "whether the class representative's claims have the same essential characteristics of those of the putative class." *M.D. v. Perry*, 294 F.R.D. 7, 29 (S.D. Tex. 2013). Here, again, the Court must scrutinize the named plaintiffs' particular circumstances to determine whether they are fit to serve as the class representatives.

Two interrelated issues that plaintiffs seek to shield from discovery—reliance and causation—illustrate potential unique defenses. "RICO affords a private right of action only to a plaintiff who can show that he or she has been injured 'by reason of' a violation of RICO's criminal prohibitions." *Torres*, 838 F.3d at 636 (quoting 18 U.S.C. § 1964(c)). Although not always required, "the absence of first-party reliance may in some cases tend to show that an injury was not sufficiently direct to satisfy § 1964(c)'s proximate-cause requirement." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 659 (2008). In this case, "a class member's knowledge that Ignite is an illegal pyramid scheme could serve as an intervening cause that would break the chain of causation." *Torres*, 838 F.3d at 640; *cf. Bridge*, 553 U.S. at 659 (explaining that allegedly defrauded person's knowledge of falsity might "constitute an intervening cause breaking the chain of causation between petitioner's misrepresentations and respondents' injury").

The Fifth Circuit suggested a potential unique defense: Thomas may be among the "few class members [who] decided to take the risk of being a winner in an illegal pyramid."[2] *Torres*, 838 F.3d at 645–46. If so, Thomas's knowledge could "serve as an intervening cause that would break the chain of causation," **even if** plaintiffs established an illegal pyramid. *Id.* at 640. These "atypical" defenses might render Thomas an inadequate representative. *See id.* at 646. *Cf. In re ML-Lee Acq. Fund*, 149 F.R.D. 506, 508 (D. Del. 1993) (named plaintiff's sophistication was

---

[2] Defendants, of course, vigorously oppose the allegation that they operate an illegal pyramid scheme. The point here is simply that discovery may show that the named plaintiffs' claims are subject to defenses that are not generally applicable to the class.

relevant to "Plaintiffs' reliance on the alleged fraud"); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179–80 (2d Cir. 1990) (class representative inadequate due to unique defense that it purchased "despite having notice of, and having investigated, the alleged fraud"), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). In addition, "personal characteristics, such as the credibility and integrity of a putative class representative, have a direct bearing on their ability to adequately represent absent members of the class." *Davidson v. Citizens Gas & Coke Util.*, 238 F.R.D. 225, 229 (S.D. Ind. 2006). These issues—and more—are proper subjects of discovery.

Finally, Rule 23(a)(4) requires an evaluation of "the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger*, 257 F.3d at 479. As discussed previously, *supra* at 7, complying with discovery is a critical component of the named plaintiffs' obligations to the class. A named plaintiff that refuses to cooperate with discovery, as the new named plaintiffs here have done, is simply not fit to serve as the representative of the class.

## III.   The Requested Discovery Is Reasonable and Appropriate

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials" *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). Parties may serve interrogatories and requests for production on "any other party," *see* Fed. R. Civ. P. 33(a) & 34(a), and they have the right to depose any "party," *see* Fed. R. Civ. P. 30(a).

Although the nature of the dispute underlying this motion is more fundamental than the subject of any particular request, for completeness, defendants below briefly explain the subject of the discovery requests and the reason for the relief requested.

### A.  RFP Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, & 19 to Thomas

Thomas implausibly states that he does not have any documents responsive to these requests.  However, "Plaintiff has a duty to make a reasonable search of *all* sources reasonably likely to contain responsive documents."  *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388, at *2 (M.D. La. Aug. 4, 2011).  "The responding party must develop a 'reasonably comprehensive search strategy' to find responsive documents."  *H.S. Field Servs., Inc. v. CEP Mid-Continent, LLC*, 2015 WL 1954462, at *7 (N.D. Okla. Apr. 29, 2015) (quoting *Reppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006)).

Here, it is "less than clear that [Thomas] has conducted a diligent search in order to determine whether [he] may in fact have additional information."  *In re Facebook Priv. Litig.*, 2015 WL 3640518, at *2 (N.D. Cal. June 11, 2015).  It is unlikely that Thomas truly possesses ***zero*** responsive documents.  For example, Thomas must have ***some*** documents (whether in email, print, social media, or elsewhere) that he "received from any Defendant at any time" (RFP No. 6); that are "related to any and all expenses [he] incurred relating to [his] work as an Independent Associate" (RFP No. 8); or that reflect "Communications related to Stream, Ignite, or this lawsuit between [himself] and any other Independent Associate, prospective Independent Associates, Stream customer, or prospective Stream customer" (RFP No. 13).  Yet he produced nothing.

Accordingly, the Court should order that Thomas conduct a reasonable search of all sources likely to contain documents responsive to these requests, in accordance with the proposed order

12

filed with this motion. *See Doggett Co., LLC v. Thermo King Corp.*, 2017 WL 1424329, at *1 (S.D. Tex. Apr. 20, 2017) (ordering party to "conduct a reasonable search" for documents).

### B. RFP Nos. 14 & 20 to Thomas

Plaintiffs refused to produce responsive documents for these requests. RFP No. 14 seeks "all Documents related to [Thomas's] fee arrangement with or retention of counsel in this lawsuit." (Exh. C at 17.). RFP No. 20 seeks "all of [Thomas's] bank records, credit card statements, and other similar financial Documents from the period beginning six months prior to [his] joining Ignite and ending six months after [he] ceased to be involved with Ignite." (*Id.* at 20.)

Regarding RFP No. 14, plaintiffs object that the request is "not relevant to defendants' defenses or calculated to lead to the discovery of admissible evidence, and … seeks documents protected from discovery by the attorney-client privilege." (*Id.* at 17.) But "Plaintiff's retainer and fee agreement with counsel … is relevant to the Rule 23(a)(4) analysis of whether Plaintiff is an adequate representative of the class," and "the attorney-client privilege generally does not preclude disclosure of fee agreements." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014). The Court must "be adequately informed about the nature of Plaintiffs' fee arrangements" in assessing adequacy. *Klein v. Henry S. Miller Res. Servs., Inc.*, 82 F.R.D. 6, 8 (N.D. Tex. 1978) (citing *Magan v. Platzer Shipyard, Inc.*, 74 F.R.D. 61 (S.D. Tex. 1977)). This is especially true here, where there is reason to suspect divergent interests among Plaintiffs' counsel. *Cf. In re Takata Airbag Prods. Liab. Litig.*, 2016 WL 5844309, at *5 (S.D. Fla. May 23, 2016) (finding engagement letter relevant if there is "an indication that there is a conflict of interest").

Regarding RFP No. 20, plaintiff's "financial status" is also "relevant to the question of Plaintiffs' ability to protect the interests of potential class members." *Klein*, 82 F.R.D. at 8–9; *see also Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *5 (N.D. Cal.

13

May 12, 2008) (finding that discovery into whether plaintiff wrote bad checks "does bear on the potential adequacy of the class representatives"). Moreover, on the facts of this case, a plaintiff's financial records from when he participated in the Ignite program may be relevant to the merits. For example, the records may show that Thomas did not make a diligent effort to sell Stream energy, or that Thomas made more money than he lost. The defendants have a right to discover information that reasonably could be relevant to their defense. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the Court should compel production of the withheld documents.

### C. Interrogatory Nos. 16, 17, & 18 to Thomas

Plaintiffs' objected that these interrogatories "seek[] a legal or other expert conclusion" and asserted that Thomas is "not required" to answer these interrogatories. (Exh. D at 15.) But the Rules expressly provide that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). As such, the Court should compel Thomas to answer this interrogatory. *See Gomez v. Nationwide Prop. & Cas. Ins. Co.*, 2016 WL 6816215, at *4–5 (S.D. Tex. Feb. 26, 2016).

### D. Depositions

The Court has already ordered the new named plaintiffs to submit to depositions. Dkt. 236. However, the plaintiffs have made clear that they do not intend to answer questions depositions beyond certain narrow topics. (*See* Exh. A.) As explained above, the rules of discovery permit broad subject-matter scope for discovery. *See* Fed. R. Civ. P. 26(b)(1); *Herbert*, 441 U.S. at 177. And the rules governing depositions expressly provide that "the examination still proceeds" over any objections, and that a "person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). As such, "courts have generally concluded that it is improper

to instruct a witness not to answer a question based on a relevancy objection." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 & n.7 (S.D. Tex. 2011).

Given the plaintiffs' unequivocal statement that they will not respond to questions, the Court should resolve the proper subject-matter scope now before the parties waste time and money on a pointless deposition. *Cf. VFI Assocs., LLC v. Lobo Machinery Corp.*, 2010 WL 5557129, at *1–2 (W.D. Va. Nov. 22, 2010) (resolving dispute where, "[i]n advance of a recent deposition permitted by the court, [deponent] refused to answer any questions on Fifth Amendment grounds"). Accordingly, the Court should order that the new named plaintiffs testify in their depositions about the full scope of subjects permitted by Rule 26.

## CONCLUSION AND RELIEF SOUGHT

For these reasons, defendants hereby request that the Court enter the attached proposed order, which would:

**(1)** Compel Thomas to conduct a reasonable search, including by using appropriate search terms to review email and computer files, for documents responsive to defendants' document requests;

**(2)** Compel Thomas to produce documents responsive to defendants' requests regarding his retainer agreement with counsel and his financial documents from the period when he participated in the Ignite program;

**(3)** Compel Thomas to respond to certain of defendants' interrogatories that he previously refused to answer; and

**(4)** Compel Thomas and the Robison Executor to testify in depositions regarding any subject within the scope of Rule 26.

DATE:  January 8, 2018    Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/  Robert C. Walters
Robert C. Walters
   *Attorney-in-Charge*
   Texas Bar No. 20820300
   S.D. Tex. Bar No. 1206129
 Andrew P. LeGrand
   Texas Bar No. 24070132
   S.D. Tex. Bar No. 2827698
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Tel.: (214) 698-3100
Fax: (214) 571-2900
RWalters@gibsondunn.com
ALeGrand@gibsondunn.com


**ATTORNEYS FOR SGE MANAGEMENT, LLC, ET AL.**

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document was filed electronically on January 8, 2018, in compliance with Local Rule 5. As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule 5.1.

               */s/ Robert C. Walters*
               Robert C. Walters

## CERTIFICATE OF CONFERENCE

In accordance with Judge Hoyt's Court Procedures and the Local Rules, counsel for defendants have conferred, in good faith, in an attempt to reach an agreement. On December 28 at 2:57 PM, January 4 at 1:13 PM, and January 7 at 6:54 PM, counsel for defendants Robert C. Walters, conferred with counsel for plaintiffs Matthew Prebeg by email.

>                    */s/ Robert C. Walters*
>                    Robert C. Walters