# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Juan Ramon Torres and Eugene Robison,

    Plaintiffs,

vs.

SGE Management, LLC; Stream Gas &
Electric, Ltd.; Stream SPE GP, et al,

    Defendants.

Civil Action No. 4:09-cv-2056

Jury Demanded

_____ /

## SETTLEMENT AGREEMENT

Subject to the Court's approval, Plaintiffs Christopher Robison (acting as executor of the Estate of Eugene Robison), and Luke Thomas (collectively, the "Named Plaintiffs"), acting individually and on behalf of the Settlement Class, Plaintiff Juan Ramon Torres ("Torres"),[1] and "Ignite," a group of Ignite affiliates defined in section II.A.20 below, enter into this Settlement Agreement (the "Agreement") as of this __ day of May, 2018. Plaintiffs and Ignite are referred to herein as the "Parties," and each person is referred to herein as a "Party."

## I.    RECITALS

    A.    Juan Ramon Torres filed a Complaint against most of the Defendants (defined in section II.A.12. below) on June 30, 2009 [Dkt. No. 1].

    B.    The District Court (Judge Kenneth M. Hoyt) dismissed the case for arbitration. The United States Court of Appeals for the Fifth Circuit reversed, and the Supreme Court of the United States denied review. *Torres v. S.G.E. Mgmt., L.L.C.*, 397 Fed. Appx. 63 (5th Cir. 2010).

_____

[1]    Torres filed this suit and participated in discovery. He is not a representative of the Settlement Class but enters this settlement individually. Torres, Christopher Robinson, and Luke Thomas shall be referred to collectively as "Plaintiffs."

C.      On January 13, 2014, this Court certified a class comprising "all IAs [Independent Associates] who joined Ignite on or after January 1, 2005, through April 2, 2011, excluding the IAs subject to the Eleventh Circuit opinion in *Betts*." [Dkt. 169]. The Fifth Circuit affirmed this Court's certification of a class. *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629 (5th Cir. 2016) (en banc), cert. denied, 138 S. Ct. 76, 199 L. Ed. 2d 24 (2017). The Fifth Circuit and later the District Court clarified that "the certified class comprises only those who lost money participating as Independent Associates ('IAs') in Ignite's program." Order, *Torres v. S.G.E. Mgmt., LLC*, Doc. No. 00513777322, Case No. 14-20128 (5th Cir. Nov. 29, 2016) (per curiam); *see also* Dkt. 276. This Court, in approving class notice, further modified the class definition to exclude all IAs who were Georgia residents when they joined Ignite [Dkt. 276-1].

D.      The Parties engaged in arms-length settlement negotiations, including a full-day mediation in Houston, Texas on February 26, 2018. Mr. Murray Fogler served as the mediator. Class Counsel and Christopher Robinson attended. At the mediation, the Parties executed a Memorandum of Understanding setting forth the basic terms of the settlement, subject to approval by the Named Plaintiffs, Ignite (including the board of managers of SGE Management, LLC), and the Court. That negotiated agreement excluded residents of Georgia who signed up as Ignite IAs. On April 27, 2018, class counsel Scott Clearman filed a motion to give notice to the Georgia IAs of this Court's exclusion of them from the litigation class [Dkt. 285]. After that motion, Defendants agreed to include the Georgia IAs in the settlement class, subject to the terms of this Agreement.

E.      The Parties believe that the Georgia IA's claims may and should be settled in this litigation. Accordingly, the Parties have agreed to include the Georgia IAs in the Settlement Class, subject to the terms and conditions of this Agreement.

F.      Named Plaintiffs believe that the claims asserted have merit. However, Plaintiffs recognize the risks, expense, and delay of prosecuting this matter through trial, post-trial proceedings, and appeals. Named Plaintiffs and Class Counsel have considered: (i) the risks posed by Defendants'

motion for summary judgment; (ii) the difficulties in proving the elements of Plaintiffs' claims and the alleged class-wide damages; (iii) the risk that any favorable judgment might be reversed on appeal; (iv) the potential litigation by Georgia IAs; and (v) challenges of collecting on any favorable judgment. The terms of this Agreement confer substantial benefits upon the Settlement Class. Named Plaintiffs and Class Counsel have determined that the Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

G.      Defendants maintain that they violated no law, they have done nothing wrong, and they have several meritorious defenses to the claims. However, Defendants recognize the risks and uncertainties inherent in litigation, the significant expense associated with defending a class action, the costs of trial and later proceedings, the disruption to their business operations arising out of burdensome and protracted litigation, and potential litigation by Georgia IAs. Defendants believe that the settlement in this Agreement is likewise in their best interests.

H.      Defendants expressly deny any liability or wrongdoing regarding the claims alleged and any similar proceedings and enter into this settlement solely to compromise a disputed claim. Any references to the alleged business practices of Defendants in this settlement, this Agreement, or the related Court hearings and processes shall raise no inference respecting the propriety of those business practices or any other business practices of Defendants.

NOW, THEREFORE, in consideration of the agreements, releases, and other consideration, and intending to be legally bound, the Parties agree that the litigation is settled, compromised and dismissed on the merits and with prejudice (except as provided herein), without costs to the Parties except subject to approval of the Court, on these terms:

## II.     SETTLEMENT TERMS

### A.     Definitions

1.     "Action" means the lawsuit pending in the United States District Court for the Southern District of Texas as described in the caption to this Agreement.

2.     "Associated Class Counsel" means Jeffrey W. Burnett, Esq., of Jeffrey W. Burnett, PLLC and Thomas Goldstein and Eric Citron of Goldstein & Russell, P.C., and their respective firms.

3.     "Benefits-Electing Class Member(s)" means a Class Member who has not submitted a Valid Election Form electing the Cash Option and is deemed to have elected to receive the Benefits Option.

4.     "Benefits Option" means the recovery option comprising certain benefits and services that Class Members are entitled to receive under this Agreement if they do not elect to receive the Cash Option.

5.     "Cash-Electing Class Member(s)" means a Class Member who has submitted a Valid Election Form and elected the Cash Option described in this Agreement.

6.     "Cash Option" means the recovery option comprising a cash reward that Class Members may elect to receive under this Agreement.

7.     "Class Counsel" means, in no particular order, Scott Clearman, Andrew Kochanowski and Matthew Prebeg, and their current respective firms.

8.     "Class Member(s)" means a member of the Settlement Class who does not correctly and timely elect exclusion from the Settlement Class.

9.     "Class Period" means January 1, 2005 through April 2, 2011.

10.     "Complaint" means the Complaint filed by the Plaintiffs on June 30, 2009, as amended [Dkt. No.1, 238].

11.    "Court" means the United States District Court for the Southern District of Texas, the Honorable Kenneth M. Hoyt presiding.

12.    "Defendants" means each person, entity, and individual named as a defendant in the Third Amended Complaint, including SGE Management, LLC; Stream Gas & Electric, Ltd.; Stream SPE GP, LLC; Stream SPE, Ltd.; Ignite Holdings, Ltd; Chris Domhoff; Rob Snyder; Pierre Koshakji; Douglas Witt; Steve Flores; Michael Tacker; Donny Anderson; Trey Dyer; Steve Fisher; Randy Hedge; Brian Lucia; Logan Stout; Presley Swagerty; SGE Energy Management, Ltd.; SGE IP Holdco, LLC; SGE Georgia Holdco, LLC; SGE Serviceco, LLC; SGE Consultants, LLC; Stream Georgia Gas SPE, LLC; Stream Texas Serviceco, LLC; SGE Ignite GP Holdco, LLC; SGE Texas Holdco, LLC; SGE North America Serviceco, LLC; PointHigh Partners, LP; PointHigh Management Company, LLC; Darryl Smith; Susan Anderson; Mark Dean; La Dohn Dean; A.E. "Trey" Dyer, III; Sally Kay Dyer; Dyer Energy, Inc.; Diane Fisher; Kingdom Brokerage, Inc.; Fisher Energy, LLC; Susan Fisher; Mark Florez; The Randy Hedge Companies Inc.; Murlle, LLC; Robert L. Ledbetter; Sue Ledbetter; Beth Lucia; Greg McCord; Heather McCord; Rose Energy Group, Inc.; Timothy W. Rose; Shannon Rose; LHS, Inc.; Haley Stout; Property Line Management, LLC; Property Line LP; Swagerty Management, LLC; Swagerty Energy, Ltd; Swagerty Enterprises, LP; Swagerty Enterprises, Inc.; Swagerty, Inc.; Swagerty Power, Ltd.; Jeannie E. Swagerty; Sache, Inc.; Terry Yancy; and Shelba Yancy.

13.    "Effective Date" means the date on which all of these conditions are met:

a.    the Parties' execution of this Agreement;

b.    the Court's entry of the Final Approval Order approving this Agreement, entry of an order on attorneys' fees and costs, and entry of a final judgment dismissing the litigation with prejudice and against Plaintiffs and all Class Members and without costs (other than as provided in this Agreement) subject to this Agreement; and

c.      passing the earliest date on which: (i) the time for taking an appeal from the Final Approval Order and judgment and an order on attorneys' fees and costs has expired, with no appeal being filed; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and judgment and order on attorneys' fees and costs or dismisses the appeal.

Neither FED. R. CIV. P. 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be considered in determining the above-stated times.

14.     "Election Deadline" means the last date on which a Class Member may submit a Valid Election Form.  The Election Deadline will be seventy-five (75) days after the Preliminary Approval Date.

15.     "Election Form(s)" means the form, substantially in the form attached as Exhibit B, whether in electronic form or "hard copy," that may be completed by Class Members and submitted to the Settlement Administrator to elect settlement benefits as described herein.

16.     "Election Period" means the period during which Class Members may submit Election Forms under the Court's order.  The parties agree that the Election Period should run for seventy-five (75) days after the Preliminary Approval Date.

17.     "Fairness Hearing" or "Final Approval Hearing" means the hearing to be held by the Court, on notice to the Settlement Class, to consider final approval of the Settlement.  Class Counsel will raise at this hearing their motion for final approval of attorneys' fees and costs; however, any order relating to Class Counsel's and Associated Class Counsel's motion for allocation of attorneys' fees and costs may be separate from the Final Approval Order. The Parties will ask the Court to schedule the Fairness Hearing as soon as possible after one hundred (100) days from the Preliminary Approval Date.

18.     "Final Approval Order" means the Order granting final approval to the Settlement.  The Final Approval Order shall not be entered earlier than ninety (90) days after the appropriate officials have been served with notice of the Settlement under the Class Action Fairness Act of 2005, as codified at 28 U.S.C. §§ 1715(b)-(d), with a copy sent to Class Counsel.

19.     "Homesite" means the Stream Marketing Service, a website offered to IAs to market an IA's business and enroll customers online.

20.     "Ignite" means Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC,  Stream SPE GP LLC, Stream SPE LTD,  Stream Texas Serviceco, LLC, SGE Consultants, LLC,  SGE Energy Management, Ltd.,  SGE Georgia Holdco, LLC, SGE IP Holdco, LLC,  SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC,  SGE Serviceco, LLC, and SGE Texas Holdco, LLC.

21.     "Independent Associate" or "IA" means any person who enrolled in Ignite's independent associate program, or otherwise became an independent associate under Ignite's independent associate program (also known as the Ignite Services Program).

22.     "Named Plaintiffs" means Christopher Robison (acting as executor of the Estate of Eugene Robison) and Luke Thomas.

23.     "Parties" means the Named Plaintiffs, Torres and Ignite.

24.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

25.     "Preliminary Approval Order" means the Order granting preliminary approval of the Settlement, conditionally approving the form and manner of service of the Settlement Notice.

26.     "Released Claims" means any manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, injuries, damages and liabilities of any nature, whenever or however incurred, including claims for costs, fees, expenses, penalties, and attorney's fees,

whether class or individual, known or unknown, suspected or claimed, that Plaintiffs, the Class Members, or any Class Member ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity against any of the Released Persons, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of any of the Released Persons related to the conduct or similar conduct alleged or that could have been alleged in this litigation, including, but not limited to, any actions for fraud, securities fraud, misrepresentations, violations of 18 U.S.C. § 1962(c) and (d), negligence, breach of contract, or other conduct or omissions relating to the IA program or payments related thereto or Plaintiffs' and Class Members' transactions and interactions with Defendants regarding their status as an Independent Associate of Ignite.

27.    "Released Persons" means all Defendants and all of their current and former parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective, current, and former officers, directors, partners (limited, general and otherwise), owners, employees, agents, attorneys, beneficiaries, and insurers.  To avoid doubt, the Released Persons who are non-signatories to the Agreement are third-party beneficiaries and may enforce its terms, just as the Named Plaintiffs and Class Members' may enforce these terms against the Released Persons.  Third party beneficiaries who attempt to bring claims, causes of action, or seek remedies against Named Plaintiffs, any Class Members or their counsel relating to Released Claims, apart from enforcing the release of Released Claims, or who object to this settlement, or who refuse to agree to a dismissal of litigation with each side bearing its own costs, shall cease to be Released Persons and are subject to continued litigation.

28.    "Settlement" means the settlement embodied in this Agreement.

29.    "Settlement Administrator" means Epiq Global, Inc.

30.    "Settlement Class" means for the Settlement and this Agreement:

All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly

fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

Also excluded from the Settlement Class, even if they meet the criteria above, are (i) IAs who profited from Ignite (that is, earned more than they paid); (ii) the presiding judge(s) and his or her (or their) immediate family; (iii) any individual that elects to be excluded from the Settlement Class; and (iv) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court or arbitrator with jurisdiction over the claims.

31. "Settlement Notice" is the notice to the Settlement Class that describes the Settlement and the Agreement substantially in the form attached as Exhibit A and for which the Court has approved the form and manner of service.

32. "Settlement Notice Date" is the date by which the Settlement Notice will be emailed to the Settlement Class, which the Parties shall request to be thirty (30) days after the Preliminary Approval Date.

33. "Valid Election Form" means an Election Form completed, timely and properly submitted, and corroborated by the list of class members.

**B.    Class Certification**

The Parties acknowledge that the Court has certified a class under Fed. R. Civ. P. 23(b)(3). Defendants maintain any rights they might have to contest class certification under the certification order and the Named Plaintiffs maintain their rights to enforce class certification should this Agreement fail to become effective or is not implemented under its terms.  If this Agreement fails to be implemented, Defendants reserve all rights they may have to object to class certification in this litigation, Plaintiffs reserve all rights they have, and no representation, concession, or stipulation made in the Settlement or this Agreement shall be law of the case or an admission by Defendants or Named Plaintiffs or

have any preclusive effect against Defendants or Named Plaintiffs or give rise to any form of estoppel or waiver by Defendants or Named Plaintiffs in this litigation.

The Parties have agreed that, for purposes of this settlement, IAs who were residents of Georgia when they joined Ignite shall be members of the Settlement Class (provided such persons meet the other requirements of the Settlement Class definition) and shall be subject to this Agreement (unless such persons correctly and timely opt out of the class). If the Court determines for any reason that the Georgia IAs shall not be included in the Settlement Class, the Parties agree that the Settlement should proceed with the balance of the Settlement Class without affecting any other terms of this Agreement. Under the terms of this Agreement, the Parties shall ask the Court to include the Georgia IAs in the Settlement.

Defendants reserve all rights to object to any motion to certify any class in any other proceeding, and no representation, concession, or stipulation made in the Settlement or this Agreement shall be an admission by Defendants or to have any preclusive effect against Defendants or to give rise to any form of estoppel or waiver by Defendants in any other proceeding. Individuals falling outside of the definition of the Settlement Class are not bound by this Agreement.

C.     **Settlement Administration**

Subject to the joint approval of Class Counsel and Ignite, a Settlement Administrator will be hired and funded by Ignite. The Settlement Administrator will be responsible for providing the Settlement Notice to the Settlement Class and administering the claims of the Class Members. The Settlement Administrator will:

a.     establish a toll-free number and a settlement website, such as www.ignitestreamclassaction.com (or another site agreed to by Class Counsel and the Ignite) and then having done so, and before sending the Settlement Notice by email, populated it with (a) the Settlement Notice, (b) the original complaint, (c) the amended complaint; (d) the answer, (e) the Fifth

Circuit's opinion on certification [Dkt. No. 229-2], (f) the toll-free number for the Class Members to contact the Settlement Administrator, and (g) the Election Form;

      b.      obtain and maintain a database of names and email addresses of the Class Members;

      c.      compare that database with other reasonably available sources to increase accuracy;

      d.      take reasonable steps to reduce the likelihood that the emailed Settlement Notice will be rejected or blocked by internet providers and "spam" protectors (and inform the Parties if it appears the Settlement Notice has been rejected or blocked);

      e.      email the Settlement Notice as approved or directed by the Court with an assigned unique claim number that shall be the IA's identification number as initially created by Ignite;

      f.      maintain and answer, whether through live or automated means, a toll-free telephone number dedicated to the Settlement to assist Class Members in filling out and sending in their responses to the Settlement Notice;

      g.      inform Class Members that they may contact Class Counsel if they need additional assistance in completing an Election Form;

      h.      provide a blank Election Form to any Class Member who requests one;

      i.      create a list of any Class Member whose email is returned undelivered, and then send each of those Class Members one follow-on postcard notice by mail to his or her last-known address in Defendants' databases in the form of **Exhibit C** referring them to the settlement website;

      j.      compile a list of Class Members who submit Election Forms, verifying whether they are Valid Election Forms (including by verifying the identity of the Class Members) and recording such elections;

      k.      provide to Class Counsel and Ignite a list of Class Members who have submitted Valid Election Forms and their elections no later than fifteen (15) days after the Election Period begins, and after

that, provide to Class Counsel and Ignite a list of additional Class Members who have submitted Valid Election Forms and their respective elections weekly for the remainder of the Election Period;

l.        provide Class Counsel and Ignite a complete and final list of each individual Class Member who has excluded himself or herself from the Settlement Class; and

m.        provide Class Counsel and Ignite a complete and final list of all Class Members who have submitted Valid Election Forms with the elections made by each such Class Member, within fifteen (15) days after the Election Period.

### D.        Settlement Notice

The Parties agree to cooperate in completing the Settlement Notice, ensuring that the Settlement Notice complies with the requirements of Fed. R. Civ. P. 23 and due process and obtaining Court approval of the Settlement Notice. The Court has found "that since substantially all Ignite's communications with the class members (other than the mailing of checks) is done by email, email is likely the most effective method of notice. Email is also less wasteful of the environment (paper, transportation of the mail, *etc.*) and is less costly than United States Mail." [Dkt. No. 276]. The Parties agree that notice by email provides the best notice practicable under the circumstances. Notice by email shall take place by the Settlement Notice Date. The Parties will file the proposed Settlement Notice with the motion for preliminary approval, which shall request Court approval of the form of the Settlement Notice and manner of service. The Settlement Notice shall be substantially in in the form of Exhibit A attached. In addition, counsel for Ignite shall send notice to the appropriate official(s) under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Ignite shall be solely responsible for all costs relating to sending the Settlement Notice, administering Election Forms and opt outs.

In conjunction with the motion for final approval of the settlement and no later than eighty-five (85) after the Preliminary Approval Date, the Parties shall certify to the Court compliance with the notice provisions of this Section.

### E.    Consideration for Release of Claims

Each Class Member shall be entitled to receive the Benefits Option described below, unless the Class Member submits a Valid Election Form in which the Class Member elects to terminate the IA relationship and accept the Cash Option instead.

1.    *Cash Option*—Class Members who choose this option shall receive a cash payment based on the following formula: 20% of the difference between the amount that the Cash-Electing Class Member paid to Ignite and the amount that Ignite paid to the Cash-Electing Class Member, as of the Preliminary Approval Date. The amount of the cash payment will vary for each Cash-Electing Class Member based on individual circumstances. The Court will provide the Class Members this formula on the Election Form. Cash-Electing Class Members shall be excluded from the IA program and shall no longer be entitled to receive any compensation or other benefits from being an IA. Cash-Electing Class Members may be eligible to re-enroll in the IA program later, at Ignite's sole discretion, under the terms then in effect.

Within thirty (30) days after the Effective Date, Ignite, assisted by the Settlement Administrator, shall issue a check to each Cash-Electing Class Member. The checks shall be delivered to each Cash-Electing Class Member at the address on each Cash-Electing Class Member's Election Form by first-class mail. Each Cash-Electing Class Member receiving a check shall have one hundred twenty (120) days from the mailing of the check within which to cash the check. Upon the expiration of one hundred twenty (120) days from the mailing of the check, the check will become void, provided that the check was properly mailed to the address listed on the Cash-Electing Class

Member's Election Form and the Class Member did not cash the check. Such voiding shall invalidate no provision of this Agreement.

2. ***Benefits Option***—Class Members who do not elect to receive the Cash Option shall receive this package of benefits:

      a.    A $5 per month referral payment for each new customer account that enrolls in a Stream Energy electricity plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her electricity bill with Stream Energy for a maximum of twelve (12) months per customer account;

      b.    A $2 per month referral payment for each new customer account that enrolls in a Stream Energy gas plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her gas bill with Stream Energy for a maximum of twelve (12) months per customer account;

      c.    Twelve (12) months of free use of the Homesite (current market price of $300) beginning on January 1, 2019 and ending on January 1, 2020;

      d.    Free admission to the 2019 Ignition conference (current market price of $189), provided the Class Member contacts Ignite in writing to request admission at least thirty (30) days before the conference; and in the event that the conference is at capacity, free admission to a future Ignition conference will be provided in lieu of the 2019 conference; and

      e.    For any Class Members whose IA status was previously canceled or terminated, free reinstatement as an IA under the terms described (current market price of $199).

In addition, Benefits-Electing Class Members shall continue to receive any other compensation or benefits to which they may be entitled under their existing IA program.

No referral payments shall be paid on or after January 1, 2021, regardless whether the Benefits-Electing Class Member has received twelve (12) months of payments as of that date; provided, however, that any Accrued Referral Payments may be paid after January 1, 2021. "Accrued Referral Payment" means a monthly referral payment that (a) relates to a monthly energy bill that the customer paid before January 1, 2021; (b) the Benefits-Electing Class Member has not yet been paid; and (c) the Benefits-Electing Class Member otherwise may receive.

Benefits-Electing Class Members shall not be subject to any automatic renewals or automatic fees, including (but not limited to) continued use of the Homesite after twelve (12) months.

Benefits-Electing Class Members may activate their Homesite using a website link provided via email to each Benefits-Electing Class Member within twenty (20) days of the Effective Date. If any Benefits-Electing Class Member subscribes to the Homesite, Ignite shall cancel such subscription automatically on December 31, 2019.

F.       **Payment to Plaintiffs.** Torres, the first plaintiff, and the Named Plaintiffs have, in the opinion of Class Counsel, worked hard on behalf of the Settlement Class. Ignite shall take no position on any request by Class Counsel or Associated Class Counsel for an award of these amounts to (i) Juan Ramon Torres, $5,000.00, (ii) The Estate of Eugene Robison, $15,000.00 and (iii) Lucas Thomas, $5,000.00. Ignite will pay Juan Ramon Torres, The Estate of Eugene Robinson and Lucas Thomas within 20 days of the Effective Date.

G.       **Other Payments by Ignite.**

Within 20 days of the Effective Date, and without regard to the inclusion or exclusion of the Georgia IAs, Ignite shall pay the amount awarded by the Court to Class Counsel and Associated Class Counsel, up to $10,275,000, for their costs and fees,   The amount and distribution of the fees

and costs will rest within the discretion of the Court, but in no event, shall Class Counsel seek an award of fees and costs exceeding $10,275,000. Defendants shall neither express an opinion contesting an award of costs and fees of up to $10,275,000 nor how it should be allocated among Class Counsel and Associated Class Counsel. The distribution of the fees and costs set by the Court, or altered on appeal, is not material to this Agreement and shall affect no other rights, releases, or obligations under this Agreement, provided the fees and costs do not exceed $10,275,000. Ignite's payment of fees and costs, as awarded by the Court in an amount not to exceed $10,275,000, is a material condition of this Agreement.

### H.     Full and Final Settlement

The Parties agree they are each settling this action voluntarily after consultation with experienced legal counsel and that the terms were negotiated at arm's length and in good faith. The Parties intend the Settlement to be a final and complete resolution. The Parties agree to cooperate with one another and use their best efforts to finalize and effectuate this Agreement, including, but not limited to, seeking the Court's approval of procedures (including giving the Settlement Notice and scheduling the Fairness Hearing under Federal Rules of Civil Procedure 23(c) and (e)) to obtain Final Approval of the Settlement and the judgment of final dismissal with prejudice. The Parties further agree not to do anything to encourage any member of the Settlement Class to oppose or obstruct the Settlement or to opt out of the Settlement.

### I.     Release

Upon the Effective Date and with no further action by the Court or by any Party to this Agreement, the Named Plaintiffs, Torres, the Class Members, and all of their respective administrators, executors, personal representatives, heirs, agents, assigns, predecessors, and successors (excluding Class Counsel) collectively, the "Releasors," for good and sufficient consideration as described in this Agreement, the receipt and adequacy of which is acknowledged and confirmed, shall be deemed to, and have remised, released, and forever discharged the Released Claims, which they, or any of them, had or has, or may in

the future have or claim to have against the Released Persons (including but not limited to any third-party beneficiaries of this Agreement). After the Effective Date, the Releasors shall not seek, and are hereafter barred and enjoined from seeking, to recover from any Released Persons based, in whole or in part, upon the Released Claims or conduct at issue in the Released Claims.

Releasors also expressly waive and release upon the Effective Date any rights and benefits conferred by any provision, statute, regulation, rule, or principle of law or equity of any state or applicable jurisdiction that provides that a general release does not extend to claims which a person or creditor does not know or suspect to exist in his favor at the time of executing the release. The Releasors acknowledge that they know that they may hereafter discover facts besides, or different from, those facts which they know or believe to be true regarding the subject of this Agreement, but that they intend to release fully, finally, and forever all Released Claims, and to further such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## III.    PROCEDURES FOR EFFECTUATING SETTLEMENT

### A.    Preliminary Approval

Within ten (10) days of the execution of this Agreement, Named Plaintiffs will move the Court for an order preliminarily approving the Settlement, substantially in the form of the proposed order at Exhibit **D**, and requesting that the Court:

1.    Approve the form and content and manner of service of the Settlement Notice to be sent to the Settlement Class via email, substantially in the form of Exhibit A to this Agreement;

2.    Set the date of the Fairness Hearing, which shall be as soon as possible after one hundred (100) days after the Preliminary Approval Date, and shall be included in the Settlement Notice, and at which Plaintiff shall request and attempt to obtain entry of an order and final judgment, substantially in the form of the proposed order at Exhibit **E**, which:

a. approves the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directs the consummation of the Settlement according to its terms;

b. directs that, subject to fulfilling the terms, the litigation be dismissed with prejudice and without costs (other than stated herein);

c. reserves exclusive and continuing jurisdiction over the Settlement , including the administration and consummation of the Settlement, to the Court; and

d. approves, subject to fulfillment of the terms, the release of the Released Claims as specified herein as binding and effective on all Class Members and permanently bars and enjoins such Class Members from asserting any Released Claims.

**B. Treatment of Potential Opt-Outs and Objectors**

Subject to an Order so providing, the Parties agree that:

**1. Opt -Outs**

Any member of the Settlement Class, other than the Named Plaintiffs, may elect to be excluded from this Settlement by timely and adequately opting out of the Settlement Class.  Any member of the Settlement Class who desires to be excluded from the Settlement Class must give to the Settlement Administrator by the date specified in the Settlement Notice written notice of his election to be excluded.

Any notice of exclusion shall include the following from the member of the Settlement Class seeking to be excluded:  (a) full name, (b) phone number, (c) address, (d) a statement that the person wishes to be excluded from the settlement, and (e) the signature of the person who wishes to be excluded from the settlement.

The last date to opt out of the Settlement Class will be seventy-five (75) days after the Preliminary Approval Date, subject to Court approval and inclusion in the Settlement Notice ("Opt-Out Deadline").

Any member of the Settlement Class who timely and adequately opts out of the Settlement Class will not be bound by this Agreement, including any releases.

Plaintiffs agree not to opt out of this Settlement, but rather affirmatively to support entry of the Final Approval Order.  Plaintiffs, Class Counsel, Ignite and Ignite's counsel shall not encourage any member of the Settlement Class to opt out or discourage any member of the Settlement Class from participating in this Settlement.

### 2.      Objections

Any Class Member who wishes to object to this Settlement must file a written objection and, if the objector wishes to appear before the Court,  a notice of intention to appear before the Court at the Fairness Hearing and serve copies of the same on Class Counsel and counsel for Ignite.  All written objections must: (a) be marked as "Written Objections to Settlement Agreement" in *Torres v. S.G.E Mgmt., LLC*, Civil Action No. 4:09-cv-2056; (b) state the objector's full name, address, and telephone number; (c) set forth a brief statement regarding the objections; (d) state the reasons for the objections; (e) include copies of any papers that support the objections; (f) the objector's signature and verification under oath that the objector believes he/she is a Settlement Class member; and (g) if the objector wants to be heard at the Final Approval Hearing, state that the objector intends to appear at the Final Approval Hearing.  If an attorney makes the objection, the written objection must provide the attorney's name, address, email address, and telephone number.  All objectors may be subject to discovery.

The last date for Class Members to object to the Settlement or file a notice of intention to appear at the Fairness Hearing will be eighty (80) days after the Preliminary Approval Date.

The Plaintiffs agree not to object to entry of the Final Approval Order of this Settlement, but rather affirmatively to support entry of the Final Approval Order.  Neither the Plaintiffs, Class Counsel,

Defendants, nor Defendants' counsel shall in any way encourage any Class Member to object to this Settlement.

### C.    Final Approval of the Court

Named Plaintiffs shall file all motions and other filings to support the request for a Final Approval Order no later than 85 days after the Preliminary Approval Date. Plaintiffs shall file all motions and other filings to support the motion for approval of attorneys' fees and costs no later than 75 days after the Preliminary Approval Date.

This Agreement and the Settlement are subject to final approval by the Court. If the Settlement is finally approved, the Court will enter a judgment dismissing all claims against Defendants with prejudice, subject to the terms of this Agreement. Upon filing a petition by Ignite or any of its creditors against Ignite (1) in any bankruptcy or other insolvency proceeding; (2) seeking any relief under any state or federal debtor relief law; (3) to appoint a liquidator or receiver; (4) for the reorganization or modification of Ignite's capital structure; or (5) in any assignment for the benefit of creditors proceeding so any benefit conferred to any Named Plaintiff, Class Member or Class Counsel under this Agreement is deemed a preference or otherwise subject to a "claw back", rescission or otherwise owed back to Ignite or its estate, this Agreement is null, unless Ignite has already made all payments required under this Agreement more than 90 days before such proceeding is initiated, and such payment is not subject to the jurisdiction of any such proceeding.

If this Agreement is not approved or if it is materially modified by the Court or upon appeal or remand, any Party may rescind this Agreement in its entirety by written notice to the Court and to counsel for the other Parties filed and served within ten (10) business days of the event triggering the right to rescind. If no Party timely elects to rescind, then the Parties shall remain bound to the Settlement as so modified. For this paragraph, a "material modification" significantly affects the rights or obligations of one or more of the Parties. Without limiting the preceding and by way of illustration only, (a) any change to the Release

in this Agreement; (b) any material change to the Final Approval Order, or (c) any increase in the cost of the Settlement to be borne by Ignite shall be deemed to be a material modification. No order or action of the Court about attorneys' fees or expenses shall be considered to constitute a material modification if such order, action or modification does not increase the cost of Settlement to be borne by Ignite and does not require that Ignite do anything not explicitly set forth herein. Any dispute on the materiality of any modification or proposed modification of this Agreement shall be resolved by the Court.

### D.      Termination of Agreement

This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; (b) at the timely election of any Party, in the event of any proposed material modification of this Agreement as a condition to approval of the Settlement, except for proposed modifications to the Class Notice; (c) at the timely election of Ignite, in the event of any proposed material modification of the Class Notice as a condition to approval of the Settlement; (d) prior to the Court's approval of this Agreement, upon the agreement of the Parties through their counsel; or (e) prior to the Court's final approval of this Agreement, if any governmental entity brings or threatens to bring a claim against Defendants relating to the conduct alleged in the Complaint.

### E.      Effect of Termination of Agreement

If this Agreement is terminated, each Party shall return to his, her, or its respective status as of the execution of this Agreement, and the Parties shall proceed as if this Agreement had not been executed and any related orders had not been entered, preserving all of their respective claims and defenses.

### F.      Non-Waiver of Rights to Compel Arbitration

Neither execution of this Agreement nor its submission to the Court for approval (whether or not the Agreement is finally approved) shall constitute a waiver or forfeiture of, nor in any other way affect, any Party's right to compel arbitration against any person that may exist prior to or subsequent to this Agreement. The Parties expressly reserve any and all rights to compel arbitration that may exist prior to

or subsequent to this Agreement, including (but not limited to) any right of the Released Persons to compel arbitration against any member of the class that opts out of the settlement.  The Parties expressly agree that this Agreement and its submission to the Court for approval (along with all documents related to this Agreement) are not inconsistent with any right to compel arbitration.  For the avoidance of doubt, this Agreement and its related documents shall not be construed to create or revive any right to compel arbitration that did not exist immediately prior to execution of this Agreement.  Nothing in this Agreement shall be construed as an admission that any party does not have a right to proceed in arbitration.  Notwithstanding the foregoing, the Parties consent to this Court's jurisdiction with respect to enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

## IV.    MISCELLANEOUS PROVISIONS

### A.    Costs

Except as otherwise provided in this Agreement, each Party shall bear its own costs, attorneys' fees, and expenses.

### B.    Entire Agreement

This Agreement, with its Exhibits, constitutes the entire agreement between the Parties regarding the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties.  Neither Plaintiffs nor Ignite are entering into this Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

### C.    Amendments

This Agreement may be modified or amended only by a writing signed by the Parties or their counsel.

### D.    Extensions of Time

The Parties may jointly request that the Court allow reasonable extensions of time to carry out the Agreement without formally amending this Agreement.

### E.     The Parties' Authority

Under the Court's order designating them as class counsel, Class Counsel represent and warrant they may take all actions required or permitted to be taken by or on behalf of the Named Plaintiffs and the Settlement Class and Class Members to effectuate this Agreement.  Subject to the significance of the event, Class Counsel also may enter into modifications or amendments to this Agreement on behalf of the Named Plaintiff, the Settlement Class and the Class Members.

Ignite and Ignite's counsel represent and warrant that the undersigned acting on behalf of Ignite have authority to execute this Agreement on behalf of Ignite.

### F.     Counterparts

The Parties may execute this Agreement in one or more counterparts, all of which together shall be deemed the same instrument.  The Parties agree that they may file a copy of the executed counterparts for the motion to approve the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiff's Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### G.     Binding Nature

This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of Plaintiffs, Class Members, and Ignite.

### H.     Construing the Agreement

This Agreement shall not be construed more strictly against one Party than another regardless of who drafted it.  The Parties recognize this Agreement results from arms-length negotiations between the Parties, and they acknowledge that all Parties have contributed substantially to preparing this Agreement; so, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.  Each Party acknowledges that it has been and is being advised by competent legal counsel of the Party's own choice and understands this Agreement, and the meaning and import

thereof, and that such Party's execution of this Agreement is with the advice of such Party's counsel and of such Party's own free will. Each Party represents and warrants it has enough information regarding the litigation, the Settlement, and the other Parties to reach an informed decision and has, independently and without relying on other Parties, and based on it has deemed appropriate, made its own decision to enter into this Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Agreement.

### I.      Taxes

Each individual, including Plaintiffs, Class Members, and Class Counsel receiving funds under this Agreement shall be solely responsible for filing all information and other tax returns necessary or making any tax payments related to funds received by each under this Settlement Agreement. Ignite makes no representations regarding, and shall not be responsible for, the tax consequences of any payments made under this Agreement.

### J.      Public Statements

Plaintiffs, Class Counsel, Associated Class Counsel, Ignite, its counsel and Defendants and their representatives shall not issue any press release relating to the Settlement or the Litigation; provided, however, all may issue a press release if all agree. No individual is prohibited from stating that they served as counsel or that this Litigation was resolved by the public terms of this Settlement and Agreement.

Class Counsel is free to advise any class member who contacts them about anything. That stated, Class Counsel believes that the Settlement is in the best interest of all. But, for example, if a class member states that they have other litigation or other counsel, Class Counsel may give any recommendation they think best. In connection with any other litigation against Ignite or the Defendants, Counsel is free to state anything other than attempt to use the fact of this Settlement against Ignite or Defendants.

**K.      Choice of Law**

This Agreement shall be governed by and interpreted under the substantive law of the State of Texas, exclusive of its choice of law principles.

**L.      Jurisdiction**

The Parties submit to the exclusive jurisdiction of the United States District Court for the Southern District of Texas to enforce this Agreement or implementing any part of the Settlement embodied in this Agreement.

**M.      No Admissions**

Neither this Agreement nor any proceedings connected with it shall be deemed or construed to be an admission by any Party or any Released Person of any wrongdoing or liability or evidence of any violation by Defendants of any federal or state statute or law, and evidence thereof shall not be discoverable or used, directly or indirectly, except in a proceeding to interpret or enforce this Agreement. This Agreement represents the settlement of disputed claims and does not constitute, nor shall it be construed as, an admission of the correctness of any position asserted by any Party, or an admission of liability or of any wrongdoing by any Party, or as an admission of any strengths or weaknesses of the Plaintiffs' or the Settlement Class's claims or Defendants' defenses.  Defendants specifically deny any wrongdoing or liability.

**N.      Headings**

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

**O.      Dates and Days**

Except as specifically provided for, where this Agreement refers to any period in days, it shall be understood to refer to calendar days; however, if the end date of the period falls on a weekend or federal holiday, then the end date shall be the next day that is not a weekend or federal holiday.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the date and year first above written.

Dated: 19 June 2018

_____
Matthew J.M. Prebeg
Class Counsel

Dated: 28 May 2016

_____
Scott M. Clearman
Class Counsel

Dated: June 1, 2018

_____
Andrew Kochanowski
Class Counsel

Dated: 6-1-18

_____
Christopher Robison (as Executor of the Estate of Eugene Robison) Named Plaintiff/Class Representative

Dated: 6-2-18

_____
Lucas Thomas
Named Plaintiff / Class Representative

Dated: 6-7-18

_____
Juan Torres
Plaintiff

Dated: May 27, 2018

_____
Robert C. Walters
Ignite's Counsel
(on behalf of Ignite)

Dated: May 30, 2018

_____
Daniel Terrell
General Counsel, Stream Energy
(on behalf of Ignite)

Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

## NOTICE OF CLASS-ACTION SETTLEMENT

**If you joined Ignite as an independent associate ("IA") from January 1, 2005, through April 2, 2011, this notice of class-action settlement may affect you.**

- *A Federal Court ordered the distribution of this notice to you and others similarly situated. Do not be alarmed; you are not being sued. This is not a solicitation from a lawyer.*
- **Please read this document carefully** – your rights may be affected by the Settlement described below.
- This Notice concerns the Settlement of a class action in a matter pending before the U.S. District Court for the Southern District of Texas. The Settlement does not constitute an admission of liability or wrongdoing by the defendants.
- This Notice is not an expression by the Court of any opinion on the merits of the claims and defenses asserted by either side.
- You are receiving this Notice because you are believed to be a member of the class and therefore may participate in the Settlement, unless you ask to be excluded as explained below.

| YOUR LEGAL RIGHTS AND OPTIONS RELATED TO THIS SETTLEMENT | |
|---|---|
| **Participate in the Settlement** | **Stay in the class and give up the right to sue the defendants separately. You do not need to do anything to remain in the class.**<br><br>If you wish to participate in the Settlement and you wish to receive the Benefits Option described below, you do not need to do anything. If you wish to participate in the Settlement and elect the Cash Option described below, you must complete the required Election Form by _____. The Election Form may be completed online at www._____, emailed or mailed to the Settlement Administrator. If you do not timely complete the Election Form, and do not opt out of the Settlement, you will be automatically enrolled in the Benefits Option. By participating in the Settlement, you give up any rights to sue the defendants separately over the Released Claims, as described below. |
| **Exclude Yourself** | **"Opt out" of the class. Do not receive any benefit from the Settlement. Keep the right to sue the defendants separately.**<br><br>If you choose to be exclude yourself from the Settlement Class (as explained below), you won't share in any Settlement benefits. But, you will keep your rights to sue the defendants. The deadline to exclude yourself is _____. |
| **Object to the Settlement** | **You may object to the Settlement and you may request to appear at the Final Approval Hearing.**<br><br>If you object to the Settlement you remain a member of the class. The requirements to object to the Settlement are stated below. The deadline to object to the Settlement is _____. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- A full copy of the Settlement Agreement; the plaintiffs' complaint which names the parties and explains the claims; and the defendants' answer to the complaint, may be found at the following web address: [Settlement URL].

## What This Notice Contains

Notice of Class Action..................................................................................................................1

1. Why did I get this notice?.................................................................................................2
2. What is this lawsuit about?...............................................................................................2
3. What is a class action?......................................................................................................2
4. How do I know if I am in the Settlement Class?...............................................................3
5. Do I have a lawyer?...........................................................................................................3
6. What is the status of the case?..........................................................................................4
7. What are the Cash Option and Benefit Option? ...............................................................4
8. Where can I find information about the Settlement?.........................................................5
9. What if I want to exclude myself from the Settlement?....................................................5
10. Cash Option Election Form...............................................................................................5

### 1.       Why did I get this notice?

You have been identified as an individual who may have joined Ignite, called "Ignite Powered by Stream Energy," as an Independent Associate ("IA") and paid Ignite more than you have received through the Ignite Services Program.  If so, and you meet the class definition in Section 4 below, you are a member of the Settlement Class and entitled to benefit from the Settlement, provided that you do not exclude yourself from the Class.

The Court in charge of this class action is the United States District Court for the Southern District of Texas, Judge Kenneth M. Hoyt presiding, in *Torres, et al, plaintiffs v. SGE Management LLC, et al, defendants*, Civil Cause No. 4:09-CV-2056. This Court has ordered this Notice of Class-Action Settlement be delivered to you by email.

### 2.       What is this lawsuit about?

The plaintiffs sued the defendants claiming that they lost money because defendants allegedly violated the federal Racketeer Influenced and Corrupt Organizations Act (RICO).[1]  The defendants vigorously denied these allegations and contended that they have no merit because Stream serves hundreds of thousands of energy customers and compensates IAs only in relation to actual energy sales.  The Court expresses no opinion on the merits of the parties' respective positions, and neither this Notice nor the fact of the agreed Settlement should be understood to reflect on the merits of the parties' respective positions.

### 3.       Why is this a class action?

In a class action, one or more individuals are the class representatives who sue on behalf of a class.  Here the class action was first filed by Juan Torres but the Class is now represented by Christopher Robison (as executor of the Estate of Eugene

---

[1]       The defendants include SGE Management, LLC; Stream Gas & Electric, Ltd.; Stream SPE GP, LLC; Stream SPE, Ltd.; Ignite Holdings, Ltd; Chris Domhoff; Rob Snyder; Pierre Koshakji; Douglas Witt; Steve Flores; Michael Tacker; Donny Anderson; Trey Dyer; Steve Fisher; Randy Hedge; Brian Lucia; Logan Stout; Presley Swagerty; SGE Energy Management, Ltd.; SGE IP Holdco, LLC; SGE Georgia Holdco, LLC; SGE Serviceco, LLC; SGE Consultants, LLC; Stream Georgia Gas SPE, LLC; Stream Texas Serviceco, LLC; SGE Ignite GP Holdco, LLC; SGE Texas Holdco, LLC; SGE North America Serviceco, LLC; PointHigh Partners, LP; PointHigh Management Company, LLC; Darryl Smith; Susan Anderson; Mark Dean; La Dohn Dean; A.E. "Trey" Dyer, III; Sally Kay Dyer; Dyer Energy, Inc.; Diane Fisher; Kingdom Brokerage, Inc.; Fisher Energy, LLC; Susan Fisher; Mark Florez; The Randy Hedge Companies Inc.; Murlle, LLC; Robert L. Ledbetter; Sue Ledbetter; Beth Lucia; Greg McCord; Heather McCord; Rose Energy Group, Inc.; Timothy W. Rose; Shannon Rose; LHS, Inc.; Haley Stout; Property Line Management, LLC; Property Line LP; Swagerty Management, LLC; Swagerty Energy, Ltd; Swagerty Enterprises, LP; Swagerty Enterprises, Inc.; Swagerty, Inc.; Swagerty Power, Ltd.; Jeannie E. Swagerty; Sache, Inc.; Terry Yancy; and Shelba Yancy.  All deny any liability to the class.

Robison) and Lucas Thomas. Each of these persons (or estate) has been deposed, required to answer discovery and consult with Class Counsel. They have each spent many hours that were not required of other Class Members. Given their effort for the Class, the plaintiffs propose that Christopher Robison (as executor of the Estate of Eugene Robison) will receive $15,000 and Lucas Thomas and Juan Torres will each receive $5,000 for their service to the Class, subject to the Court's approval. Class representatives sue for themselves and on behalf of other individuals who may have similar claims against the defendants. These other individuals are called class members. Once a court resolves the issues for the class representatives or approves the Settlement for the class, it resolves the matter for all class members, except for those who request exclusion by opting out.

| 4. | How do I know if I am in the class action? |
|---|---|

On [date of preliminary approval], the Court has specifically defined the Class as these persons:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

"Ignite" means Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC, Stream SPE GP LLC, Stream SPE LTD, Stream Texas Serviceco, LLC, SGE Consultants, LLC, SGE Energy Management, Ltd., SGE Georgia Holdco, LLC, SGE IP Holdco, LLC, SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC, SGE Serviceco, LLC, and SGE Texas Holdco, LLC.

The Court has excluded any individual who profited from Ignite (that is, received more money from Ignite than the individual paid to Ignite). From Ignite's records, you have been identified as a Class Member.

Unless you exclude yourself, you will be part of the Class, and you will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot sue, continue to sue, or be party of any lawsuit against Ignite, the defendants, or the other Released Persons asserting a "Released Claim," as defined below. It also means that the Court's Order approving the Settlement and the judgment in this case will apply to you and legally bind you.

The "Released Claims" that you will not be able to assert includes any manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, injuries, damages and liabilities of any nature, whenever or however incurred, including claims for costs, fees, expenses, penalties, and attorney's fees, whether class or individual, known or unknown, suspected or claimed, that Plaintiffs, the Class Members, or any Class Member ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity against any of the Released Persons, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of any of the Released Persons related to the conduct or similar conduct alleged or that could have been alleged in this litigation, including, but not limited to, any actions for fraud, securities fraud, misrepresentations, violations of 18 U.S.C. § 1962(c) and (d), negligence, breach of contract, or other conduct or omissions relating to the IA program or payments related thereto or Plaintiffs' and Class Members' transactions and interactions with Defendants regarding their status as an Independent Associate of Ignite.

| 5. | Do I have a lawyer? |
|---|---|

Yes, if you remain in the class. The Court has appointed these attorneys to represent the Class:

| Scott M. Clearman | Andrew Kochanowski | Matthew Prebeg |
|---|---|---|
| The Clearman Law Firm, PLLC | Sommers Schwartz, P.C. | Prebeg, Abbott & Faucett, LLP |
| P.O. Box 541999 | 1 Towne Square, Ste. 1700 | 8441 Gulf Freeway, Ste. 307 |
| Houston, TX 77254 | Southfield, MI 48076 | Houston, TX 77017 |
| Toll-free: (877) 285-1473 | Toll-free: (866) 943-5538 | (832) 742-9260 |
| www.clearmanlaw.com | www.sommerspc.com | www.pfalawfirm.com |

These three attorneys are "Class Counsel." More information about these attorneys and their firms is available on their websites. Class Counsel first started by researching the facts and law leading to Juan Torres's initial complaint of over eighty

pages filed on June 30, 2009.  Since then, the case has twice been presented to the United States Court of Appeal.  It involved many depositions and the production and review of hundreds of thousands of documents.  As part of the Settlement, the defendants have agreed not to oppose Class Counsel's application for fees and costs up to $10,275,000, which is subject to approval by the Court.  In other words, you will not be otherwise charged for the services of these lawyers.  You need not hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may hire one at your own expense.

## 6.    What is the status?

After the Court certified the case as a class action, the parties agreed to the Settlement.  Although both the plaintiffs and the defendants continue to believe in the merits of their respective cases, they agreed that compromising the claims under the terms of the Settlement would be in everyone's best interests.  The Settlement provides that every Class Member that remains part of the Class will receive certain benefits, including an opportunity to make more money by selling Stream energy to new customers.  Alternatively, Class Members may elect to terminate their relationship with Ignite and receive a cash payment.  If the Court approves the Settlement, Class Members will be entitled to receive the benefits provided by the Settlement, they will no longer be able to bring claims against the defendants related to the claims in this case, and the litigation will be over.  The Court is scheduled to hold a public hearing to address final approval of the Settlement on [DATE] at [TIME] at the U.S. District Court in Houston, Texas.

## 7.    What are the Cash Option and Benefit Option?

Under the terms of the Settlement, you may do nothing and be automatically enrolled in the Benefits Option.  Under the Benefits Option, each participating Class Member will receive the following:

a.    A $5 per month referral payment for each new customer account that enrolls in a Stream Energy electricity plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her electricity bill with Stream Energy for a maximum of twelve (12) months per customer account;

b.    A $2 per month referral payment for each new customer account that enrolls in a Stream Energy gas plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her gas bill with Stream Energy for a maximum of twelve (12) months per customer account;

c.    Twelve (12) months of free use of the Homesite (current market price of $300) beginning on January 1, 2019 and ending on January 1, 2020;

d.    Free admission to the 2019 Ignition conference (current market price of $189), provided the Class Member contacts Ignite in writing to request admission at least thirty (30) days before the conference; and in the event that the conference is at capacity, free admission to a future Ignition conference will be provided in lieu of the 2019 conference; and

e.    For any Class Members whose IA status was previously canceled or terminated, free reinstatement as an IA under the terms described (current market price of $199).

In addition, Benefits-Electing Class Members shall continue to receive any other compensation or benefits to which they may be entitled under their existing IA program.

No referral payments shall be paid on or after January 1, 2021, regardless whether the Benefits-Electing Class Member has received twelve (12) months of payments as of that date; provided, however, that any Accrued Referral Payments may be paid after January 1, 2021.  "Accrued Referral Payment" means a monthly referral payment that (a) relates to a monthly energy bill that the customer pays before January 1, 2021; (b) the Benefits-Electing Class Member has not yet been paid; and (c) the Benefits-Electing Class Member otherwise may receive.

Benefits-Electing Class Members may activate their Homesite using a website link that will be provided via email to each Benefits-Electing Class Member. Alternatively, Class Members can elect the **Cash Option** and receive a cash payment by check equal to 20% of the difference between the total amount you paid Ignite and the total amount that Ignite paid you. The cash payment will vary based on your individual circumstances. Example: If you paid $329 to Ignite in total and

received $100 from Ignite, you would be entitled to receive a cash payment of $45.80 (that is, 20% of the difference between $329 and $100).

If you wish to elect the Cash Option, **you must complete and send the required Election Form on or before** _____.
The Election Form may be completed online at www._____, or emailed or mailed to the Settlement Administrator.

| 8. | Where can I find information about the Settlement? |
|---|---|

You may find additional information about the case (including the plaintiffs' complaint, the defendants' answer, and the full Settlement Agreement and Release) by visiting this website: [Settlement URL].  If you have questions, you should first contact the Settlement Administrator at 1-800-___-____.  If the Settlement Administrator cannot answer your question, you may contact Class Counsel.  Please do not contact the Court.

| 9. | What if I want to exclude myself from the Settlement? |
|---|---|

If you do not want to participate in the Settlement, you must send a signed letter to the Settlement Administrator requesting exclusion on or before _____.  If you exclude yourself, you will not get any of the benefits of the Settlement, you will not release your claims, and you will maintain any rights you may have to bring your own proceeding if you so choose. Your request for exclusion should include your name, address, signature, and Ignite Associate ID if known.

You may mail your request for exclusion to:

Ignite/Stream Administrator
P.O. Box xxxx
[City], [State] [Zip Code]
[Email Address]

| 10. | What if I want to object to the Settlement? |
|---|---|

Any Class Member who wishes to object to the Settlement must file a written objection with the Court and serve copies of the same on Class Counsel and counsel for the defendants.  If the Class Member wishes to appear before the Court at the Fairness Hearing, he or she must state so in the written objection.  A Class Member may appear through an attorney if he or she so desires.

Class Counsel:

| | | |
|---|---|---|
| Scott M. Clearman | Andrew Kochanowski | Matthew Prebeg |
| The Clearman Law Firm, PLLC | Sommers Schwartz, P.C. | Prebeg, Abbott & Faucett, LLP |
| P.O. Box 541999 | 1 Towne Square, Ste. 1700 | 8441 Gulf Freeway, Ste. 307 |
| Houston, TX 77254 | Southfield, MI 48076 | Houston, TX 77017 |
| Toll-free: (877) 285-1473 | Toll-free: (866) 943-5538 | (832) 742-9260 |
| www.clearmanlaw.com | www.sommerspc.com | www.pfalawfirm.com |

Defendants' Counsel:

Robert Walters
Gibson Dunn & Crutcher LLP
2100 McKinney Ave #1100
Dallas, TX 75201

All written objections must: (a) be marked as "Written Objections to Settlement Agreement" in *Torres v. S.G.E Mgmt., LLC*, Civil Action No. 4:09-cv-2056; (b) state the objector's full name, address, and telephone number; (c) set forth a brief statement regarding the objections; (d) state the reasons for the objections; (e) include copies of any papers that support the objections; (f) the objector's signature and verification under oath that the objector believes he/she is a Settlement Class member; and (g) if the objector wants to be heard at the Final Approval Hearing, state that the objector intends to appear at the Final Approval Hearing. If an attorney makes the objection, the written objection must provide the attorney's name, address, email address, and telephone number.

The last date for Class Members to object to the Settlement and file a notice of intention to appear at the Fairness Hearing is _____ .

Exhibit B

*CONFIDENTIAL*
*FOR SETTLEMENT PURPOSES ONLY*

*Torres v. S.G.E Management, LLC*
**Settlement Administrator**
P.O. Box #####
City, State  #####-####

# LIT

## «Claim Number»

Claim #: LIT-«ClaimID»    «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

---

**FILE YOUR CLAIM ONLINE AT:**

**[Settlement URL]**

**OR EMAIL TO:**

**OR MAIL TO:**
*Torres v. S.G.E Management, LLC*
**Settlement Administrator**
**P.O. Box #####**
**City, State  #####-####**

---

## ELECTION FORM INSTRUCTIONS

### *Torres v. S.G.E. Management, LLC*
In the United States District Court for the Southern District of Texas
Case No.  4:09-cv-2056

You must submit this Election Form by [insert date] if you wish to accept the Settlement Cash Option described below.  If you wish to receive the Settlement Benefits Option, you should not submit this Election Form.  If you do not timely submit this Election Form, you will be automatically enrolled in the Settlement Benefits Option described below.  Please read the Notice of Settlement (which was emailed to you and is also available at [Settlement URL]) carefully, before you submit this Election Form.  You may either submit this form online through the Settlement Website established for this purpose -- www._____ -- or you may email or mail your completed Election Form back to the Settlement Administrator at the addresses printed above.

## I.    REQUIREMENTS TO BE A SETTLEMENT CLASS MEMBER

For you to receive any benefits in connection with the Settlement, you must be a member of the Settlement Class. The Settlement Class is defined as:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

Even if you meet the above definition, you are underlined not a Settlement Class Member if:

- You profited from Ignite;
- You are the judge to whom this Action is assigned or a member of the judge's immediate family;
- You are one of the lawyers for a party in this Action or a member of any of their immediate families; or
- You previously released claims against Defendants related to the issues in this Action, or your claims were fully and finally adjudicated by a court or arbitrator with jurisdiction over those claims.



## II.   GENERAL INSTRUCTIONS

Read all instructions below before filling out the Election Form.

1. Type or print legibly all information in blue or black ink.

2. Sign and date the Election Form under Part 3 of the form.  **Your election will not be processed if your Election Form has not been signed and dated**.

3. Make a copy of your completed Election Form for your records.  Then either submit the form by emailing it to _____ or sign the form and mail it to:

***Torres v. S.G.E. Management, LLC***
**Settlement Administrator**
P.O. Box #####
City, ST #####-####

4. To be timely, your Election Form must be submitted online, emailed, <u>or</u> mailed and postmarked by no later than MM DD YYYY.

5. No acknowledgement will be made as to the receipt of your Election Form, except as follows.  You will receive a rejection email if your Election Form is invalid; and you will receive a deficiency email if your Election Form is deficient in ways that you may be able to correct.

6. If you have questions about the Settlement, you may call toll free 1-___-___-____.  You may also contact Class Counsel at [email address].

## III.   SETTLEMENT BENEFITS

Under the Settlement Agreement, members of the Settlement Class may do nothing and be automatically enrolled in the Benefits Option or submit this form to select the Cash Option.

**Cash Option.**  Class Members who elect this option will receive a cash payment by check equal to 20% of the difference between the total amount the Class Member paid Ignite and the total amount that Ignite paid the Class Member.  The amount of the cash payment will vary based on individual circumstances.

*Example*: If you paid $300 to Ignite in total and received $200 from Ignite, you would be entitled to receive a cash payment of $20 (that is, 20% of the difference between $300 and $200).

**Benefits Option.**  Class Members enrolled in this option will receive the following benefits:

(a) a $5 per month referral bonus for each new customer account that enrolls in a Stream Energy electricity plan through the Class Member's Homesite before January 1, 2020, such payment to be made each month that the customer pays their electricity bill with Stream Energy prior to January 1, 2021, for a maximum of 12 months;

(b) a $2 per month referral bonus for each new customer account that enrolls in a Stream Energy gas plan through the Class Member's Homesite before January 1, 2020, such payment to be made each month that the customer pays their gas bill with Stream Energy prior to January 1, 2021, for a maximum of 12 months;

(c)  12 months of free use of the Homesite (market price of $300);[1]

(d)  Free admission to the 2019 Ignition conference (market price of $189), as availability lasts and with the ability to attend a future Ignition conference if the class member cannot attend because the event is at capacity; and

(e)  For any Class Member whose IA status was previously canceled or terminated, free reinstatement as an IA under the terms described herein (market price of $199).[2]

Class Members who do not submit an Election Form will automatically receive the Benefits Option.  **If you wish to receive the Benefits Option, do not fill out this form.**

---

[1]   The 12-month free subscription to the Homesite will begin on January 1, 2019.  The subscription will automatically terminate on January 1, 2020, unless you decide to continue your subscription at the market rates then in effect.

[2]   If your IA status is reinstated, you will <u>not</u> be subject to any automatic renewal fees to maintain that status.

## CASH OPTION BENEFIT ELECTION FORM

If you do not wish to use the Settlement Administrator's online website to complete this form (www._____), please complete this form and submit it by email to [Email address] or by mail to *Torres v. SGE Mgmt., LLC*, Settlement Adminstrator, P.O. Box #####, City, State, ZIP.   Your completed form must be submitted electronically or postmarked no later than MM DD YYYY to be valid.

### PART 1:  CLASS MEMBER INFORMATION

Class Member Name:

_____

Street Address:

_____

City: _____   State: _____   Zip Code: ___ ___ ___ ___ ___

Daytime Phone Number:  (_____) _____ - _____

Evening Phone Number:  (_____) _____ - _____

Email:  _____

Claim Number (printed on the Notice you received by email; if unavailable leave blank):

_____

### PART 2:  CASH OPTION BENEFITS ELECTION

      I wish to elect the Settlement Cash Option described in the Class Notice and Settlement Agreement and understand that I will receive a cash Settlement award equal to 20% of the difference between the total amount I paid Ignite and the total amount Ignite paid me.  I understand that my check will be first-class mailed to the address provided above, and I will have 120 days from the date of mailing to cash it.

### PART 3:  DECLARATION AND SIGNATURE

I declare that the information provided in this Election Form is true to the best of my knowledge and belief.  I further acknowledge that submission of this Election Form waives any and all rights I might otherwise have to bring a lawsuit based on the claims asserted in this Action.

Signature:  _____   Date (mm/dd/yyyy): ___ ___ / ___ ___ / ___ ___

Exhibit C

**Class Member ID Number:  _____**

## If You Signed Up To Be An Ignite Independent Associate Between January 1, 2005 and April 2, 2011, You May Be Eligible for a Payment from a Class Action Settlement.

A proposed settlement has been reached in a class action lawsuit against Ignite and others regarding alleged violations of the Racketeer Influenced and Corrupt Organization Act (*Torres, et al, plaintiffs v. SGE Management LLC, et al, defendants*, Civil Cause No. 4:09-CV-2056).  Ignite denies the allegations. The Court has not decided who is right, and the parties have settled their dispute.  Our records indicate you may be a class member.

**Who's Included in the Classes?** All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

**What Does the Settlement Provide?**  The Agreement provides that each Class Member may elect between two alternative forms of relief: first, a Cash Option that provides 20% of the IA's net loss, and which terminates the Class Members' IA status as an IA with Ignite; and second, a Benefits Option which provides enhanced compensation, free services, and other benefits to ongoing IAs.  Class Members who do not submit a Valid Election Form receive the Benefits Option.  To obtain the Cash Option, you must complete and submit an Election Form by **[date]**.  You may learn more about the Settlement, including how to submit an Election Form at the website below.

**Your Rights May Be Affected.**  If you do not want to be legally bound by the Settlement, you must exclude yourself by **[Month Day], 2018.**  If you do not exclude yourself, you will release your claims, as more fully described in the Settlement Agreement. If you stay in the Settlement, you may object to it by **[Month Day], 2018**.  The Detailed Notice available at the website listed below explains how to exclude yourself or object.  The Court is scheduled to hold a hearing on **[Month Day], 2018** to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees and expenses of up to $10,275,000, and service awards for the Class Representatives of between $5,000 and $15,000 each. You can appear at the hearing, but you do not have to.  You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

*For more information and for a claim form, visit www.website.com or call [1-999-999-9999].*

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Juan Ramon Torres and Eugene Robison, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 4:09-CV-2056 |
| SGE Management, LLC; Stream Gas & Electric, Ltd.; Stream SPE GP, *et al.*, | |
| Defendants. | |

## <u>ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT</u>

Plaintiffs Christopher Robison (as executor of the Estate of Eugene Robison), and Luke Thomas (collectively, the "Named Plaintiffs"), acting individually and on behalf of the Settlement Class, filed an Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion"). The Motion seeks preliminary approval of the Named Plaintiffs' agreement with Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC, Stream SPE GP LLC, Stream SPE LTD, Stream Texas Serviceco, LLC, SGE Consultants, LLC, SGE Energy Management, Ltd., SGE Georgia Holdco, LLC, SGE IP Holdco, LLC, SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC, SGE Serviceco, LLC, and SGE Texas Holdco, LLC (collectively, "Ignite") to settle all individual and class claims that have, or could have, been made, in exchange for certain compensation. This Court, having reviewed the Motion and the exhibits, including the settlement agreement (the "Agreement"), finds itself apprised of the issues and grants the Motion. Accordingly,

1

**IT IS HEREBY ORDERED:**

**Preliminary Approval of the Agreement**

1.      This Court preliminarily approves the Agreement dated ▓▓▓▓, 2018, between Plaintiffs and Ignite, subject to further consideration thereof at the Final Approval Hearing.  The capitalized terms used in this Order have the same meaning as in the Agreement unless otherwise stated in this Order.

2.      The Preliminary Approval Date is the day this Court enters this Order and sets the timing of the events leading to this Court's Final Approval Hearing.  Each event shall be calculated under FED. R. CIV. P. 6.

3.      After extensive litigation and arm's-length negotiations by experienced counsel for the Parties, the Parties executed the Agreement.  Further, during a mediation, with the benefit of an experienced, neutral mediator, the Parties agreed to the critical terms of the Agreement.

4.      Each Class Member may elect between two alternative forms of relief: first, a Cash Option that terminates the Class Member's IA status with Ignite; and second, a Benefits Option which provides enhanced compensation, free services, and other benefits.  Class Members who submit no Valid Election Form receive the Benefits Option.

5.      Under the Agreement, each Class Member who elects the Cash Option receives a cash payment equal to 20% of his or her individual claim, such claim measured as the total amount that the Class Member paid to Ignite less any payments by Ignite to the Class Member, according to the balance of the Class Member's Ignite account as of the date of this Order.  Class Members who elect the Cash Option shall be terminated as IAs and no longer eligible to receive benefits as IAs.

6.     Under the Agreement, each Class Member that does not submit a Valid Election Form shall be deemed to have elected the Benefits Option and receive all corresponding benefits, which includes these benefits (besides any other benefits to which he or she may be entitled as an IA):

a.     A $5 per month referral payment for each new customer account that enrolls in a Stream Energy electricity plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her electricity bill with Stream Energy for a maximum of twelve (12) months per customer account;

b.     A $2 per month referral payment for each new customer account that enrolls in a Stream Energy gas plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her gas bill with Stream Energy for a maximum of twelve (12) months per customer account;

c.     Twelve (12) months of free use of the Homesite (current market price of $300) beginning on January 1, 2019 and ending on January 1, 2020;

d.     Free admission to the 2019 Ignition conference (current market price of $189), provided that, at least thirty (30) days before the conference, the Class Member submits a written request for admission to Ignite. Such admission shall be contingent upon available space; provided, however that, if the conference is at capacity, free admission to a future Ignition conference will be provided in lieu of the 2019 conference; and

e.     For any Class Member whose IA status was previously canceled or terminated, free reinstatement as an IA under the terms described above (current market price of $199).

7.     This Court finds that the terms embodied in the Agreement appear, upon preliminary review, fair, reasonable and adequate and warranting preliminary approval and sending notice of the Settlement to the Class Members to consider its terms before Court's Final Approval Hearing under FED. R. CIV. P. 23(e).

## The Settlement Class

8.     This Court certified a class for litigation. This Court finds that the Settlement Class likewise meets the requirements of Fed. R. Civ. P. 23(b)(3), 23(c)(1), and 23(c)(1)(B), and conditionally certifies the following Settlement Class, as of the date of this Order, to consider the Settlement:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

9.     Also excluded from the Settlement Class, even if they meet the criteria above, are (i) IAs who profited from Ignite (that is, earned more than they paid); (ii) the presiding judge(s) and his or her (or their) immediate family; (iii) any Class Member that elects to be excluded from the Class; and (iv) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court or arbitrator with jurisdiction over the claims.

4

10.    This Court preliminarily finds that Luke Thomas and Christopher Robison have and will fairly and adequately represent and protect the interests of the absent Class Members under FED. R. CIV. P. 23 (a)(4).

11.    This Court appointed and affirms that these individuals shall serve as Class Counsel and represent the Settlement Class for the Settlement:

Scott Clearman
The Clearman Law Firm PLLC
2518 South Blvd.
Houston, TX 77098

Matthew Prebeg
Prebeg, Faucett & Abbott PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Andrew Kochanowski
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

12.    This Court preliminarily finds that Class Counsel (together with Jeffrey W. Burnett, Esq., of Jeffrey W. Burnett, PLLC and Thomas Goldstein and Eric Citron of Goldstein & Russell, P.C., and their respective firms [hereinafter, "Associated Class Counsel"]) have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class under FED. R. CIV. P. 23(a)(4) and (g).

13.    If the Agreement is terminated or is not consummated, Defendants shall be deemed to have reserved all rights they now possess to oppose class certification.

14.    This Court preliminarily approves the Settlement as described in the Agreement and preliminarily finds that the Settlement benefits are fair, adequate, and reasonable under the circumstances, considering the risks and costs of litigation for each party.

**<u>Approval of Notice Plan and Schedule</u>**

5

15.     This Court has reviewed and approves the Notice Plan set forth by the Parties, which is attached as Exhibit A and incorporated in this Order.  This Court finds that the Settlement Notice, **Exhibit A-1**, clearly and concisely states, in easily understood language, all the elements in FED. R. CIV. P. 23(c).  In keeping with the Notice Plan that this Court herein approves, the Settlement Administrator shall comply with the Notice Plan set forth in **Exhibit A**, including but not limited to the terms of **Exhibit A** (II)(C).  Specifically, based on contact information in Ignite's records, the Settlement Administrator shall email **Exhibit A-1** to the Class Members.  For those emails returned as undelivered, under the Notice Plan, the Settlement Administration shall mail **Exhibit A-2** to the Class Member's address in Ignite's records.

16.     This Court finds that the Notice Plan affords the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the Settlement, in compliance with Fed. R. Civ. P. 23(c)(2) and due process.

17.     This Court appoints Epiq Global, Inc. as the Settlement Administrator.  This Court finds that Epic Global has the experience and resources to act as the Settlement Administrator (www.epiqglobal.com/en-us).

18.     This Court orders the Settlement Administrator to implement the notice events identified in the Notice Plan, using the forms attached as **Exhibit A-1&2** to this Order under this schedule:

| EVENT | DATE |
|---|---|
| *Settlement Notice emails sent to Class Members* | No later than 30 days after the Preliminary Approval Date |

**Objections to the Settlement**

6

19.     Any Class Member who objects to the Agreement shall file a written objection with this Court, with a copy served on Class Counsel and Ignite's counsel, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| *Deadline to File and Serve Objections and Deadline of Notice to Appear at the Final Fairness Hearing* | No later than 80 days after the Preliminary Approval Date |

20.     This Court will not consider a Class Member's objection to the Settlement unless that Class Member files a written objection.  This Court will not hear from any Class Member at the Final Approval Hearing unless that Class Member's written objection states he or she wishes to appear before this Court.  All written objections must: (a) be marked as "Written Objections to Settlement Agreement" in *Torres v. S.G.E Mgmt., LLC*, Civil Action No. 4:09-cv-2056; (b) state the objector's full name, address, and telephone number; (c) set forth a brief statement regarding the objections; (d) state the reasons for the objections; (e) include copies of any papers that support the objections; (f) the objector's signature and verification under oath that the objector believes he or she is a Class Member; and (g) if the objector wants to be heard at the Final Approval Hearing, state that the objector intends to appear at the Final Approval Hearing.  If an attorney makes the objection, the written objection must provide the attorney's name, address, email address, and telephone number.  Counsel for the Parties may file any responses to the objections submitted (if any) at least five (5) days before the date of the Final Fairness Hearing.

## Requests to be Excluded from the Settlement

21.     Any Class Member who wishes to be excluded from the Settlement Class shall mail written notice of exclusion to the Settlement Administrator, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| | |

| *Deadline to Postmark or Send Electronically the Notice of Exclusion* | No later than 75 days after Preliminary Approval Date |
|---|---|

22.     Any Class Member's notice of exclusion shall include all of the following:  (a) full name, (b) phone number, (c) current address, (d) a statement that the person wishes to be excluded from the Settlement and (e) the signature of the person who wishes to be excluded.

23.     Any Class Member who submits a timely notice of exclusion that complies with the requirements in this Order shall not be bound by the Settlement, the Agreement, or the Final Order and Judgment.  At least weekly after receiving an exclusion, the Settlement Administrator shall provide copies of each notice of exclusion to Class Counsel and Ignite's counsel.

24.     Any Class Member who does not properly and timely mail a notice of exclusion as set forth herein shall be included in the Settlement Class and shall be bound by the Settlement, the Agreement and the Final Order and Judgment.

25.     Any Class Member who submits a notice of exclusion that complies with the requirements of this Order and objects to the Settlement shall be deemed to have excluded himself or herself from the Settlement Class.  The Court will not consider an objection to the Settlement from a person that has excluded himself or herself from the Settlement Class.

### Administration of Communications from Class Members

26.     To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for receiving all notices of exclusion and Election Forms.  The Settlement Administrator shall preserve (on paper or transferred into electronic format) all documents received from Class Members in response to the notices for three (3) years, or under a further order of this Court.

27.     Each Class Member may submit a Valid Election Form by email or mail to the Settlement Administrator.  Valid Elections Forms may be submitted no later than 75 days after the Preliminary Approval Date.

28.     Any Class Member who does not submit a Valid Election Form shall receive the Benefits Option.

29.     Any information received by the Settlement Administrator for this Settlement that pertains to a Class Member, or information submitted with a notice of exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any person other than Class Counsel, Ignite's counsel, and this Court, or as otherwise provided in the Settlement Agreement.

## Final Fairness Hearing

30.     This Court will have the Final Fairness Hearing no earlier than 100 days after the Preliminary Approval Date.  Specifically, this Court will hold the Final Fairness Hearing at the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, TX 77002 on _____, 2018 at __:___ __.m.  At the Final Fairness Hearing, this Court will consider the Settlement, including the following:

  a.    whether the Settlement Class should be finally certified for the entry of a final judgment;

  b.    whether the Agreement is fair, reasonable and adequate;

  c.    whether the claims should be dismissed with prejudice and final judgment entered in this matter; and

  d.    whether Class Counsel's separate application for attorneys' fees and expenses should be granted, such fees and expenses not to exceed $10,275,000 million.

31.     Class Counsel shall file with this Court a memoranda or other materials to support Court's final approval of the Settlement no later than 85 days after the Preliminary Approval Date. Class Counsel shall file with this Court an application for attorneys' fees and expenses no later than 75 days after the Preliminary Approval Date.

32.     If finally approved, every term and provision of the Agreement (except as modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment and shall have the full force and effect of an Order of this Court.

### Service of Objections, Notices of Intent to Appear and Other Documents

33.     When this Order directs that papers, briefs, objections, notices and other documents be served upon Class Counsel and Ignite's counsel, service shall be made to the attorneys listed below by the United States Mail, first class, addressed as follows:

***Class Counsel***

Scott Clearman
The Clearman Law Firm PLLC
2518 South Blvd.
Houston, TX 77098

Matthew Prebeg
Prebeg, Faucett & Abbott PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Andrew Kochanowski
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

***Counsel for Ignite***

Robert C. Walters
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

**<u>Status of Litigation and Settlement</u>**

34.     There shall be no discovery and other pretrial proceedings for the Settlement Class, pending Final Approval of the Class Settlement, except for such proceedings as provided for in the Agreement, or which may be necessary to implement the Settlement, the Agreement, or this Order.

35.     Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any or all Released Persons any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval under the Agreement, and are enjoined from so proceeding.

36.     Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Persons from any and all such matters, claims and causes of action as provided for in the Agreement.

37.     If the Agreement is terminated and the Settlement is not fully consummated, all proceedings had in connection therewith shall be null and void, without prejudice to the status quo rights of any party that existed before the Parties executed the Agreement.

38.     Neither this Order nor the Agreement shall constitute any evidence or admission of liability by any Defendant, nor shall they be offered into evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

SO ORDERED, this _____ day of _____, 2018.


_____
Hon. Kenneth M. Hoyt
U.S. DISTRICT JUDGE

Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Juan Ramon Torres and Eugene Robison,

      Plaintiffs,

      v.

SGE Management, LLC; Stream Gas &
Electric, Ltd.; Stream SPE GP, *et al.*,

      Defendants.

CIVIL ACTION NO. 4:09-CV-2056

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

Plaintiffs Christopher Robison (as executor of the Estate of Eugene Robison), and Luke Thomas (collectively, the "Named Plaintiffs"), acting individually and on behalf of the Settlement Class, filed an Unopposed Motion for Final Approval of Proposed Settlement and Final Judgment (the "Motion"). The Motion seeks final approval of the Named Plaintiffs' agreement with Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC, Stream SPE GP LLC, Stream SPE LTD, Stream Texas Serviceco, LLC, SGE Consultants, LLC, SGE Energy Management, Ltd., SGE Georgia Holdco, LLC, SGE IP Holdco, LLC, SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC, SGE Serviceco, LLC, and SGE Texas Holdco, LLC (collectively, "Ignite") to settle all individual and class claims that have, or could have, been made in exchange for certain compensation. This Court, having reviewed the Motion and the exhibits, including the settlement agreement (the "Agreement"), finds itself to be apprised of the issues and grants the Motion

NOW, THEREFORE, this Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed the submissions presented regarding the proposed Settlement,

1

having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith, and now deeming itself to be fully informed;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Agreement except as may otherwise be ordered.

2.      This Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3.      This Court finds, solely to consider this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement , that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes .

4.      The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests for exclusion.  The members of the Settlement Class who have timely submitted a valid request for exclusion are identified in **Exhibit A**.

5.      Plaintiffs Christopher Robison (acting as executor of the Estate of Eugene Robison), and Luke Thomas have served fairly and adequately as class representatives of the Settlement Class.

6.      These attorneys have served fairly and adequately as Class Counsel (together with Jeffrey W. Burnett, Esq., of Jeffrey W. Burnett, PLLC and Thomas Goldstein and Eric Citron of Goldstein & Russell, P.C., and their respective firms [hereinafter, "Associated Class Counsel"]):

Scott Clearman
The Clearman Law Firm PLLC
2518 South Blvd.
Houston, TX 77098

Matthew Prebeg
Prebeg, Faucett & Abbott PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Andrew Kochanowski
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

7.      For purposes of this Final Approval Order and Judgment, the Settlement Class is:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

8.      Excluded from the Settlement Class, even if they meet the criteria above, are (i) IAs who profited from Ignite (that is, earned more than they paid); (ii) the presiding judge(s) and his or her (or their) immediate family; (iii) any Class Member that elects to be excluded from the Settlement Class; and (iv) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court or arbitrator with jurisdiction over the claims.

9.      This Court finds that the Notice Plan in the Settlement Agreement and effectuated under the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the pendency, certification of the Settlement Class for settlement only, the terms of the Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  This Court further finds that Defendants have fully and timely met the requirements for notice to appropriate federal and state officials under 28 U.S.C. § 1715, and this Order is issued ninety (90) or more days after the service of such notice.

10.     The Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class, considering the risks that both sides faced regarding the merits of the claim alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation. Therefore, this Court has determined that the Settlement should be approved.  The Parties shall effectuate the Settlement according to its terms.  The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

11.     Upon the Effective Date, the Settlement Class, each of the Class Members, and the Named Plaintiffs (collectively, "Releasers") shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged the Released Persons from all Released Claims under the Settlement.

12.     Releasers are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Persons.

13.     This Final Approval Order and Judgment, the Agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Defendants or any other Released Person of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

14.     The claims of the Named Plaintiffs and all members of the Settlement Class are dismissed in their entirety with prejudice.  Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses, entered in response to Class Counsel's motion therefor brought in the Settlement, the parties shall bear their own costs and attorneys' fees.  This

4

Court reserves jurisdiction over implementing the Settlement, including enforcement and administration of the Agreement.

15.     This Court finds that no reason exists for delay in entering this Final Order and Judgment, so the Clerk is directed forthwith to enter this Final Order and Judgment.

16.     The Parties, without further approval from this Court, are permitted to adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) as may be necessary or expedient to implement the Settlement, so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class or any of the Class Members.

17.     The Settlement and Agreement shall not constitute a waiver of any rights any party may have to compel arbitration in any other legal proceeding.

18.     Without affecting the finality of this Final Judgment for appeal, the Court retains jurisdiction on all matters related to the administration, enforcement, and interpretation of the Agreement and this Final Order and Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated:


_____
Hon. Kenneth M. Hoyt
U.S. District Court Judge