IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Juan Ramon Torres and Eugene Robison,

Plaintiffs,

v.

SGE Management, LLC; Stream Gas & Electric, Ltd.; Stream SPE GP, *et al.*,

Defendants.

CIVIL ACTION NO. 4:09-CV-2056

## **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiffs Christopher Robison (as executor of the Estate of Eugene Robison), and Luke Thomas (collectively, the "Named Plaintiffs"), acting individually and on behalf of the Settlement Class, filed an Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion"). The Motion seeks preliminary approval of the Named Plaintiffs' agreement with Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC, Stream SPE GP LLC, Stream SPE LTD, Stream Texas Serviceco, LLC, SGE Consultants, LLC, SGE Energy Management, Ltd., SGE Georgia Holdco, LLC, SGE IP Holdco, LLC, SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC, SGE Serviceco, LLC, and SGE Texas Holdco, LLC (collectively, "Ignite") to settle all individual and class claims that have, or could have, been made, in exchange for certain compensation. This Court, having reviewed the Motion and the exhibits, including the settlement agreement (the "Agreement"), finds itself apprised of the issues and grants the Motion. Accordingly,

**IT IS HEREBY ORDERED:**

**<u>Preliminary Approval of the Agreement</u>**

1. This Court preliminarily approves the Settlement Agreement, between Plaintiffs and Defendants, subject to further consideration thereof at the Final Approval Hearing. The capitalized terms used in this Order have the same meaning as in the Agreement unless otherwise stated in this Order.

2. The Preliminary Approval Date is the day this Court enters this Order and sets the timing of the events leading to this Court's Final Approval Hearing. Each event shall be calculated under FED. R. CIV. P. 6.

3. After extensive litigation and arm's-length negotiations by experienced counsel for the Parties, the Parties executed the Agreement. Further, during a mediation, with the benefit of an experienced, neutral mediator, the Parties agreed to the critical terms of the Agreement.

4. Each Class Member may elect between two alternative forms of relief: first, a Cash Option that terminates the Class Member's IA status with Ignite; and second, a Benefits Option which provides enhanced compensation, free services, and other benefits. Class Members who submit no Valid Election Form receive the Benefits Option.

5. Under the Agreement, each Class Member who elects the Cash Option receives a cash payment equal to 20% of his or her individual claim, such claim measured as the total amount that the Class Member paid to Ignite less any payments by Ignite to the Class Member, according to the balance of the Class Member's Ignite account as of the date of this Order. Class Members who elect the Cash Option shall be terminated as IAs and no longer eligible to receive benefits as IAs.

6. Under the Agreement, each Class Member that does not submit a Valid Election Form shall be deemed to have elected the Benefits Option and receive all corresponding benefits, which includes these benefits (besides any other benefits to which he or she may be entitled as an IA):

    a. A $5 per month referral payment for each new customer account that enrolls in a Stream Energy electricity plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her electricity bill with Stream Energy for a maximum of twelve (12) months per customer account;

    b. A $2 per month referral payment for each new customer account that enrolls in a Stream Energy gas plan through the Class Member's Homesite before December 31, 2019, such payment to be made each month that the customer pays his or her gas bill with Stream Energy for a maximum of twelve (12) months per customer account;

    c. Twelve (12) months of free use of the Homesite (current market price of $300) beginning on January 1, 2019 and ending on January 1, 2020;

    d. Free admission to the 2019 Ignition conference (current market price of $189), provided that, at least thirty (30) days before the conference, the Class Member submits a written request for admission to Ignite. Such admission shall be contingent upon available space; provided, however that, if the conference is at capacity, free admission to a future Ignition conference will be provided in lieu of the 2019 conference; and

e.  For any Class Member whose IA status was previously canceled or terminated, free reinstatement as an IA under the terms described above (current market price of $199).

7. This Court finds that the terms embodied in the Agreement appear, upon preliminary review, fair, reasonable and adequate and warranting preliminary approval and sending notice of the Settlement to the Class Members to consider its terms before Court's Final Approval Hearing under FED. R. CIV. P. 23(e).

## The Settlement Class

8. This Court certified a class for litigation. This Court finds that the Settlement Class likewise meets the requirements of FED. R. CIV. P. 23(b)(3), 23(c)(1), and 23(c)(1)(B), and conditionally certifies the following Settlement Class, as of the date of this Order, to consider the Settlement:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

9. Also excluded from the Settlement Class, even if they meet the criteria above, are (i) IAs who profited from Ignite (that is, earned more than they paid); (ii) the presiding judge(s) and his or her (or their) immediate family; (iii) any Class Member that elects to be excluded from the Class; and (iv) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court or arbitrator with jurisdiction over the claims.

10. This Court preliminarily finds that Luke Thomas and Christopher Robison have and will fairly and adequately represent and protect the interests of the absent Class Members under FED. R. CIV. P. 23 (a)(4).

11. This Court appointed and affirms that these individuals shall serve as Class Counsel and represent the Settlement Class for the Settlement:

Scott Clearman
The Clearman Law Firm PLLC
2518 South Blvd.
Houston, TX 77098

Matthew Prebeg
Prebeg, Faucett & Abbott PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Andrew Kochanowski
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

12. This Court preliminarily finds that Class Counsel (together with Jeffrey W. Burnett, Esq., of Jeffrey W. Burnett, PLLC and Thomas Goldstein and Eric Citron of Goldstein & Russell, P.C., and their respective firms [hereinafter, "Associated Class Counsel"]) have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class under FED. R. CIV. P. 23(a)(4) and (g).

13. If the Agreement is terminated or is not consummated, Defendants shall be deemed to have reserved all rights they now possess to oppose class certification.

14. This Court preliminarily approves the Settlement as described in the Agreement and preliminarily finds that the Settlement benefits are fair, adequate, and reasonable under the circumstances, considering the risks and costs of litigation for each party.

### Approval of Notice Plan and Schedule

15. This Court has reviewed and approves the Notice Plan set forth by the Parties, which is attached as **Exhibit A** and incorporated in this Order. This Court finds that the Settlement Notice, **Exhibit A-1**, clearly and concisely states, in easily understood language, all the elements

in FED. R. CIV. P. 23(c). In keeping with the Notice Plan that this Court herein approves, the Settlement Administrator shall comply with the Notice Plan set forth in **Exhibit A**, including but not limited to the terms of **Exhibit A** (II)(C). Specifically, based on contact information in Ignite's records, the Settlement Administrator shall email **Exhibit A-1** to the Class Members. For those emails returned as undelivered, under the Notice Plan, the Settlement Administration shall mail **Exhibit A-2** to the Class Member's address in Ignite's records.

16. This Court finds that the Notice Plan affords the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the Settlement, in compliance with FED. R. CIV. P. 23(c)(2) and due process.

17. This Court appoints Epiq Class Action and Claims Solutions, Inc. ("Epiq Global") as the Settlement Administrator. This Court finds that Epic Global has the experience and resources to act as the Settlement Administrator (www.epiqglobal.com/en-us).

18. This Court orders the Settlement Administrator to implement the notice events identified in the Notice Plan, using the forms attached as **Exhibit A-1&2** to this Order under this schedule:

| EVENT | DATE |
|---|---|
| *Settlement Notice emails sent to Class Members* | No later than 30 days after the Preliminary Approval Date |

### Objections to the Settlement

19. Any Class Member who objects to the Agreement shall file a written objection with this Court, with a copy served on Class Counsel and Ignite's counsel, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| *Deadline to File and Serve Objections and Deadline of Notice to Appear at the Final Fairness Hearing* | No later than 80 days after the Preliminary Approval Date |

20. This Court will not consider a Class Member's objection to the Settlement unless that Class Member files a written objection. This Court will not hear from any Class Member at the Final Approval Hearing unless that Class Member's written objection states he or she wishes to appear before this Court. All written objections must: (a) be marked as "Written Objections to Settlement Agreement" in *Torres v. S.G.E Mgmt., LLC*, Civil Action No. 4:09-cv-2056; (b) state the objector's full name, address, and telephone number; (c) set forth a brief statement regarding the objections; (d) state the reasons for the objections; (e) include copies of any papers that support the objections; (f) the objector's signature and verification under oath that the objector believes he or she is a Class Member; and (g) if the objector wants to be heard at the Final Approval Hearing, state that *the objector intends to appear at the Final Approval Hearing.* If an attorney makes the objection, the written objection must provide the attorney's name, address, email address, and telephone number. Counsel for the Parties may file any responses to the objections submitted (if any) at least five (5) days before the date of the Final Fairness Hearing.

### Requests to be Excluded from the Settlement

21. Any Class Member who wishes to be excluded from the Settlement Class shall mail written notice of exclusion to the Settlement Administrator, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| *Deadline to Postmark or Send Electronically the Notice of Exclusion* | No later than 75 days after Preliminary Approval Date |

22. Any Class Member's notice of exclusion shall include all of the following: (a) full name, (b) phone number, (c) current address, (d) a statement that the person wishes to be excluded from the Settlement and (e) the signature of the person who wishes to be excluded.

23. Any Class Member who submits a timely notice of exclusion that complies with the requirements in this Order shall not be bound by the Settlement, the Agreement, or the Final Order and Judgment. At least weekly after receiving an exclusion, the Settlement Administrator shall provide copies of each notice of exclusion to Class Counsel and Ignite's counsel.

24. Any Class Member who does not properly and timely mail a notice of exclusion as set forth herein shall be included in the Settlement Class and shall be bound by the Settlement, the Agreement and the Final Order and Judgment.

25. Any Class Member who submits a notice of exclusion that complies with the requirements of this Order *and* objects to the Settlement shall be deemed to have excluded himself or herself from the Settlement Class. The Court will not consider an objection to the Settlement from a person that has excluded himself or herself from the Settlement Class.

### Administration of Communications from Class Members

26. To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for receiving all notices of exclusion and Election Forms. The Settlement Administrator shall preserve (on paper or transferred into electronic format) all documents received from Class Members in response to the notices for three (3) years, or under a further order of this Court.

27. Each Class Member may submit a Valid Election Form by email or mail to the Settlement Administrator. Valid Elections Forms may be submitted no later than 75 days after the Preliminary Approval Date.

28. Any Class Member who does not submit a Valid Election Form shall receive the Benefits Option.

29. Any information received by the Settlement Administrator for this Settlement that pertains to a Class Member, or information submitted with a notice of exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any person other than Class Counsel, Ignite's counsel, and this Court, or as otherwise provided in the Settlement Agreement.

### **Final Fairness Hearing**

30. This Court will have the Final Fairness Hearing no earlier than 100 days after the Preliminary Approval Date. Specifically, this Court will hold the Final Fairness Hearing at the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, TX 77002 on **October 4, 2018 at 9:30 a.m.** At the Final Fairness Hearing, this Court will consider the Settlement, including the following:

   a. whether the Settlement Class should be finally certified for the entry of a final judgment;

   b. whether the Agreement is fair, reasonable and adequate;

   c. whether the claims should be dismissed with prejudice and final judgment entered in this matter; and

   d. whether Class Counsel's and Associated Class Counsel's separate application(s) for attorneys' fees and expenses should be granted, such fees and expenses not to exceed $10,275,000 million.

31. Class Counsel shall file with this Court a memoranda or other materials to support this Court's final approval of the Settlement no later than 85 days after the Preliminary Approval

Date. Class Counsel and Associated Class Counsel shall file their application(s) with this Court for attorneys' fees and expenses no later than 75 days after the Preliminary Approval Date.

32. If finally approved, every term and provision of the Agreement (except as modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment and shall have the full force and effect of an Order of this Court.

### Service of Objections, Notices of Intent to Appear and Other Documents

33. When this Order directs that papers, briefs, objections, notices and other documents be served upon Class Counsel and Ignite's counsel, service shall be made to the attorneys listed below by the United States Mail, first class, addressed as follows:

*Class Counsel*

Scott Clearman
The Clearman Law Firm PLLC
P.O. Box 541999
Houston, TX 77254

Matthew Prebeg
Prebeg, Faucett & Abbott PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Andrew Kochanowski
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

*Counsel for Ignite*

Robert C. Walters
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

## Status of Litigation and Settlement

34. There shall be no discovery and other pretrial proceedings for the Settlement Class, pending Final Approval of the Class Settlement, except for such proceedings as provided for in the Agreement, or which may be necessary to implement the Settlement, the Agreement, or this Order.

35. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any or all Released Persons any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval under the Agreement, and are enjoined from so proceeding.

36. Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Persons from any and all such matters, claims and causes of action as provided for in the Agreement.

37. If the Agreement is terminated and the Settlement is not fully consummated, all proceedings had in connection therewith shall be null and void, without prejudice to the status quo rights of any party that existed before the Parties executed the Agreement.

38. Neither this Order nor the Agreement shall constitute any evidence or admission of liability by any Defendant, nor shall they be offered into evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

It is so ORDERED.

SIGNED on this 28th day of June, 2018.

Kenneth M. Hoyt
United States District Judge