United States District Court
Southern District of Texas
**ENTERED**
October 11, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN RAMON TORRES, *et al*, § § § Plaintiffs, § VS. § SGE MANAGEMENT LLC, *et al*, § § § Defendants. § | CIVIL ACTION NO. 4:09-CV-2056 |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

The plaintiffs, Christopher Robison (as executor of the Estate of Eugene Robison), and Luke Thomas (collectively, the "Named Plaintiffs"), acting individually and on behalf of the Settlement Class, filed an Unopposed Motion for Approval of Proposed Settlement and Final Judgment (the "Motion"). The Motion seeks final approval of the Named Plaintiffs' agreement with Ignite Holdings LTD, Stream Gas & Electric LTD, Stream Georgia Gas SPE, LLC, Stream SPE GP LLC, Stream SPE LTD, Stream Texas Serviceco, LLC, SGE Consultants, LLC, SGE Energy Management, Ltd., SGE Georgia Holdco, LLC, SGE IP Holdco, LLC, SGE Ignite GP Holdco, LLC, SGE Management LLC, SGE North America Serviceco, LLC, SGE Serviceco, LLC, and SGE Texas Holdco, LLC (collectively, "Ignite") to settle all individual and class claims that have, or could have, been made in exchange for certain compensation. This Court, having reviewed the Motion and the exhibits, including the settlement agreement (the "Agreement"), finds itself to be apprised of the issues and grants the Motion

NOW, THEREFORE, this Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed the submissions presented regarding the proposed Settlement,

having determined that the settlement is fair, adequate, and reasonable, having received arguments concerning the award of an attorney's fee, and having reviewed the materials in connection therewith, and now deeming itself to be fully informed;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.   The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Agreement except as may otherwise be ordered.

2.   This Court has jurisdiction over the subject matter of this case, all claims raised therein, by the plaintiffs and defendants, including the members of the settlement class.

3.   This Court finds, in considering, this settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for numerosity, commonality, typicality, adequacy of representation, manageability of the settlement class for settlement , that common issues of law and fact predominate over individual issues, and that settlement and certification of the settlement class is superior to alternative means of resolving the claims and disputes .

4.   The settlement class, which will be bound by this Approval Order and Judgment, shall include all members of the settlement class who did not submit timely and valid requests for exclusion. The following six individuals, members of the settlement class, timely submitted notices to opt out of this class settlement, and therefore their rights are not affected by this final judgment: (1) James Stewart (A#1889670); (2) Guillermo Garza (A#1519859); (3) Lucille P. Pool (A#1763252); (4) Marian Thompson (A#1374951); (5) Maria Magallan (A#1797710); and (6) Cameron Gardens Volunteer Fire Department (A#1234662).

5.   The plaintiffs, Christopher Robison (acting as executor of the Estate of Eugene Robison), and Luke Thomas have served fairly and adequately as class representatives of the settlement class.

6. These attorneys have served fairly and adequately as class counsel (together with Jeffrey W. Burnett, Esq., of Jeffrey W. Burnett, PLLC and Thomas Goldstein and Eric Citron of Goldstein & Russell, P.C., and their respective firms [hereinafter, "Associated Class Counsel"]):

> Scott Clearman
> The Clearman Law Firm PLLC
> 2518 South Blvd. Houston, TX 77098
>
> Matthew Prebeg
> Prebeg, Faucett & Abbott PLLC
> 8441 Gulf Freeway, Suite 307
> Houston, TX 77017
>
> Andrew Kochanowski
> Sommers Schwartz, P.C.
> One Towne Square, Suite 1700
> Southfield, MI 48076

7. For purposes of this Approval Order and Final Judgment, the settlement class is:

> All Independent Associates [IAs] who joined Ignite on or after January 1, 2005, through April 2, 2011, and paid more for the Ignite (a) membership, (b) monthly fees for an Ignite Homesite, and/or (c) other marketing materials than Ignite has paid the IA.

8. Excluded from the settlement class, even if they meet the criteria above, are (i) IAs who profited from Ignite (that is, earned more than they paid); (ii) the presiding judge(s) and his immediate family; (iii) any class member that elects to be excluded from the settlement class; and (iv) any person who has previously released claims against the defendants or whose claims have been fully and finally adjudicated by a court or arbitrator with jurisdiction over the claims.

9. This Court finds that the notice plan in the settlement agreement and effectuated under the preliminary approval order constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the settlement class of the pendency, certification of the settlement class for settlement only, the terms of the Agreement, and the final approval hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the

United States Constitution, and any other applicable law. This Court further finds that the defendants have fully and timely met the requirements for notice to appropriate federal and state officials under 28 U.S.C. § 1715, and this Order is issued ninety (90) or more days after the service of such notice.

10. The settlement is fair, reasonable, adequate and in the best interests of the settlement class, considering the risks that both sides faced regarding the merits of the claim alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation. Therefore, this Court has determined that the Settlement should be approved. The Parties shall effectuate the settlement according to its terms. The settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

11. Upon the effective date, the settlement class, each of the class members, and the named plaintiffs (collectively, "Releasers") shall have, by operation of this Approval Order and Final Judgment, fully, finally and forever released, relinquished, and discharged the released persons from all released claims under the settlement.

12. Releasers are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any released claim against any of the released persons.

13. This Approval Order and Final Judgment, the Agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as or used as an admission by or against the defendants or any other released person of any fault, wrongdoing, or liability on their part, or of the validity of any released claim or of the existence or amount of damages.

14. The claims of the named plaintiffs and all members of the settlement class are dismissed in their entirety with prejudice. Except as otherwise provided in this Order, awarding an attorneys' fee and costs, the parties shall bear their own costs and attorneys' fees. The parties, plaintiffs and defendants have entered into a settlement concerning the award and what constitutes a reasonable attorneys' fee and costs. All parties agree that an attorneys' fee and costs of court shall not exceed $10,275,000. The Court has examined the motions of the several attorneys concerning attorneys' time logged, usual and customary rates, expenses and awards in similar cases in light of the *Johnson* factors and determines that an attorneys' fees and costs in the amount of $10,275,000 are reasonable and should be, and are herewith, awarded.

15. This Court finds that no reason exists for delay in entering this Approval Order and Final Judgment, so the Clerk is directed forthwith to enter this Approval Order and Final Judgment. However, the Court reserves jurisdiction over implementation of the Settlement, including enforcement and administration of the agreement and the award of attorneys' fees and costs.

16. The parties, without further approval from this court, are permitted to adopt such amendments, modifications and expansions of the settlement and its implementing documents (including all exhibits to the Settlement) as may be necessary or expedient to implement the Settlement, so long as they are consistent in all material respects with the Approval Order and Final Judgment and do not limit the rights of the settlement class or any of the class members.

17. The Settlement and Agreement shall not constitute a waiver of any rights any party may have to compel arbitration in any other legal proceeding.

18. Without affecting the finality of this Final Judgment for appeal, the Court also retains jurisdiction on all matters related to the administration, enforcement, and interpretation of the Agreement and this Approval Order and Final Judgment, and for any other necessary purpose.

It is so ORDERED.

This is a Final Judgment.

SIGNED on this 11th day of October, 2018.

_____
Kenneth M. Hoyt
United States District Judge