United States District Court
Southern District of Texas
**ENTERED**
November 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN RAMON TORRES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:09-CV-2056 |
| § | |
| SGE MANAGEMENT LLC, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER ON ALLOCATION OF ATTORNEY'S FEES AND COSTS

**I.**

The sole remaining issue in this case is the allocation of attorneys' fees and cost. Previously, the Court found, based on the attorneys' agreement that $10,275,000 represents a reasonable attorneys fee and costs for their time and expenses incurred this case. The Court, therefore, adopted the agreement of the parties, both plaintiffs and defendants, that the agreed upon fees and costs, apart from the sum of the class settlement, should be awarded to the attorneys. *See DeHoyas v. Allstate Corp.*, 240 F.R.D. 269, 322-23 (W.D. Tex 2007). Because there is no dispute concerning the attorneys' fee and costs awards, the Court finds it unnecessary to engage in determining the reasonableness of the fee and costs under the *Johnson* fee calculation factors. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). However, a dispute among the class counsel has arisen concerning how the attorney fees should be divided among them. They agree, however, that expenses incurred shall be awarded before there is an allocation of attorneys' fees.

## II.

The class counsel initially agreed on the division of any attorney's fee should be shared. Initially, the Clearman firm was to receive 75% of any fee recovered and the Burnette firm would receive 25%. Later, the Sommers firm was engaged as additional counsel and the fee arrangement changed. The Clearman firm would receive 60%, the Burnett firm 20% and the Sommers firm 20%. Later, the Clearman firm split and Scott Clearman left the firm. However, the Prebeg group of the Clearman firm continued with the litigation along with the Sommers and Burnett firms, and added the Goldstein firm as appellate counsel. Scott Clearman did not join the fee split agreement that resulted. Nevertheless, under this agreement, the Prebeg firm would receive 46%, the Burnett firm 20%, more or less. It was estimated that Clerman would receive, more or less, one third of Prebeg's 46%.

## III.

The Court, having examined the various agreements, and the spirit behind the documents determines that the last arrangement, even though Scott Clearman did not join in, is fair and equitable. The Court AWARDS the expenses claimed by the several firms total $458,367.00 as follows: (a) Burnett, $975.00; (b) Goldstein, $5,183.00; (c) PFA, $187,557.00; (d) Sommers, $184,347.00; and (e) Scott Clearman, $80,305. These expenses are deducted from the total award of $10,275,000, leaving the sum of $9,816,633 to be divided among class counsel, which the Court AWARDS the law firms as follows: (a) Burnett, $1,963,327; (b) Goldstein, $1,570,661; (c) PFA, $3,010,428; (d) Sommers, $1,766,994; and Scott Clearman, $1,505,223.00.

It is so ORDERED.

SIGNED on this 7th day of November, 2018.

_____
Kenneth M. Hoyt
United States District Judge