UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN RAMON TORRES and EUGENE ROBISON, | § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:09-CV-2056 |
| SGE MANAGEMENT, LLC; STREAM GAS & ELECTRIC, LTD.; STREAM SPE GP; *et al.*, | § § § | |
| *Defendants*. | § | |

## MOTION TO DISTRIBUTE ATTORNEYS' FEES AND COSTS

Plaintiffs and Class Representatives Christopher Robison and Luke Thomas, and Class Counsel Matthew Prebeg and his firm, Prebeg, Faucett & Abbott PLLC and Andrew Kochanowski and his firm, Sommer Schwartz, P.C., and Associated Class Counsel Jeffrey W. Burnett, PLLC and Jeffrey W. Burnett and Eric Citron and Goldstein & Russell, P.C. (together, "Moving Counsel") ask the Court to order distribution of the attorneys' fees and costs awarded them by the Court, and deposited into the registry of the Court.

The Court signed its Order Granting Final Approval of Class Action Settlement and Final Judgment on October 11, 2018 [Dkt. 317]. That order included an award of attorneys' fees and costs in the total amount of $10,275,000. No party or other entity objected to that order, and the time has passed for the taking of an appeal from that order.

The Court signed an Order on Allocation of Attorneys' Fees and Costs on November 7, 2018 [Dkt. 336], allocating the total attorneys' fees and costs among Class Counsel and Associated Class Counsel. Class Counsel Scott Clearman filed a notice of appeal of that order and notices of cross-appeal were filed.

On December 18, 2018 the Court ordered defendants to pay half of the total attorneys' fees and costs awarded to plaintiffs' counsel within three days, and to deposit the other half into the registry of the Court by January 25, 2019, pending motions for distribution by counsel [Dkt. 351]. Defendants paid the first half of the award, and, today, have promised to immediately deposit the second half into the registry.

To effectuate finality of this Court's orders on attorneys' fees and cost, the Class Representatives and Moving Counsel ask the Court to order immediate distribution of the funds in the registry of the Court to Moving Counsel in accordance with this Court's Order on Allocation of Attorneys' Fees and Costs [Dkt. 336]. Until that allocation happens, this Court's order on fees will remain unfulfilled, and Moving Counsel will not have obtained the benefit of the rulings this Court has already made.

Defendants state they have no position on this immediate distribution, and the only entity that opposes immediate distribution is Clearman.

### ARGUMENT & AUTHORITIES

Based upon its review of the fee petitions filed by Moving Counsel, Dkt. Nos. 291, 292, 297, and 295, the Court concluded that it "has examined the motions of the several attorneys concerning attorneys' time logged, usual and customary rates, expenses and awards in similar cases in light of the *Johnson* factors and determines that an attorneys' fees and costs in the amount of $10,275,000 are reasonable and should be, and are herewith, awarded." [Dkt. 317, par. 14]. As this finding demonstrates, Moving Counsel have invested an enormous amount of time and resources, over a period of many years, to achieve a successful result for the class. There is no reason to delay the receipt of the funds awarded to Moving Counsel.

And there is no just cause for any stay of this Court's order on allocation of fees, or to oppose this motion that gives effect to this Court's orders. The Fifth Circuit established four factors for staying enforcement of a judgment, namely:

> (1) whether the stay applicant has made *a strong showing* that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*ODonnell v. Goodhart,* 900 F.3d 220, 223 (5th Cir. 2018) (emphasis added). A stay "is not a matter of right, even if irreparable injury might otherwise result." *ODonnell v. Harris Cty.*, 328 F. Supp. 3d 643, 648 (S.D. Tex. 2018).

This Court previously denied Clearman's motion [Dkt. 340] to stay this Court's judgment on attorneys' fees (*see* Court's order, Dkt. 341), and has considered Clearman's subsequent request to stay the second payment [Dkt. 354]. Neither of Clearman's motions addressed any of the Fifth Circuit's requirements for a stay, and since then, no facts have arisen to justify further delay of the payment of attorneys' fees and costs to Moving Counsel.

Clearman cannot support the foremost requirement to stay this Court's fee allocation order – that his appeal is likely to succeed on the merits. Nor can he show he would be irreparably injured if this Court does not stay payment of fees. On the other hand, Moving Counsel will sustain substantial injury if they are forced to wait months or even years to receive the $4,344,736[1] of funds the Court awarded them for their years of hard-fought service to the class, and for their substantial investment of their time and resources.

---

[1] $4,344,736 is the portion of the total $5,137,500 second payment this Court awarded to movants.

Furthermore, there are no public interest issues that could be implicated by giving effect to this Court's orders on attorneys' fees through the immediate distribution of funds to Moving Counsel in accordance with this Court's orders.

Lastly, the only entity opposing this motion, Clearman, has not posted a bond for payment of the $4,344,736 he seeks to delay. Federal Rule of Civil Procedure 62(b) requires a party seeking a stay of proceedings to enforce a judgment to provide "a bond or other security." Though Clearman suggests either no bond or only a nominal bond is necessary, he never explains how the $792,764 allocated to him will secure the harm necessarily caused by denying movants immediate access to the $4,344,736 in attorneys' fees awarded to them for their nine years of work and investment in this case.

Indeed, Clearman should not be entitled to obtain a stay in this case by posting a bond at all. A bond is usually available when a defendant is required by a judgment to *pay* money, and the defendant prefers to post the bond rather than immediately pay the judgment. Clearman has not been required to pay anything; he seeks only to prevent *defendants' money* from being paid out to Moving Counsel. Rule 62 does not entitle the party (usually the defendant) seeking a stay to force *other parties* to place their money in the registry of the court. But that is the upshot of what Clearman seeks—he wants Moving Counsel's funds to be placed in the registry of the court as some kind of security, even though he is the one who initiated an appeal of this Court's allocation order. The only possible justification for that effort is to obtain settlement leverage over Moving Counsel by temporarily depriving them of the funds they have earned and this Court has already ordered. The Court should not condone that goal.

This motion seeks only the immediate release of the $4,344,736 in attorneys' fees awarded to Moving Counsel by this Court. Clearman apparently opposes distribution to himself of the

$792,764 this Court allocated to him, and Movants take no position on whether those funds should also be distributed.

### CONCLUSION & REQUEST FOR EXPEDITED BRIEFING

Defendants do not oppose this motion.  The sole opposition is from Clearman, who cannot demonstrate how he is likely to succeed on appeal, how he will be irreparably injured absent a stay, or whether the stay will substantially injure movants. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Further, Clearman has not posted a bond.

By its order [Dkt. 341], the Court has already denied one request by Clearman to stay this Court's judgment on attorneys' fees [Dkt. 340], and has considered Clearman's second request to stay payment of the fees [Dkt. 354].  Because Clearman has had every opportunity to brief his requests to stay payment to Moving Counsel, movants ask this Court to consider this motion on an expedited basis, and to set an expedited schedule to resolve any objection to the immediate distribution of attorneys' fees and costs previously awarded and allocated by the Court.

Movants therefore ask the Court to (1) set an expedited briefing schedule for resolution of this motion, and (2) order immediate disbursement from the Court's registry the $4,344,736 in attorneys' fees and costs awarded to movants by payment to Kochanowski for further distribution to movants.

Dated: January 31, 2019.

Respectfully submitted,

*/s/ Matthew J.M. Prebeg*

PREBEG, FAUCETT & ABBOTT PLLC

Matthew J.M. Prebeg
Attorney-in-Charge
Texas State Bar No. 00791465
Southern District Bar No. 603742
Brent T. Caldwell
Texas State Bar No.: 24056971
Southern District Bar No. 827326
8441 Gulf Freeway, Suite 307
Houston, Texas 77017
Tel.: (832) 742-9260
Fax: (832) 742-9261
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm

- AND –

*/s/ Andrew Kochanowski*

SOMMERS SCHWARTZ, P.C

Andrew Kochanowski
akochanowski@sommerspc.com
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (248) 936-2140

-AND-

        */s/ Jeffrey W. Burnett*

        JEFFREY W. BURNETT, PLLC

        Jeffrey W. Burnett
        S.D. Tex. No. 1114797
        Texas Bar No. 24025274
        12226 Walraven
        Huffman, Texas 77336
        Telephone: (281) 324-1400
        Facsimile: (713) 583-1221
        jburnett@burnetthoustonlaw.com

        -AND-

        */s/ Eric F. Citron*

        GOLDSTEIN & RUSSELL, P.C.

        Eric F. Citron
        7475 Wisconsin Avenue, Suite 850
        Bethesda, MD 20814
        Telephone: (202) 362-0636
        Facsimile: (866) 574-2033
        ec@goldsteinrussell.com

        *Attorney for Plaintiffs & Pro Se*

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of this pleading has been served on all counsel of record on January 31, 2019, in accordance with the Federal Rules of Civil Procedure, by electronic filing, email, facsimile, or certified mail, return receipt requested.

        */s/ Brent T. Caldwell*
        Brent T. Caldwell