IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Juan Ramon Torres, Christopher Robison, as
Executor of the Estate of Eugene Robison,
Deceased, and Luke Thomas,

      Plaintiffs,

vs.

SGE Management, LLC, *et al*,

      Defendants.

Civil Action No. 4:09-cv-2056

_____

## OBJECTION TO AND MOTION TO STRIKE CLEARMAN'S
## RENEWED MOTION TO ALLOCATE ATTORNEYS' FEES AND EXPENSES

Class Counsel Matthew J.M. Prebeg and Andrew Kochanowski, and Associated Class Counsel Jeffrey W. Burnett and Eric Citron, (collectively, Moving Counsel) object to and move to strike The Clearman Law Firm's and Scott Clearman's Renewed Motion to Allocate Attorneys' Fees and Expenses [Dct. 392].

## INTRODUCTION

Moving Counsel appreciate both Mr. Clearman's apology and the tenor of his most recent fee application. They reflect the sort of professionalism Moving Counsel hoped for long ago when this fee dispute began. That said, Mr. Clearman's latest motion is not merely a motion to allocate a portion of fees previously awarded to class counsel. Instead, it is a wholly new fee petition, with new evidence and new arguments to boot. This is Mr. Clearman's third different request for fees—and it is incurably late under Federal Rule of Civil Procedure 23(h). That tardiness robs the class members of their right to review Mr. Clearman's request for fees, examine his arguments and evidence, and object if they see fit. Mr. Clearman's motion is also inconsistent with the Fifth

Circuit's limited remand, which does not envision new fee petitions aimed at redoing the entire fee-award process from scratch. If anything, Mr. Clearman's motion takes the Court far afield from the Fifth Circuit's command to award fees "by the book." Accordingly, as counsel to the class, Moving Counsel have no choice but to ask the Court to strike Mr. Clearman's filing.[1]

## ARGUMENT & AUTHORITIES

I.    **Mr. Clearman's belated motion violates Rule 23(h)'s notice requirements.**

   A.    **Under Rule 23(h), class members are entitled to review and object to counsel's fee motions.**

The Court should strike Mr. Clearman's motion because it violates the class-notice requirements of Rule 23(h). Under that rule, a fee petition must be made by motion and, when the motion is made by class counsel (like Mr. Clearman), notice must be "directed to class members in a reasonable manner." FED. R. CIV. P. 23(h)(1). After having the opportunity to review the fee petition and any accompanying evidence, class members may then object. FED. R. CIV. P. 23(h)(2). "The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed." *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original). Naturally, that is the procedure the Court used in this case when it gave preliminary approval to the settlement. The Court required counsel to file fee petitions **before** the deadline for class members to object. [Dct. 290, at ¶¶ 19, 20, & 31.] Only then did the Court set a final fairness hearing, during which the Court would consider any objections and decide whether to grant counsel's "separate application(s) for attorneys' fee and expenses …." [*Id*. at ¶ 30.] The Court held the final fairness hearing on October 4, 2018—more than 16 months ago. At that time, the Court considered the fee

---

[1] Mr. Clearman also filed a motion for leave to file a "corrected" version of his Renewed Motion. [*See* Dct. 398.] If the Court grants leave for Mr. Clearman to "correct" his motion, that corrected version should also be stricken for the reasons discussed in this objection.

petitions and evidence on file to award fees. [Dct. 317, at ¶ 14.] Although the Court did allow Mr. Clearman to try to cure the defects with his original fee petition shortly after the fairness hearing, the class members were given notice of that event, and the Court imposed a deadline for that attempt that occurred well *before* the defendants performed on the settlement, and long *before* the class members' release of their claims became final and unappealable. Moreover, Mr. Clearman's first and second fee petitions used the same rationale to arrive at the same suggested allocation. (Not so with his most recent fee petition.) In any event, unhappy with his $1.5 million fee award, Mr. Clearman appealed.

The Fifth Circuit reluctantly vacated this Court's fee allocation and remanded only "for elaboration of the trial court's reasoning under the *Johnson* framework." [Dct. 387, at p. 2.] Accordingly, Moving Counsel filed a motion asking the Court to award and allocate fees based on the fee petitions filed in August 2018. [Dct. 388.] Those fee petitions were timely filed and subject to review/objection by class members. Mr. Clearman's most recent motion, on the other hand, asks the Court to award and allocate fees based on new arguments and new evidence the class members never had an opportunity to review or object to. That makes Mr. Clearman's motion improper.

### B. Class members never had the opportunity to review or object to Mr. Clearman's latest motion and evidence.

The problem for Mr. Clearman is that the deadline for him to file a new fee petition has long passed. Mr. Clearman was originally supposed to file his fee petition in August 2018, and well before the class members were paid and released their claims, so that class members would have some incentive and opportunity to review it, consider any evidence he attached, and decide whether to object. But Mr. Clearman has impermissibly circumvented review by the class members with his most recent filing. *In re Mercury Interactive Corp.,* 618 F.3d at 993; *Redman v. RadioShack Corp.,* 768 F.3d 622, 638 (7th Cir. 2014). Unlike Moving Counsel, who continue to

rely on the fee petitions, arguments, and evidence they filed back in August 2018, Mr. Clearman's latest motion is little more than yet another do-over: it makes entirely new arguments, provides brand-new evidence, and requests fees and allocations both different and contradictory to his requests in 2018. Class members are entitled to know the details of and rationale for class counsel's fee request. *Redman*, 768 F.3d at 638. Yet, class members had no opportunity to consider or object to the arguments and evidence Mr. Clearman now advances. Though class members knew the maximum *aggregate* fee the Court could award in 2018, they (quite obviously) did not have "the details" needed—like Mr. Clearman's new evidence or his changing rationale—to justify an objection to a fee petition filed 16 months later. That violates Rule 23(h). *See Kaufman v. American Express Travel Related Servs. Co., Inc.*, 877 F.3d 276, 284 (7th Cir. 2017) ("To require a party to object based on an aggregate number alone would be fruitless, as there would be no specifics to dispute.") (citing *In re Mercury Interactive Corp.*, 618 F.3d at 994); *see also Redman*, 768 F.3d at 638; *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016), as amended (May 2, 2016) ("We have little trouble agreeing that Rule 23(h) is violated" when "counsel were not required to file a fee petition until after the deadline for class members to object expired.").

In short, Mr. Clearman must rely on the fee petition and evidence he submitted in 2018 to support any fee award. That is the only record the class members could have considered; it is the only record the Court should consider now.

## II.    Mr. Clearman's motion is inconsistent with the Fifth Circuit's mandate on remand and invites re-litigation of the entire fee dispute.

Even if Mr. Clearman's motion did not run headlong into Rule 23(h)'s notice requirement, it is still improper given the limited scope of the remand: the Fifth Circuit directed this Court to merely "elaborate" on its reasoning for its fee allocation. [Dct. 387, at p. 2.] That does not require

the Court to start this process anew. Indeed, the Fifth Circuit did not tell this Court to invite new fee petitions or new evidence—probably because it knew that process would run afoul of Rule 23(h) and would result in costly, time-consuming litigation.

That scenario has already begun. In just his first filing, Mr. Clearman submitted a new declaration, new "time records," and a 1,376-page appendix that includes some of his old filings (one of which the Court previously struck). Permitting Mr. Clearman to reopen the record in an attempt to fix the defects in his prior fee petitions will only encourage a cascade of additional filings. To be sure, Moving Counsel seriously dispute Mr. Clearman's arguments and alleged items in his latest motion, and there are plenty of additional facts Moving Counsel could include in the record to refute Mr. Clearman's latest attempt to obtain an outsized fee. This would include evidence of the considerable *damage* caused by Mr. Clearman to the class and class counsel's efforts to advance this case, which resulted in his demotion and later discharge by the class representatives. If Court does not strike Mr. Clearman's motion, Moving Counsel—either as a group or piecemeal—will respond to its merits (which suffer from the same defects that have afflicted all his motions). Moving Counsel would prefer, however, to minimize the Court's workload and have the Court award fees based on the fee petitions filed in 2018. That approach has the added benefit of being consistent with Rule 23 and the Fifth Circuit's mandate.

## CONCLUSION & PRAYER

Moving Counsel request the Court (1) strike The Clearman Law Firm's and Scott Clearman's Renewed Motion to Allocate Attorneys' Fees and Expenses [Dct. 392] and (2) award and allocate attorneys' fees and expenses based on the fee petitions filed timely in 2018. Moving Counsel request all further relief to which they are entitled.

Dated: February 18, 2020.

Respectfully submitted,

*/s/ Matthew J.M. Prebeg*
Matthew J.M. Prebeg
*Attorney-in-Charge*
S.D. Tex. No. 603742
Texas Bar No. 00791465
Brent T. Caldwell
S.D. Tex. No. 827326
Texas Bar No. 24056971
PREBEG, FAUCETT & ABBOTT PLLC
8441 Gulf Freeway, Suite 307
Houston, Texas 77017
(832) 742-9260
(832) 742-9261 [fax]
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm.com

- AND -

*/s/ Andrew Kochanowski*
Andrew Kochanowski
*Admitted pro hac vice*
SOMMERS SCHWARTZ, P.C
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
(248) 936-2140 [fax]
akochanowski@sommerspc.com

- AND -

*/s/ Jeffrey W. Burnett*
Jeffrey W. Burnett
S.D. Tex. No. 1114797
Texas Bar No. 24025274
JEFFREY W. BURNETT, PLLC
12226 Walraven
Huffman, Texas 77336
(281) 324-1400
(713) 583-1221 [fax]
jburnett@burnetthoustonlaw.com

- AND -

/s/ Eric F. Citron
Eric F. Citron
*Admitted pro hac vice*
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
(202) 362-0636
(866) 574-2033 [fax]
ec@goldsteinrussell.com

*Attorneys for Plaintiffs & Pro Se*

- AND -

/s/ Cody W. Stafford
Cody W. Stafford
Texas Bar No. 24068238
S.D. Tex. No. 1129436
DOBROWSKI, LARKIN & STAFFORD L.L.P.
4601 Washington Ave., Suite 300
Houston, Texas 77007
(713) 659-2900
(713) 659-2908 [fax]
cstafford@doblaw.com

*Attorney for Jeffrey W. Burnett*
*& Jeffrey W. Burnett, PLLC*

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing document has been served on all counsel of record on February 18, 2020, via the court's electronic-filing system.

/s/ Cody W. Stafford
Cody W. Stafford