IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUAN RAMON TORRES, ET AL.,** | Civil Action No. 4:09-cv-2056 |
| Plaintiff, | |
| vs. | **JUDGE CHARLES ESKRIDGE** |
| **SGE MANAGEMENT, LLC, ET AL.,** | |
| Defendants. | Jury Demanded |

**EXHIBIT 1 -- SCOTT CLEARMAN'S STATEMENT**

Scott Clearman and The Clearman Law Firm ("Clearman") believe a status conference to be essential.

The case is before the Court after the Fifth Circuit reversed Judge Hoyt's Order on the Allocation of Attorneys' Fees and Expenses and remanded for "for proceedings consistent with this opinion and with due consideration of the *Johnson* factors." The Fifth Circuit did not rule on any of the other issues raised on the appeal.

The current record on attorneys' fees allocation is lengthy, repetitive and convoluted. It is littered with motions, restated motions, motions incorporating other motions, motions to strike, orders striking motions, responses and replies to motions (including responses to struck motions), objections to evidence, and references to evidence that might or might not be in the record. Clearman also intends to file a motion to vacate Judge Hoyt's orders striking

EXHIBIT 1

Clearman's pleadings and evidence. One of those orders was a subject of the appeal but was not addressed by the Fifth Circuit, and the other was signed after Judge Hoyt had stated his intention, later realized, to recuse.

What Clearman seeks is a fair opportunity to be heard "at a meaningful time and in a meaningful manner," a fundamental requirement of due process. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). There are numerous ways this objective could be achieved. For his part, Clearman suggests that the Court set a date by which each he and the other side (that is, all other counsel in one pleading because their positions are uniform) must file a single motion (a) setting forth its position on the allocation of the attorneys' fees awarded plaintiffs' counsel in this case, and (b) either providing or specifically incorporating by reference the evidence on which it relies. Responses, replies, objections to evidence, and hearings would be governed by the Court's rules. This procedure would clarify the record and leave no doubt about the basis on which the Court made its decision.

But whether or not Clearman's suggested process appeals to the Court, Clearman believes there is much to be gained by a status conference in which these process issues can be discussed and the Court's questions answered. Clearman believes a status conference to be the most efficient and effective way to provide the Court with information that would help the Court decide how it wants to proceed.

Respectfully submitted,

*/s/ Michael M. Wilson*
Michael M. Wilson
State Bar No. 21704800
W<small>ILSON</small>K<small>ELLY</small> LLC
Email: mwilson@wilsonkelly.com
3702 Mount Vernon Street
Houston, Texas 77006
Tel: 713-590-9730
Fax: 833-743-1339

Attorney for The Clearman Law Firm
and Scott Clearman