# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*July 07, 2022*
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
June 15, 2022
Lyle W. Cayce
Clerk

No. 21-20518

SCOTT M. CLEARMAN, *individually and on behalf of The Clearman Law Firm, P.L.L.C.*,

*Appellant*,

*versus*

ANDREW JACK KOCHANOWSKI, *individually and on behalf of Sommers Schwartz, P.C.*; ERIC FRANKLIN CITRON, *individually and on behalf of Goldstein & Russell, P.C.*; JEFFREY WEST BURNETT, *individually and on behalf of Jeffery W. Burnett, P.C.*; MATTHEW J.M. PREBEG, *individually and on behalf of Prebeg, Faucett & Abbott, P.L.L.C.*; JUAN RAMON TORRES, *as Representative of the Estate of Eugene Robison*; CHRISTOPHER ROBISON, *as Representative of the Estate of Eugene Robison*; LUCAS ("LUKE") THOMAS, *individually and on behalf of a class of similarly situated individuals*; THOMAS C. GOLDSTEIN, *individually and on behalf of Goldstein & Russell, P.C.*,

*Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2056

Before CLEMENT, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

This appeal arises from the district court's award of approximately $10,000,000 in attorneys' fees after the settlement of this class action. We first reviewed the fee award in 2019 but, because the district court failed to apply the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989), we vacated and remanded with instructions to the district court to elaborate on its reasoning. *See Torres v. SGE Mgmt., L.L.C.* ("*Torres I*"), 945 F.3d 347, 355 (5th Cir. 2019). At issue now is whether the district court properly explained its findings and reasonings under the *Johnson* framework on remand. For the reasons that follow, we AFFIRM the judgment of the district court.

I

We set out the facts underlying this litigation and the district court's original fee award in *Torres I*. *See* 945 F.3d at 349–52. On remand, Appellant Scott Clearman successfully moved to recuse Judge Kenneth M. Hoyt from the proceedings and the matter was transferred to Judge Charles R. Eskridge, III. *See Torres v. SGE Mgmt., LLC* ("*Torres II*"), No. 4:09-cv-02056, 2021 WL 3661528, at *2 (S.D. Tex. Aug. 18, 2021). Judge Eskridge directed the parties to address their positions under the *Johnson* framework with respect to the record previously before Judge Hoyt. *Id.* After independently reviewing all materials and considering each of the *Johnson* factors, Judge Eskridge adopted the original fee award. *Id.*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20518

Clearman, who sought between 30% and 50% of the award and received roughly 15%, challenges this allocation. All other counsel ("Appellees") argue that the allocation is fair and reasonable.[1]

## II

We review a district court's award of attorneys' fees for abuse of discretion, its factual findings for clear error, and its legal conclusions *de novo*. See *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015). A district court abuses its discretion when it relies on an erroneous application of the law or on a clearly erroneous evaluation of the evidence. See *Torres I*, 945 F.3d at 352.

First, Clearman argues that the district court abused its discretion because it stated that its recitation of the facts was "drawn from the unanimous panel opinion" in *Torres I*. In a similar vein, Clearman asserts that the district court failed to independently review the record and "simply adopt[ed] Judge Hoyt's precise allocation." We reject both contentions. The district court supported its findings of fact with citations to the record in a thorough, nineteen-page opinion discussing each of the *Johnson* factors.

Second, Clearman argues that the district court abused its discretion because judicial estoppel bars Appellee Matthew J.M. Prebeg of Prebeg, Faucett & Abbott, P.L.L.C. ("PFA") from receiving fees relating to this class action. Clearman points to state-court proceedings between himself and PFA dissolving the Clearman Prebeg LLP partnership in 2015, during the pendency of the class action proceedings. See *Torres II*, 2021 WL 3661528, at *2. The parties' written agreement stated that PFA would "keep[] its [attorney] fees for any cases it has handled or is handling," and

---

[1] Clearman does not contest the propriety of the attorneys' fees awarded to Eric Franklin Citron and Thomas C. Goldstein, both individually and on behalf of Goldstein & Russell, P.C.

Clearman would "keep[] his [attorney] fees for any cases he is handling or has handled." According to Clearman, PFA testified that the parties' agreement "returned" certain cases to each party following the split—including the *Torres* class action to Clearman. Thus, Clearman concludes, Prebeg is judicially estopped from arguing that it should be awarded attorneys' fees in the instant proceedings.

Prebeg responds that, under Federal Rule of Civil Procedure 23, the determination of attorneys' fees is the exclusive province of the federal district court and outside agreements and state court settlements do not bind its award. *See* FED. R. CIV. P. 23. Clearman, in turn, counters that district courts do not have authority over the distribution of attorneys' fees between independent counsel representing the class, only over the full sum of the attorneys' fee award. We agree with Prebeg. The district court is tasked with ensuring that the attorneys' fee award is fair and reasonable, and that includes the individual fee awards. *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) ("In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are . . . divided up fairly among plaintiffs' counsel."); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 15:23 (5th ed. 2021) ("[I]t is axiomatic that the court has the ultimate authority to determine how the aggregate fee is to be allocated among counsel."). Thus, the settlement agreement that dissolved the Clearman Prebeg LLP partnership did not deprive the district court of authority over the fee allocation between the individual, independent counsel.

Third, Clearman argues that the district court erred as a matter of law when it struck his first fee petition for failure to submit contemporaneous billing records or similar objective evidence. To evaluate the first *Johnson* factor—the "time and labor required for the litigation," *Migis v. Pearle*

No. 21-20518

*Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)—"[c]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). While the failure to provide contemporaneous billing records "does not preclude an award of fees per se," the evidence submitted must be "adequate to determine reasonable hours." *Id.* (quoting *Kellstrom*, 50 F.3d at 325). For example, we have accepted "very detailed invoices" and "affidavits" that provide objective, reliable descriptions of the amount of time spent on the case. *Id.*

Clearman failed to produce contemporaneous billing statements or similarly reliable evidence of time spent on the suit in his first fee petition. At the urging of the Class Representatives, the district court struck the petition and allowed Clearman to file a new motion for attorneys' fees that included reconstructed records of his time spent, his usual rates, and his incurred expenses. The court needed a sufficient factual basis, consistent with the *Johnson* factors, on which to base its attorneys' fee award. *See In re High Sulfur*, 517 F.3d at 229-30.[2] The district court did not err when it struck Clearman's first fee petition and directed him to refile with adequate records.

Nor did the district court err when it struck Clearman's attempt to submit new evidence and new arguments in support of his fee petition on remand. The district court correctly concluded that the renewed fee petition,

---

[2] Contrary to Clearman's contentions, our decision in *Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012), does not relieve attorneys of the responsibility to keep time records. In *Dell*, we held that district courts may choose between applying the percentage and lodestar methods, but emphasized that "their analyses under either approach [must be] informed by the *Johnson* considerations," including the time and labor required for the litigation. *Id.* at 644.

No. 21-20518

submitted in February 2020, violated the Federal Rules of Civil Procedure because the deadline for class members to consider and object to a fee petition had already passed in October 2018. Under Rule 23(h), parties must file motions for attorneys' fees before the deadline to object to the settlement. *See* Fed. R. Civ. P. 23(h)(1)–(2). The district court did not err when it limited the record to the evidence that existed for the first fee allocation.

Fourth, we reject Clearman's contention that the district court abused its discretion because it "relied only on 'time sheets' to consider the '[t]ime and labor involved'" under the first *Johnson* factor. After considering Clearman's filings on remand, the district court recognized that Clearman had "no doubt devoted many hours to this case over a number of years." However, the district court found that the first *Johnson* factor did not weigh in Clearman's favor "for the simple reason that no reliable records credibly establish[ed] his time and labor invested in the case." Where the documentation is inadequate or unreliable, it is within the sound discretion of the district court to determine a reasonable fee award. *See Kellstrom*, 50 F.3d at 324. Clearman fails to specify evidence in the record establishing that the district court's evaluation was clearly erroneous.

Finally, we reject Clearman's arguments that the district court abused its discretion when it determined that the eighth *Johnson* factor—the results obtained—did not favor Clearman. Clearman fails to point to evidence opposing the district court's factual finding that Clearman "simply wasn't as substantially involved in certifying the class or thereafter," which the court found "is what most directly enabled successful settlement." Rather, Clearman conceded that his participation in the class certification briefing and hearing "was much diminished." In addition, he fails to demonstrate that his asserted negotiation for the inclusion of approximately 15% of the class to the final settlement—the Georgian class members—is incompatible with his reward of 15% of the fees. The district court did not abuse its

6

No. 21-20518

discretion when it compared "counsels' respective contributions for the common benefit," *In re High Sulfur*, 517 F.3d at 235, and found that the eighth factor weighed in favor of all counsel other than Clearman.[3]

\* \* \*

For the foregoing reasons, we AFFIRM.

---

[3] We also reject Clearman's conclusory assertion that the district court abused its discretion when it struck the fee contract of a Georgia attorney, Mr. Brinson. Mr. Brinson did not file a fee petition, was not hired by the Class Representatives, and did not appear in the case.